IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM RANDOLPH HALL, SR., as Administrator of the Estate of WILLIAM RANDOLPH HALL, JR., <br><br> Plaintiff, <br><br> vs. <br><br> PFIZER, INC., PHARMACIA CORPORATION, MONSANTO COMPANY, G.D. SEARLE, LLC, ROBERT VENDELUNE, SAMUEL KLEMENT, JAMIE PEACOCK, BEN McCLURKIN, ROD McWHORTER, TIFFANY GUCKENBURG, and fictitious Defendants A, B, C and D, <br><br> Defendants. | CIVIL ACTION NO. 2:05-CV-0941-F <br><br> Pending transfer to MDL-1699 *(IN RE BEXTRA & CELEBREX MARKETING, SALES PRACTICES & PRODS. LIAB. LITIG.)* |

## NOTICE OF REMOVAL

TO:   United States District Court for the Middle District of Alabama

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Pfizer Inc., ("Pfizer"), Pharmacia Corporation ("Pharmacia" and also improperly captioned as Monsanto Company, see Paragraph 9, *infra*), G.D. Searle LLC, (collectively, the "Removing Defendants"), with full reservation of all defenses, file this Notice of Removal of this civil action from the Circuit Court of Bullock County, State of Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, and state as follows:

1. The Removing Defendants, as well as six individually named defendants (Robert Vendelune, Samuel Klement, Jamie Peacock, Ben McClurkin, Rod McWhorter, and Tiffany Guckenburg), are the named defendants to the action in the Circuit Court of Bullock County, State of Alabama, bearing the caption *William Randolph Hall, Sr., as the Administrator of the Estate of William Randolph Hall, Jr. v. Pfizer Inc., et al.*, Civil Action # CV 05-98. On August 31, 2005, Plaintiff filed this action on behalf of William Randolph Hall, Jr., deceased, for alleged "injuries resulting in a heart attack and death" purportedly "caused by Celebrex," an FDA-approved prescription medication. (Complaint at ¶ 1) (attached hereto as Exh. 1).

## I. JURISDICTIONAL BASIS FOR REMOVAL

2. This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) the requisite diversity of citizenship exists between Plaintiff and the properly joined Defendants.

### A. The Amount-in-Controversy Requirement Is Satisfied.

3. Based on the allegations in Plaintiff's Complaint, the amount in controversy exceeds $75,000, exclusive of interests and costs. In particular, Plaintiff seeks unlimited damages with respect to his decedent's alleged "substantial injuries including, among other things, a heart attack, resulting in death" Compl. ¶ 39; *see, e.g., id.* ¶ 1 (seeking unlimited "monetary damages"). Given that Plaintiff seeks an unspecified amount of damages, to remove this case, Defendants only need to show that the amount in controversy more likely than not exceeds the jurisdictional amount requirement. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 947-48 (11th Cir. 2000); *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Office Depot v. Cohen*, 204 F.3d 1069 (11th Cir.

2

2000). Given the severity of the alleged injuries, the allegations in Plaintiff's Complaint plainly satisfy the jurisdictional minimum and Defendants have plainly met this burden.

4. In particular, as noted, Plaintiff alleges that Celebrex caused the death of William Randolph Hall, Jr., and seeks damages as allowed by Alabama's wrongful death statute, Ala. Code. §6-5-410. Defendants deny any wrongdoing. Alabama juries in product liability cases routinely render verdicts in excess of $75,000 exclusive of interests and costs. Examples of such cases are attached here in Exhibit 2. Further, appellate courts routinely uphold verdicts in excess of $75,000 in cases where a medical product was alleged to have caused injury, but not death. *See, e.g., Toole v. McClintock*, 999 F.2d 1430 (11th Cir. 1993) (citing award of $400,000 in compensatory and $5,000,000 in punitive damages in a medical product liability case); *Benford v. Richards Med. Co.*, 792 F.2d 1537 (11th Cir. 1986) (citing award of $165,000 in compensatory and $100,000 in punitive damages in a medical product liability case). Moreover, in other personal injury actions in which plaintiffs alleged lesser injuries, this Court has recognized that "[i]t is not uncommon in these circumstances for Alabama juries to award compensatory damages in excess of the jurisdictional prerequisite, even before punitive damages are considered." *Hester v. Bayer Corp.*, Civil Action 01-D-1301-N, slip op. at 8-9 (M.D. Ala. Dec. 21, 2001) (DeMent, J.) (denying motion to remand and holding that defendant had met its burden of demonstrating that the amount in controversy more likely than not exceeded $75,000 when complaint alleged "serious muscle problems" caused by a prescription medication) (Exh. 3). Therefore, the amount in controversy plainly exceeds $75,000.

