IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM RANDOLPH HALL, SR.,                )
As the Administrator of the Estate of      )
WILLIAM RANDOLPH HALL, JR.                 )
                                           )
    Plaintiff,                             )
                                           )
vs.                                        )    CIVIL ACTION NO. 2:05-CV-0941-F
                                           )
PFIZER INC;                                )
PHARMACIA CORPORATION;                     )
MONSANTO COMPANY;                          )
G.D. SEARLE, LLC;                          )
ROBERT VANDELUNE; SAMUEL                   )
KLEMENT; JAMIE PEACOCK;                    )
BEN MCCLURKIN, ROD                         )
MCWHORTER; AND TIFFANY                     )
GUCKENBERY                                 )
                                           )
    Answering Defendants.                  )

### ANSWER AND DEFENSES OF ANSWERING DEFENDANTS PHARMACIA CORPORATION, G.D. SEARLE LLC AND PFIZER INC. TO PLAINTIFF'S COMPLAINT

Defendants G.D. Searle LLC ("Searle"), Pharmacia Corporation ("Pharmacia" and also improperly captioned in Plaintiff's complaint as Monsanto Company), Pfizer Inc. ("Pfizer"), Robert Vandelune, Samuel Klement, Jamie Peacock, Ben McClurkin, Rod McWhorter and Tiffany Guckenberg (incorrectly styled in plaintiff's Complaint as Tiffany Guckenbery) (the "Answering Defendants") hereby answer Plaintiffs' Complaint in this action and state as follows:

### PRELIMINARY STATEMENT

The Complaint does not state when Plaintiff was prescribed or used Celebrex® and, as such, this Answer can only be drafted generally and without reference to a specific period in time. Answering Defendants reserve the right to amend this Answer

when discovery reveals the time period in which the Plaintiff was prescribed and used Celebrex®.

This preliminary statement is incorporated by reference in its entirety in response to each and every paragraph of plaintiff's complaint.

## ANSWERING:
## STATEMENT OF THE PARTIES

1.    Answering Paragraph 1, Answering Defendants deny that Plaintiff's injuries resulted from his alleged use of Celebrex® (Celecoxib). As for the remainder of the allegations contained therein, Answering Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore deny the same.

2.    Answering Paragraph 2, Answering Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore deny the same.

3.    Answering Paragraph 3, Answering Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois and that it is registered to do business in Alabama. The Answering Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with its approval by the FDA. Answering Defendants state the allegation in paragraph 3 of plaintiff's Complaint regarding place of service are legal conclusions to

which no response is required. Except as admitted herein, Answering Defendants deny the allegations of Paragraph 3.

4.    Answering Paragraph 4, Answering Defendants admit that Pharmacia Corporation ("Pharmacia") is a corporation existing under the laws of the State of Delaware with its principal place of business in the State of New Jersey, and is registered to do business in Alabama. Answering Defendants admit that, during certain period(s) of time, Pharmacia marketed the prescription drug Celebrex® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law. Answering Defendants state the allegation in paragraph 4 of plaintiff's Complaint regarding place of service are legal conclusions to which no response is required. Except as admitted herein, Answering Defendants deny the allegations of Paragraph 4.

5.    Answering Paragraph 5, Answering Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold, or distributed Celebrex®. The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia. As the 2000 Monsanto does not and has not ever

designed, produced, manufactured, sold, resold, or distributed Celebrex®, the Answering Defendants are, therefore, stating that the 2000 Monsanto is not a proper party in this matter.    Answering Defendants state the allegation in paragraph 5 of plaintiff's Complaint regarding place of service are legal conclusions to which no response is required.

6.    Answering Paragraph 6, Answering Defendants admit that Pfizer Inc. ("Pfizer") is a Delaware corporation with its principal place of business in New York., and is registered to do business in Alabama. Answering Defendants admit that, during certain period(s) of time, Pfizer co-promoted and marketed the prescription drug Celebrex® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law. Answering Defendants state the allegation in paragraph 6 of Plaintiff's Complaint regarding place of service are legal conclusions to which no response is required. Except as admitted herein, Answering Defendants deny the allegations of Paragraph 6.