**B.    Complete Diversity of Citizenship Exists Between the Properly Joined Parties.**

5. Upon information and belief, Plaintiff William Randolph Hall, Sr. is, and at the time he filed this suit was, a resident and citizen of the state of Alabama. (*See* Complaint ¶ 2).

3

6.  Defendant Pfizer was at the time of filing of this action, and still is, a corporation existing under the laws of Delaware, with its principal place of business in New York. (*See* Complaint ¶ 6). Accordingly, Pfizer Inc., is not now, nor was it at the time of filing this action, a citizen of Alabama for purposes of determining diversity. *See* 28 U.S.C. §1332 (c)(1).

7.  Defendant Pharmacia was at the time of filing of this action, and still is, a corporation existing under the laws of Delaware, with its principal place of business in New Jersey. (*See* Complaint ¶ 4). Accordingly, Pharmacia Corporation is not now, nor was it at the time of filing this action, a citizen of Alabama for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

8.  Defendant Searle was at the time of filing of this action, and still is, a limited liability company whose sole member is (and was) Pharmacia & Upjohn Company LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) Pharmacia & Upjohn LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) Pharmacia Corporation which is, and at the time of the filing of this action was, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey. Thus, for jurisdictional purposes, Searle is a citizen of Delaware and New Jersey. *See, e.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that a "limited liability company is a citizen of any state of which a member of the company is a citizen"); *see also* 28 U.S.C. § 1332(c)(1). Thus, Searle is not now, nor was it at the time of filing this action, a citizen of Alabama for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

9. In 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation. (*Cf.* Complaint ¶ 5). As stated in Paragraph 7, *supra*, Pharmacia is (and was at the time of the filing of this action) a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey. Accordingly, Defendant Monsanto Company, is not now, nor was it at the time of filing this action, a citizen of Alabama for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

10. The Complaint also names six additional defendants, Robert Vandelune, Samuel Klement, Jamie Peacock, Ben McClurkin, Rod McWhorter, and Tiffany Guckenburg (collectively, the "Resident Defendants"), and alleges that each of them is a "resident" of the State of Alabama. (*See* Complaint ¶¶ 7-12). Even assuming arguendo that the Resident Defendants are Alabama citizens, their presence does not destroy diversity jurisdiction because they are fraudulently and improperly joined and/or misjoined in an attempt to defeat diversity and prevent removal. As such, their citizenship should be disregarded in determining if complete diversity exists. *See, e.g., Tapscott*, 77 F.3d at 1360; *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).

11. The Complaint also purports to state claims against unnamed, fictitious defendants identified as defendants A through D. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

## II. **THE RESIDENT DEFENDANTS ARE FRAUDULENTLY JOINED.**

12. The doctrine of fraudulent or improper joinder prevents a plaintiff from defeating federal diversity jurisdiction by simply naming in-state defendants where there is no reasonable

5

possibility that the plaintiff can establish a cause of action against a resident defendant. *See, e.g., Triggs*, 154 F.3d at 1287; *Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997) (standard is whether there is a "reasonable basis for predicting that the state law might impose liability") (internal quotation omitted).[1] Although Plaintiff asserts only a wrongful death cause of action in his Complaint (Count I), Plaintiff's Complaint, as a practical matter, appears to assert that "Defendants" are liable for violation of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"),[2] for failure to warn, for breach of warranty, and for fraud and misrepresentation. *See generally* Complaint.[3] Fraudulent joinder may be shown by a lack of a factual or legal basis for plaintiff's claims. Here, Plaintiff's claims lack both a factual and a legal basis.

A.      **No Factual Basis Exists for Plaintiff's Claims Against the Resident Defendants.**

13.    Plaintiff has fraudulently and improperly joined the Resident Defendants because the Complaint fails to allege a sufficient factual basis for the claims against them.