7.    Answering Paragraph 7, Answering Defendants admit that Robert Vandelune is a sales representative for Pfizer. Answering Defendants state the allegation in paragraph 7 of plaintiff's Complaint regarding place of service are legal conclusions to which no response is required. Except as admitted herein, Answering Defendants deny the allegations of Paragraph 7.

8.    Answering Paragraph 8, Answering Defendants admit that Samuel Klement is a sales representative for Pfizer. Answering Defendants state the allegation in paragraph 8 of plaintiff's Complaint regarding place of service are legal conclusions to

which no response is required.  Except as admitted herein, Answering Defendants deny the allegations of Paragraph 8.

9.    Answering Paragraph 9, Answering Defendants deny that Jamie Peacock is currently a sales representative for Pfizer.  Answering Defendants state the allegation in paragraph 9 of plaintiff's Complaint regarding place of service are legal conclusions to which no response is required.  Except as admitted herein, Answering Defendants deny the allegations of Paragraph 9.

10.    Answering Paragraph 10, Answering Defendants admit that Ben McClurkin is a sales representative for Pfizer.  Answering Defendants state the allegation in paragraph 10 of plaintiff's Complaint regarding place of service are legal conclusions to which no response is required.  Except as admitted herein, Answering Defendants deny the allegations of Paragraph 10.

11.    Answering Paragraph 11, Answering Defendants admit that Rod McWhorter is a sales representative for Pfizer.  Answering Defendants state the allegation in paragraph 11 of plaintiff's Complaint regarding place of service are legal conclusions to which no response is required.  Except as admitted herein, Answering Defendants deny the allegations of Paragraph 11.

12.    Answering Paragraph 12, Answering Defendants admit that Tiffany Guckenberg is a sales representative for Pfizer.  Answering Defendants state the allegation in paragraph 12 of plaintiff's Complaint regarding place of service are legal

conclusions to which no response is required.  Except as admitted herein, Answering Defendants deny the allegations of Paragraph 12.

13.    Answering Paragraph 13, no response is required as the allegations contained therein are directed at other defendants. To the extent a response is deemed required, Answering Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny the same.

14.    Paragraph 14 contains legal conclusions to which no answer is required. To the extent a response is required, Answering Defendants deny the allegations of Paragraph 14.

15.    Answering Paragraph 15, Answering Defendants lack sufficient knowledge and information as to facts concerning the citizenship of Plaintiff and the amount in controversy to form a belief as to the truth of the jurisdictional allegations contained therein, and therefore deny same. By way of further answer, Answering Defendants state that Paragraph 15 of the Complaint contains legal conclusions to which no answer is required.  Except as stated herein, Answering Defendants further deny the remaining allegations of Paragraph 15.

16.    Answering Paragraph 16, Answering Defendants deny the allegations contained therein.

17.    Answering Paragraph 17, Answering Defendants deny the allegations contained therein.

18.    Answering Paragraph 18, Answering Defendants deny the allegations contained therein.

19.    Answering Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 19, and therefore deny the same.

20.    Answering Paragraph 20, Answering Defendants deny the allegations contained therein.

### ANSWERING:
### STATEMENT OF THE FACTS

21.    Answering Paragraph 21, Answering Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States.    The Answering Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that, during certain periods of time,  Pfizer has co-promoted and marketed Celebrex® in the United States  The Answering Defendants deny the remaining allegations of Paragraph 21.

22.    Answering Paragraph 22, Answering Defendants admit that, on December 31, 1998, the FDA approved Celebrex® for the treatment of the signs and symptoms of osteoarthritis and rheumatoid arthritis to be available by prescription only by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Answering Defendants further admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States.  The Answering Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that, during

510660-1                                  7

certain periods of time, Pfizer has co-promoted and marketed Celebrex® in the United States. The Answering Defendants deny the remaining allegations of Paragraph 22.

23.    Answering Paragraph 23, Answering Defendants deny the allegations contained therein.

24.    Answering Defendants are without sufficient information to admit or deny the allegations contained in paragraph 24, and therefore deny the same.