14.    Resident Defendants Samuel McLurkin and Rod McWhorter have never detailed Celebrex to any physician, at any time, let alone to William Randolph Hall, Jr. or to his prescribing physician. *See* Affidavits of Mr. McClurkin and Mr. McWhorter, attached here as Exhibits 4 and 5. Based on their Affidavits, Mr. McClurkin and Mr. McWhorter did not call on or communicate information about Celebrex to anyone, much less to Plaintiff or his unnamed prescribing physician. Accordingly, there is no factual basis for any claim against them.

---

[1] Numerous jurisdictions apply a "reasonable basis" test to determine fraudulent joinder. *See, e.g., In re Rezulin Prods. Liab. Litg.*, 133 F.Supp. 2d 272, 280 n.4 (S.D.N.Y. 2001); *BP Chems. Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 685 (8th Cir. 2002); *Schwartz v. State Farm Mut. Auto Ins. Co.*, 174 F.3d 875, 879 (7th Cir. 1999) (noting that it cannot "say that there is no possibility that a state court would someday" recognize plaintiff's liability theory, but upholding removal because that currently "is not a reasonable possibility"); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

[2] It appears that any negligence and defective design claims are brought pursuant to the AEMLD. Even if they are not, however, they still fail.

6

15. The Complaint also fails to allege that any of the other Resident Defendants called on or communicated with Plaintiff or with his alleged prescribing physician, fails to allege exactly what information the Resident Defendants allegedly misrepresented to or concealed from Plaintiff or to Plaintiff's prescribing physician, and fails to allege that Plaintiff or her alleged prescribing physician relied on such information. *See generally In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 140 (S.D.N.Y. 2001) (finding fraudulent joinder where specific allegations are lacking) Absent such allegations, Plaintiff's Complaint is factually insufficient and all of the Resident Defendants are fraudulently joined.

**B.   Plaintiff Fails to State Legally Cognizable Claims Against the Resident Defendants.**

16. Not only is Plaintiff's Complaint factually insufficient, Plaintiff also fails to state any legally sufficient claims for relief against the Resident Defendants. *See, e.g., Crowe*, 113 F.3d at 1540.

   **1.   Plaintiff Fails to State Legally Cognizable Claims Against the Resident Defendants for Violation of the AEMLD and for Breach of Warranty.**

17. Plaintiff cannot establish viable claims against the Resident Defendants for violation of the AEMLD or for breach of express or implied warranty because he cannot prove that Resident Defendants manufactured or sold Celebrex. *See, e.g., Turner v. Azalea Boc Co.*, 508 So.2d 253, 254 (Ala. 1987). To establish liability under the AEMLD, "the plaintiff must prove that the defendant manufactured and/or sold the allegedly defective product." *Id.* (citing *Atkins v. American Motors Corp.*, 335 So. 2d 134 (Ala. 1976)). Pharmaceutical representatives under Alabama law are not considered to be sellers or suppliers of the prescription drugs they detail. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 287 (S.D.N.Y. 2001)

---

[3] The AEMLD includes wrongful death actions. *See Casrell v. Altec Indus. Inc.*, 335 So.2d 128 (Ala. 1976).

7

[hereinafter *Rezulin I*] (applying Alabama law) (finding resident pharmaceutical representatives fraudulently joined in claims for product liability under AEMLD, negligence, wantonness, fraudulent misrepresentation, and fraudulent suppression); *In re Baycol Prods. Litig*, MDL No. 1431 (D. Minn. Mar. 23, 2004) (applying Alabama law) (finding that Alabama would not recognize an AEMLD, negligence, or warranty claim against resident pharmaceutical representatives because they are not considered sellers, manufacturers or developers of the drug Baycol) (Exh. 6); *Bowman v. Coleman Co., Inc.*, No. 96-0448-P.-C, Slip Op. at 8 (S.D. Ala. Sept. 3, 1996) (holding that store manager was fraudulently joined under AEMLD and negligence theories because (1) "the policy goals underlying the AEMLD would not be advanced in any way by holding persons . . . liable in their role as . . . sales representatives," and (2) the salesperson was "neither a seller nor a manufacturer"); *Devise v. Kenmore*, CV 03-J-943-S at 2 (N.D. Ala. May 12, 2003) (sales representative at Sears is not a "seller" under AEMLD) (Exh. 7); *see also* Section 20, comment g, Restatement (Third) of Torts: Product Liability (1998) ("Sales personnel and commercial auctioneers are also outside the rules of this Restatement.") (Exh. 8).