25.    Paragraph 25 contains legal conclusions to which no answer is required. To the extent an answer is required, Answering Defendants are without sufficient information to admit or deny the allegations regarding Plaintiff's use of Celebrex®, and therefore deny the same. Answering Defendants deny the remaining allegations of Paragraph 25.

26.    Answering Paragraph 26, Answering Defendants deny the allegations contained therein.

27.    Answering Paragraph 27, Answering Defendants deny the allegations contained therein.

28.    Paragraph 28 contains legal conclusions to which no answer is required. To the extent an answer is required, Answering Defendants deny the allegations of Paragraph 28.

29.    Answering Paragraph 29, Answering Defendants deny the allegations contained therein.

30.    Paragraph 30 contains legal conclusions to which no answer is required. To the extent an answer is required, Answering Defendants admit that they had duties as

are imposed by law. Answering Defendants deny the remaining allegations of Paragraph 30.

31.    Answering Paragraph 31, Answering Defendants deny the allegations contained therein, inclusive of all subparts.

32.    Answering Paragraph 32, Answering Defendants deny the allegations contained therein.

33.    Answering Paragraph 33, Answering Defendants deny the allegations contained therein.

34.    Answering Paragraph 34, Answering Defendants deny the allegations contained therein.

35.    Answering Paragraph 35, Answering Defendants deny the allegations contained therein, inclusive of all subparts.

36.    Answering Paragraph 36, Answering Defendants deny the allegations contained therein.

37.    Answering Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 37, and therefore deny the same.

38.    Answering Paragraph 38, Answering Defendants deny the allegations contained therein.

39.    Answering Paragraph 39, Answering Defendants deny the allegations contained therein.

40.    Answering Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 40, and therefore deny the same.

510660-1                                        9

41.    Answering Defendants are without sufficient information to admit or deny the allegations contained in this paragraph, and therefore deny the same.

42.    Paragraph 42 contains legal conclusions to which no answer is required. To the extent an answer is required, Answering Defendants deny the allegations of Paragraph 42.

43.    Answering Paragraph 43, Answering Defendants deny the allegations contained therein.

44.    Paragraph 44 contains legal conclusions to which no answer is required. To the extent an answer is required, Answering Defendants admit that they had duties as are imposed by law. Answering Defendants deny the remaining allegations of Paragraph 44.

45.    Answering Paragraph 45, Answering Defendants deny the allegations contained therein.

46.    Answering Paragraph 46, Answering Defendants deny the allegations contained therein.

47.    Answering Paragraph 47, Answering Defendants deny the allegations contained therein.

48.    Answering Paragraph 48, Answering Defendants deny the allegations contained therein.

49.    Answering Paragraph 49, Answering Defendants deny the allegations contained therein.

50.    Answering Paragraph 50, Answering Defendants deny the allegations contained therein.

510660-1

51.    Paragraph 51 contains legal conclusions to which no answer is required. To the extent an answer is required, Answering Defendants deny the allegations of Paragraph 51.

52.    Paragraph 52 contains legal conclusions to which no answer is required. To the extent an answer is required, Answering Defendants deny the allegations of Paragraph 52.

53.    Answering Paragraph 53, Answering Defendants deny the allegations contained therein.

54.    Answering Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 54 regarding Plaintiff's use of Celebrex®, and therefore deny the same. Answering Defendants deny the remaining allegations contained therein.

55.    Answering Paragraph 55, Answering Defendants deny the allegations contained therein.

56.    Answering Paragraph 56, Answering Defendants deny the allegations contained therein, inclusive of all subparts.

57.    Answering Paragraph 57, Answering Defendants deny the allegations contained therein.

58.    Answering Paragraph 58, Answering Defendants deny the allegations contained therein.

59.    Answering Paragraph 59, Answering Defendants deny the allegations contained therein.

60.    Answering Paragraph 60, Answering Defendants deny the allegations contained therein.

510660-1

61. Answering Paragraph 61, Answering Defendants deny the allegations contained therein.

62. Answering Paragraph 62, Answering Defendants deny the allegations contained therein.

63. Answering Paragraph 63, Answering Defendants deny the allegations contained therein, inclusive of all subparts.

64. Answering Paragraph 64, Answering Defendants deny the allegations contained therein.

65. Answering Paragraph 65, Answering Defendants deny the allegations contained therein.

66. Answering Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 66 regarding Plaintiff's use of Celebrex®, and therefore deny the same. Answering Defendants deny the remaining allegations contained therein.