  18. Nor can Plaintiff state a claim for breach of express or implied warranty against the Resident Defendants because they are not "sellers" under Alabama law. *See* Ala. Code §§ 7-2-313(1), 7-2-314(1), 7-2-315, 7-2-103(1)(d) (express and implied warranty claims refer to the creation of warranties by the "seller"); *Rezulin I*, 133 F. Supp. 2d at 286 ("seller" who makes warranties about a prescription medicine is the "pharmaceutical manufacturer," and not the professional representative. Accordingly, because pharmaceutical representatives are not considered sellers, the Resident Defendants cannot be liable under the AEMLD or a warranty theory.

3. **Plaintiff Fails to Establish Legally Cognizable Claims for Failure to Warn.**

19. Plaintiff's Complaint suggests that the Resident Defendants have an independent duty to warn Plaintiff and her prescribing physician. (*See* Complaint ¶¶ 31, 35, 39). However, the Resident Defendants do not have a duty to warn Plaintiff directly. First, in products liability actions premised on a negligence (or wantonness) theory, "[t]he defendant must be either the manufacturer or seller of the injury-producing article." *Norton Co. v. Harrelson*, 176 So.2d 18, 20 (Ala. 1965). The Resident Defendants are neither. Second, under Alabama law, a prescription drug manufacturer satisfies its duty to warn under the AELMD or negligent failure to warn claims by distributing an adequate warning to the prescribing physician. *See, e.g., Stone v. Smith, Kline & French Labs.*, 447 So.2d 1301, 1305 (Ala. 1984) (holding that an adequate warning to the prescribing physician, but not to the ultimate consumer, is sufficient as a matter of law to avoid liability under the AELMD in the case of a prescription drug); *Gurley v. American Honda Motor Co.*, 505 So.2d 358, 361 (Ala. 1987) (holding that a manufacturer fulfills its negligent failure to warn cause of action, as a matter of law, by distributing the product with reasonable warnings); *Purvis v. PPG Indus., Inc.*, 502 So.2d 714 (Ala 1987). There is "no authority for the proposition that the sales representatives, as opposed to the manufacturer, had any duty to warn" and, as noted, "any duty to warn that it or its sales representatives had was owed not to Plaintiffs, but to Plaintiffs' physicians" under the learned intermediary doctrine." *Johnson v. Parke-Davis*, 114 F. Supp. 2d 522, 525 (S.D. Miss. 2000) ("Plaintiffs have no cause of action against the named sales representatives for failure to warn.") *citing Wyeth Laboratories, Inc. v. Fortenberry*, 530 So.2d 688, 691 (Miss. 1988) (denying motion to remand an action naming the manufacturer and non-diverse sales representatives as defendants); *Rezulin I*, 133 F.Supp.2d at 282 (*quoting Wyeth Labs.*, 530 So.2d at 691). Further, Plaintiff's Complaint

9

fails to state sufficient facts to support a failure to warn claim against the Resident Defendants for failing to warn Plaintiff's prescribing physician. Plaintiff simply fails to allege any facts that the Resident Defendants had any unique or specialized knowledge or information independent of the information contained in the FDA approved physician package insert which they had an obligation to disclose to Plaintiff's prescribing physician. Plaintiff therefore cannot state a viable cause of action against the Resident Defendants for failure to warn either Plaintiff or Plaintiff's alleged physicians.

### 4. **Plaintiff's Fraud-Based Claims Fail.**

20. Plaintiff also cannot sustain his claims against the Resident Defendants for fraudulent and negligent misrepresentation because the Complaint fails to comply with the "particularity" requirement of Rule 9(b). *Compare* Fed. R. Civ. P. 9(b) (requiring that allegations of fraud be stated with particularity), *with* Ala. R. Civ. P. 9(b), Comment (stating that the Alabama Rule is identical to the federal rule). Particularity "requires plaintiff in pleading fraud to distinguish among defendants and specify their respective role in the alleged fraud." *McAllister Towing & Transportation Co. v. Thorn's Diesel Serv. Inc.*, 131 F.Supp.2d 1296, 1302 (M.D. Ala. 2001). The pleading requirements are not satisfied if plaintiff fails to "distinguish among Defendants and specify their respective role in the alleged fraud." *Id.* Thus, a plaintiff must allege matters such as time, place, content and speaker of the allegedly fraudulent misrepresentations. *Id.*; *Estate of Scott v. Scott*, 907 F. Supp. 1495, 1498 (M.D. Ala. 1995) ("time, place and purported contents of the false representations" must be pled); *see* Ala. R. Civ. P. 9(b) (Committee Comments on 1973 Adoption, subdivision (b) (plaintiff must show the "time, place and the contents or substance of the false representation, the fact misrepresented, and the identification of what has been obtained"). Mere "general allegations do not meet the Rule 9(b)