67. Answering Paragraph 67, Answering Defendants deny the allegations contained therein.

68. Answering Paragraph 68, Answering Defendants deny the allegations contained therein.

69. Answering Paragraph 69, Answering Defendants deny the allegations contained therein.

70. Answering Paragraph 70, Answering Defendants deny the allegations contained therein.

71. Answering Paragraph 71, Answering Defendants deny the allegations contained therein.

72.    Answering Paragraph 72, Answering Defendants deny the allegations contained therein.

73.    Answering Paragraph 73, Answering Defendants deny the allegations contained therein, inclusive of all subparts.

74.    Answering Paragraph 74, Answering Defendants deny the allegations contained therein.

75.    Paragraph 75 contains legal conclusions to which no answer is required. To the extent an answer is required, Answering Defendants admit that they had duties as are imposed by law. Answering Defendants deny the remaining allegations of Paragraph 75.

76.    Answering Paragraph 76, Answering Defendants deny the allegations contained therein.

77.    Answering Paragraph 77, Answering Defendants deny the allegations contained therein.

## ANSWERING:
## COUNT 1 – WRONGFUL DEATH

78.    Answering Defendants incorporate by reference each of their responses to the allegations contained herein as if fully set forth herein.

79.    Paragraph 79 contains legal conclusions to which no answer is required. To the extent an answer is required, Answering Defendants deny the allegations of Paragraph 79.

80.    Answering Paragraph 80, Answering Defendants deny the allegations contained therein.

## ANSWERING:
## DEMAND FOR RELIEF

Answering Defendants deny that the Plaintiffs are entitled to any of the relief demanded in the unnumbered WHEREFORE clause and all its subparts.

### DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Answering Defendants in this matter. Answering Defendants therefore assert the following defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Answering Defendants will withdraw any of these defenses as may be appropriate.

1.      Plaintiffs' Complaint fails to state a claim against Answering Defendants upon which relief can be granted.

2.      Plaintiffs' claims are barred by the applicable statute of limitations and/or repose or by the equitable doctrines of laches, waiver and estoppel.

3.      Plaintiffs' injuries and damages, if any, were solely caused by the acts or omissions, abuse or misuse, negligence or fault or otherwise, of third persons or parties over whom Answering Defendants had no control or right to control and whose actions are not, therefore, imputable to Answering Defendants.

4.      Answering Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs herein. Additionally, as a manufacturer and not a seller, Answering Defendants are not subject to liability for implied warranties without privity, i.e., proof of direct and specific transactions between

Plaintiffs and Answering Defendants. If any such warranties were made, whether express or implied, which Answering Defendants specifically deny, then Plaintiffs failed to give timely notice of any breach thereof as required under Ala. Code § 7-2-607.

5.    Plaintiffs' injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiffs or those acting at the direction or control of Plaintiffs, whose contributory negligence or fault is sufficient to bar any recovery by Plaintiffs.

6.    Plaintiffs' injuries, if any, were due to an unforeseeable idiosyncratic reaction of Plaintiffs, or by an unforeseeable disease or illness, unavoidable accident, or pre-existing and/or unrelated conditions, or natural courses of conditions of Plaintiffs, and were independent of any conduct by Answering Defendants.

7.    Plaintiffs failed to exercise reasonable care and diligence to mitigate injuries and damages, if any.

8.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

9.    Celebrex® is safe when used as directed, was suitable for the purpose for which it was intended, was distributed with adequate and sufficient warnings and Answering Defendants reasonably assumed that their warnings would be read and heeded; therefore, Celebrex® is neither defective nor unreasonably dangerous pursuant to Restatement (Second) of Torts § 402A, Comment j.

10.    As a prescription pharmaceutical, Celebrex® falls within the ambit of the Food, Drug and Cosmetic Act and regulations promulgated by the Food and Drug

Administration.    Accordingly, Plaintiffs' claims have been preempted under the Supremacy Clause of the U.S. Constitution.