requirements." *Rezulin I*, 133 F. Supp. 2d at 284 (S.D.N.Y. 2001). Indeed, plaintiff does not even name the physician to whom the allegedly fraudulent misrepresentations were made or from whom material facts were allegedly suppressed.

21. Here, Plaintiff's allegations fail to allege the essential elements of fraud and misrepresentation. Plaintiff alleges that "Defendants fraudulently … misrepresented to … Plaintiff's decedent, the safety and effectiveness of [Celebrex]...." (*E.g.* Complaint at ¶58). The Complaint fails to specify time, place, content or speaker of <u>any</u> particular representations by <u>any</u> of the Resident Defendants. Because plaintiff fails to plead these fraud-based claims with the requisite particularity, plaintiff cannot state a claim. *See United States ex rel. Clausen v. Laboratory Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) ("this Court has endorsed the dismissal of pleadings for failing to meet Rule 9(b)'s standards"), *cert. denied*, 537 U.S. 1105 (2003); *Mixon v. Cason*, 622 So. 2d 918, 920 (Ala. 1993) ("The plaintiff did not plead with the specificity required by Rule 9(b)" and "the trial court properly dismissed"). Therefore, no factual or legal basis exists on which Plaintiff can prove his claims against the Resident Defendants. They have been fraudulently joined and should be disregarded for purposes of this Notice of Removal.

### III.   PROCEDURAL REQUIREMENTS FOR REMOVAL

22. On September 2, 2005, Pfizer and its related entities were served with a copy of the Summons and Complaint. This Notice of Removal is being filed within 30 days of the service of the Complaint on Defendant and is timely under 28 U.S.C. § 1446(b). *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty day time period under removal statute begins to run from the date of formal service). All properly joined defendants have consented to this Notice of Removal. 28 U.S.C. § 1441(a); *see*

*Clay v. Brown & Williamson Tobacco Corp.*, 77 F. Supp. 2d 1220, 1222 n.3 (M.D. Ala. 1999) (fraudulently or improperly joined defendants need not consent to removal). Although their consent is not necessary because they have been improperly joined, the Resident Defendants, who are represented by the undersigned, nonetheless consent in this removal.

23. The United States District Court for the Middle District of Alabama, Northern Division, embraces the county in which the state court action is now pending and thus this Court is a proper venue for this action pursuant to 28 U.S.C. § 81(b)(1) and 1441(a).

24. Copies of all process, pleadings and orders are collectively attached to this Notice of Removal as Exhibit 9 pursuant to 28 U.S.C. § 1446(a).

25. Defendants are filing written notice of this removal with the Clerk of the State Court in which the action is currently pending pursuant to 28 U.S.C. § 1446(d). Copies of the Notice of Filing Notice of Removal together with a copy of this Notice of Removal are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

26. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of their position that this case is removable, and to conduct jurisdictional discovery, if needed.

WHEREFORE, Defendants respectfully remove this action from the Circuit Court of Bullock County, Alabama, bearing case # CV 05-98, to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

Lawrence B. Clark    (CLA-012)
Gilbert C. Steindorff, IV (STE-173)
Michael L. Wade, Jr. (WAD-020)
*Attorneys for the Corporate Defendants*

OF COUNSEL:

12

ADAMS AND REESE/LANGE SIMPSON
2100 3rd Avenue North, Suite 1100
Birmingham, Alabama 35203
205 250-5050

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that the above and foregoing pleading has been served on all counsel of record by depositing a copy of same in the United States mail, properly addressed and postage prepaid on this the 3rd day of October, 2005.

James V. Doyle, Jr.
K. Stephen Jackson, P.C.
Black Diamond Building
2229 First Avenue North
Birmingham, Alabama 35203

_____
Of Counsel

13