11.    Celebrex® and Answering Defendants' actions conformed to the state-of-the-art of medical and scientific knowledge at all times relevant to this lawsuit and Celebrex® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

12.    Plaintiffs' claims are barred by assumption of the risk.

13.    Plaintiffs' claims are barred in whole or in part because Celebrex® "provides net benefits for a class of patients" within the meaning of  the Restatement (Third) of Torts: Product Liability § 6, comment f.

14.    Plaintiffs' claims asserted in the Complaint are barred in whole or in part by the "learned intermediary" doctrine.

15.    The imposition of punitive damages pursuant to current Alabama law violates the Due Process and Equal Protection provisions of U.S. Const. Amend. XIV; to wit, these Answering Defendants have not been given fair notice of the standard of conduct which could subject them to a claim for punitive damages, and have not been given fair notice of the amount of punitive damages that may accompany a finding of liability.  Alabama's current laws regarding punitive damages do not serve a rational or legitimate state interest.

16.    Plaintiffs' claims for punitive damages violate these Answering Defendants' rights under the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment of the Constitution of

the United States of America and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama.

17.    Plaintiffs' claims for punitive damages are limited or barred by the standards governing exemplary damages awards which arise under the United States Constitution and decisions of the United States Supreme Court including, but not limited to: *BMW of North America v. Gore,* 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001); and *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003). Further, Plaintiffs' claims for punitive damages are limited or barred by the standards governing exemplary damages, which arise under the Constitution of Alabama, Alabama state statutes, and the decisions of Alabama state courts.

18.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

19.    Plaintiffs' claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

20.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by operation of nature or other

510660-1                                    17

supervening or intervening conduct of persons other than Answering Defendants, and for whose conduct Answering Defendants are not responsible, or with whom Answering Defendants have no legal relation or legal duty to control.

21.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the unforeseeable alterations, improper handling, or other unforeseeable misuse of Celebrex® by persons other than Answering Defendants or persons acting on their behalf.

22.    Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiffs.

23.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Answering Defendants' rights under the United States Constitution.

24.    Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Answering Defendants' conduct.

25.    Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of Celebrex® complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

26. Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Celebrex® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

27. Plaintiffs' claims must be dismissed because Plaintiffs would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contends should have been provided.

28. Plaintiffs' claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

29. Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

30. Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

31. The liability of Answering Defendants, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined. Answering Defendants seek an adjudication of the percentage of fault of the claimant and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

32.    Answering Defendants are entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiffs with any other defendant or other person or entity.

33.    Plaintiffs' claims are preempted by federal law and regulations, including but not limited to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §301 *et. seq.,* the regulations promulgated thereunder, and the United States Constitution, Article IV, clause 2.

34.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

35.    Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

36.    Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.,* and regulations promulgated thereunder, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling

accompanying Celebrex®.    Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

37.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Answering Defendants and over whom Answering Defendants had no control and for whom Answering Defendants may not be held accountable.

38.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## JURY DEMAND

Answering Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Answering Defendants respectfully request that this action be dismissed with prejudice and that they be awarded their costs and any other forms of relief to which they may be entitled.

Lawrence B. Clark
Gilbert C. Steindorff, IV
Michael L. Wade, Jr.
Attorneys for G.D. Searle LLC,
Pfizer Inc., Pharmacia Corporation,
Robert Vandelune, Samuel Klement, Jamie Peacock, Ben McClurkin, Rod McWhorter and Tiffany Guckenberg

OF COUNSEL:

ADAMS AND REESE / LANGE SIMPSON LLP
2100 3rd Avenue North, Suite 1100
Birmingham, Alabama 35203
205.250.5000

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of _October_, 2005, I have caused the
foregoing to be filed with the CM/ECF system, which will provide electronic notification
to the following counsel of record:

Lynn W. Jinks, III.
Jinks, Daniel & Crow, P.C.
Post Office Box 350
Union Springs, Alabama 36089

Jere Beasley
Navan Ward, Jr.
Andy D. Birchfield, Jr.
Paul Sizemore
Gerald B. Taylor, Jr.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

Grady Reeves
Cervera, Ralph & Butts
Post Office Box 325
Troy, Alabama 36081

OF COUNSEL