IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION



EARL LEE FAULK, as Administrator of  )
the Estate of MARCUS EARL FAULK,     )
deceased,                            )
                                     )
    PLAINTIFF,      )      (WO)
                                     )
v.                                   )  CASE NO. 2:05-cv-85-F
                                     )
SMITHKLINE BEECHAM CORP., *et al.*,  )
                                     )
    DEFENDANTS.     )

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Remand (Doc. # 15) filed by Plaintiff

on February 28, 2005. This lawsuit was originally filed in the Circuit Court of Barbour

County, Alabama. Arguing that Plaintiff had fraudulently joined Defendants Rick Letner,

(hereinafter "Letner"), Cynthia S. Robinson (hereinafter "Robinson"), and Leo M. Bullock

IV (hereinafter "Bullock"), Defendants removed the action from state to federal court.

Plaintiff seeks remand of this action contending that Letner, Robinson and Bullock were not

fraudulently joined. For the reasons set forth in this Memorandum Opinion and Order, the

Court finds that the Motion to Remand is due to be GRANTED because Letner, Robinson

and Bullock were not fraudulently joined.

Federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life*

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095

(11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th

Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See *Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases when federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). The removing defendant has the burden of establishing that this court has subject matter jurisdiction over an action. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).

Defendants argue that removal was proper because the Court has jurisdiction over this case due to diversity of citizenship. The diversity statute confers jurisdiction on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. *See* 28 U.S.C. § 1332(a)(1). According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith Inc*, 292 F.3d 1334, 1337 (11th Cir. 2002).

From the Complaint it appears that there is not complete diversity of citizenship in this case because Letner, Robinson, Bullock, and Plaintiff are all residents of Alabama. Defendants argue that, due to the fraudulent joinder, the Court should disregard the

2

citizenship of Letner, Robinson, and Bullock for purposes of diversity jurisdiction and conclude that complete diversity between the parties exists. *See, e.g., Owens v. Life Ins. Co. of Ga.*, 289 F. Supp. 2d 1319, 1325 (M.D. Ala. 2003); *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1247 (M.D. Ala. 2001) (("When a defendant has been fraudulently joined, the court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity of citizenship."). Thus, in order to determine whether complete diversity exists in this case, the Court must address the issue of fraudulent joinder.

As the United States Supreme Court has long recognized, a defendant's "right to removal cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The Eleventh Circuit has articulated that joinder may be deemed fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant[1] . . . The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts . . . [A third situation arises] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claims against the diverse defendant has no real connection to the claim against the nondiverse defendant.

---

[1] "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he [or she] need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota,* 154 F.3d 1284, 1287 911th Cir. 1998) (emphasis in original).

*Triggs*, 154 F.3d at 1287. A removing defendant bears the burden of proving fraudulent

joinder. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).

This burden on the defendant is a heavy one. It requires the court to evaluate the parties'

factual allegations in the light most favorable to the plaintiff and resolve all uncertainties

about state substantive law in favor of the plaintiff. *See id*. If there is a possibility that a

state court would find that the complaint states a cause of action against any one of the

resident defendants, the federal court must find that the joinder is proper and remand the case

to the state court. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).[2] In

other words, a motion to remand should be denied only if the court is convinced that there

is "no possibility that the plaintiff can establish *any* cause of action against the resident

defendant." *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553,1561 (11th Cir. 1989).

The Court has carefully reviewed the claims against the resident defendants and the

arguments of the parties, and it must conclude that in this case there is a possibility that the

Plaintiff can establish at least one of his causes of action against at least one of the resident

defendants. Accordingly, this Court must find that the joinder is proper and remand the case

---

[2] It is important to note that the Court should determine its jurisdiction over the case "based upon the plaintiff's pleadings at the time of removal," *Coker*, 709 F.2d 1433, 1440 (11th Cir. 1983), supplemented by any affidavits or deposition transcripts filed by the parties. "While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' the jurisdictional inquiry 'must not subsume substantive determination'... When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted).

to the Circuit Court of Barbour County, Alabama.

It is hereby ORDERED as follows:

(1)    Plaintiff's Motion to Remand (Doc. # 15) is GRANTED.

(2)    This case is REMANDED to the Circuit Court of Barbour County, Alabama.

(3)    The Clerk is DIRECTED to take appropriate steps to effect the remand.

(4)    Any pending motions are left for resolution by the Circuit Court of Barbour
       County, Alabama.

DONE this the 7th day of September, 2005.


                                    _____/s/ Mark E. Fuller_____
                                    CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on November 1. 2003. the new fee to file an appeal is $255 00

## CIVIL APPEALS JURISDICTION CHECKLIST

1.    **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by
statute:

(a)    **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and
judgments of district courts, or final orders of bankruptcy courts which have been
appealed to and finally resolved by a district court under 28 U.S.§ 158, generally are
appealable. A final decision is one that "ends the litigation on the merits and leaves
nothing for the court to do but execute the judgment." <u>Pitney Bowes, Inc. v. Mestre,</u>
701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and
recommendation is not final and appealable until judgment thereon is entered by a
district court judge. 28 U.S.C. § 636(c).

(b)    **In cases involving multiple parties or multiple claims,** a judgment as to fewer than
all parties or all claims is not a final, appealable decision unless the district court has
certified the judgment for immediate review under Fed.R.Civ.P. 54(b). <u>Williams v.
Bishop,</u> 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all
issues except matters, such as attorneys' fees and costs, that are collateral to the
merits, is immediately appealable. <u>Budinich v. Becton Dickinson & Co.,</u> 486 U.S.
196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); <u>LaChance v. Duffy's
Draft House, Inc.,</u> 146 F.3d 832, 837 (11th Cir. 1998).

(c)    **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders
"granting, continuing, modifying, refusing or dissolving injunctions or refusing to
dissolve or modify injunctions . . " and from "[i]nterlocutory decrees . . .
determining the rights and liabilities of parties to admiralty cases in which appeals
from final decrees are allowed." Interlocutory appeals from orders denying
temporary restraining orders are not permitted.

(d)    **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5:** The certification
specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission
to appeal is filed in the Court of Appeals. The district court's denial of a motion for
certification is not itself appealable.

(e)    **Appeals pursuant to judicially created exceptions to the finality rule:** Limited
exceptions are discussed in cases including, but not limited to: <u>Cohen v. Beneficial
Indus. Loan Corp.,</u> 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949);
<u>Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc.,</u> 890 F.2d
371, 376 (11th Cir. 1989); <u>Gillespie v. United States Steel Corp.,</u> 379 U.S. 148, 157,
85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2.    **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional.
<u>Rinaldo v. Corbett,</u> 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a)
and (c) set the following time limits:

(a)   **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

(b)   **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

(c)   **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

(d)   **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

(e)   **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.   **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4.   **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

Rev.: 4/04

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

**EXHIBIT**
**B**

| | | |
|---|---|---|
| ROSIE WARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:05cv659-T |
| | ) | (WO) |
| PFIZER, INC., a Delaware | ) | |
| corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This lawsuit, which was removed from state to federal

court based on diversity-of-citizenship jurisdiction, 28

U.S.C.A. §§ 1332, 1441, is now before the court on

plaintiff's motion to remand.    The court agrees with

plaintiff that this case should be remanded to state court.

The court agrees with plaintiff that there has been neither

fraudulent joinder, Coker v. Amoco Oil Co., 709 F.2d 1433,

1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883

F.2d 1553, 1561 (11th Cir. 1989), nor fraudulent misjoinder,

<u>Tapscott v. MS Dealer Service Corp</u>., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand (Doc. no. 5) is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Barbour County, Alabama.

The clerk of the court is DIRECTED to take appropriate steps  to effect the remand.

DONE, this the 26th day of August, 2005.


                    ___/s/ Myron H. Thompson____
                    UNITED STATES DISTRICT JUDGE



**EXHIBIT**
**C**

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED
APR 9 2002
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

TRAVIS WALKER, et al.,          )
                                )
        Plaintiffs,             )
                                )
        v.                      )    CIVIL ACTION NO. 02-T-230-N
                                )
WARNER-LAMBERT COMPANY, et al., )
                                )
        Defendants.             )

ORDER

This lawsuit, which was removed from state to federal court based on diversity-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. The court agrees with plaintiffs that there has been neither _fraudulent joinder_, _see_ _Coker v. Amoco Oil Co._, 709 F.2d 1433, 1440 (11th Cir. 1983); _Cabalceta v. Standard Fruit Co._, 883 F.2d 1553, 1561 (11th Cir. 1989), nor _fraudulent misjoinder_, _see_ _Tapscott v. MS Dealer Service Corp._, 77 F.3d 1353, 1360 (11th Cir. 1996); _see also_ _Stephens v. Warner-Lambert Co._, 01-T-266-N (M.D. Ala. May 1, 2001) (remanding on similar facts); _Roughton v. Warner-Lambert Co._, 00-T-1239-N (M.D. Ala. Oct. 20, 2000) (same).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on March 4, 2002 (Doc. No. 10), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

14

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 9TH day of April, 2002.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



EXHIBIT
1

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

[FILED]
JUN 5 2001
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

BESSIE B. CALDWELL,          )
                             )
          Plaintiff,         )
                             )
     v.                      )     CIVIL ACTION NO. 01-T-486-N
                             )
WARNER-LAMBERT COMPANY, et al., )
                             )
          Defendants.        )

### ORDER

This lawsuit, which was removed from state to federal court based on diversity-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiff's motion to remand. The court agrees with plaintiff that this case should be remanded to state court. The court agrees with plaintiff that there has been neither fraudulent joinder, see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); see also Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989), nor fraudulent misjoinder, see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand, filed on May 8, 2001, is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Bullock County, Alabama.

It is further ORDERED that the motion to stay filed by defendant Warner-Lambert Company on May 31, 2001, is denied.

EOD  6/5/01

It is further ORDERED that all other outstanding motions are left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 5th day of June, 2001.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



**EXHIBIT**
**E**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED

AUG 2 2001

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.
MONTGOMERY, ALA.

WAYNE ROUGHTON,           )
                          )
        Plaintiff,        )
                          )
v.                        )    CIVIL ACTION 01-D-865-N
                          )
WARNER-LAMBERT CO.        )
et al.,                   )
                          )
        Defendants.       )

O R D E R

Before the court is Defendants' Notice Of Removal, which was filed July 13, 2001. Plaintiff filed a Motion To Remand July 30, 2001, which includes a request for attorney's fees and costs. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Plaintiff's Motion is due to be granted.

## I.  FACTUAL BACKGROUND

Plaintiff originally filed this case in the Circuit Court of Bullock County, Alabama in September 2000. Plaintiff's Complaint raises only state law claims. Plaintiff named as defendants the Delaware corporation of Warner-Lambert Company, its subsidiary, and its sales representative and territory manager, Kam Wyatt, who is an Alabama citizen.

**EOD** 9-2-01

Defendants removed this case October 10, 2000, alleging that Wyatt had been fraudulently joined and, therefore, his citizenship should be disregarded for purposes of federal jurisdiction. See 28 U.S.C. § 1332. Ten days later, U.S. District Judge Myron H. Thompson found that Defendants had not met their burden of showing either fraudulent joinder or fraudulent misjoinder. Judge Thompson remanded this case, pursuant to 28 U.S.C. § 1447(c).

Defendants then deposed Plaintiff several weeks ago. Plaintiff made some comments which, if read in a light most charitable to Defendants, suggested but did not conclusively establish that he had no valid claim against Wyatt. Based on this newly-acquired evidence, Defendants again removed this case. They again argue fraudulent joinder. The court again remands-- this time, with costs and fees taxed.

## II.  DISCUSSION

The parties cannot obtain judicial review or reconsideration of a federal court's remand under 28 U.S.C. § 1447(c). See Harris v. Blue Cross/Blue Shield, 951 F.2d 325, 330 (11th Cir. 1992). A party can remove a previously remanded case only in limited circumstances, none of which are applicable here. See 28 U.S.C. § 1446(b). As a general rule, "'the defendant may not

2

circumvent section 1447(d)'s prohibition on reconsideration by filing a second notice of removal which simply supplies evidentiary support for the argument that the previous remand order was incorrect.'" Collins v. Fingerhut Co., 117 F. Supp.2d 1283, 1284-85 (S.D. Ala. 2000) (quoting Nicholson v. National Accounts, Inc., 106 F. Supp.2d 1269, 1271 (S.D. Ala. 2000)).

Although Defendants are splenetic about litigating in this forum, Plaintiff has his right to choose his forum. Our nation's dual court system operates under the presumption of parity, which this court is not free to question. Federal courts are tribunals of limited jurisdiction; Congress has plainly dictated that state law claims involving non-diverse defendants do not belong here.

Defendants do not argue that Plaintiff's counsel has acted in bad faith. Instead, like the defendants in Collins and Nicholson, all that they proffer is additional evidence supporting an identical argument rejected by Judge Thompson almost nine months ago. As a result, Plaintiff has been whipsawed between federal court and state court twice. This matter has been needlessly delayed, and none of the parties are any closer to a resolution of this civil action on its merits. Without expressing any opinion on the merits of Plaintiff's claim against Wyatt, the case will be remanded. See Collins, supra; Nicholson, supra.

3

The court also awards Plaintiff all "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A court may award fees and costs whenever it remands an improvidently removed case, for the removing party's improper actions, by their very nature, have frustrated judicial economy, upset important principles of federalism, and wrought needless litigation costs upon the other party. See Gardner v. Allstate Indem. Co., -- F. Supp.2d --, 2001 WL 705715 (M.D. Ala. 2001); Gray v. New York Life Ins. Co., 906 F. Supp. 628, 637 (N.D. Ala. 1995).

As recently noted in Gardner, this court in its discretion has typically declined to enter such a judgment in fraudulent joinder cases unless the removing party actions were unreasonable or federal jurisdiction was patently lacking at the time of removal. See Judson v. Nissan Motor Co., 52 F. Supp.2d 1352, 1363 (M.D. Ala. 1999) (DeMent, J.); Bromberg v. Metropolitan Life Ins. Co., 50 F. Supp.2d 1208, 1214 (M.D. Ala. 1999) (DeMent, J.); Whitlock v. Jackson Nat'l Life Ins. Co., 32 F. Supp.2d 1286, 1293 (M.D. Ala. 1998) (DeMent, J.); Grace v. Interstate Life & Acc. Ins. Co., 916 F. Supp. 1185, 1191-92 (M.D. Ala. 1996) (DeMent, J.); Bedford v. Connecticut Mut. Life Ins. Co., 916 F. Supp. 1211, 1216-17 (M.D. Ala. 1996) (DeMent, J.); Howard Griggs Trucking, Inc. v. American Cent. Ins. Co., 894 F. Supp. 1503,

4

1510 (M.D. Ala. 1995) (DeMent, J.)  This is because issues of fraudulent joinder often pose questions that are far from simple to determine.  See Grace, supra at 1192.

In this case, by contrast, the court finds that Defendants' second removal was unreasonable.  It is universally known that remand orders are non-reviewable.  Moreover, the court finds that subject matter jurisdiction has been lacking ab initio, and patently so ever since the first remand.  The court finds that a fee award is fair and equitable under the circumstances of this case.  See Gardner, supra (noting that bad faith by defendant is not necessary to award fees; ordering payment of $31,000).

### III.   ORDER

It is hereby CONSIDERED and ORDERED that this case be and the same is hereby REMANDED to the Circuit Court of Bullock County, pursuant to 28 U.S.C. § 1447(c).

It is further ORDERED that any just costs and any actual expenses, including attorney's fees, associated with this removal be and the same are hereby TAXED to Defendants, for which let

5

execution issue.  For administrative purposes, the Clerk of Court

is DIRECTED to close this case.[1]  See id.

DONE this 2nd of August, 2001.


IRA DE MENT

UNITED STATES DISTRICT JUDGE

---

[1] The court retains jurisdiction only for the limited purpose of determining costs if the parties cannot reach agreement.  See Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 617 (11th Cir. 1990).

6

**EXHIBIT F**

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED

APR 19 2002

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

LETISHIA BENNETT, as personal )
representative of the Estate of )
Mary L. Bennett, deceased; and )
Clifford Darrington, )
)
    Plaintiffs, )
)
    v. )    CIVIL ACTION NO. 02-T-343-N
)
WARNER-LAMBERT COMPANY, et al., )
)
    Defendants. )

ORDER

This lawsuit, which was removed from state to federal court
based on diversity-citizenship jurisdiction, 28 U.S.C.A. §§ 1332,
1441, is now before the court on plaintiffs' motion to remand. The
court agrees with plaintiffs that this case should be remanded to
state court. The court agrees with plaintiffs that there has been
neither fraudulent joinder, see Coker v. Amoco Oil Co., 709 F.2d
1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883
F.2d 1553, 1561 (11th Cir. 1989), nor fraudulent misjoinder, see
Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir.
1996); see also Walker v. Warner-Lambert Co., 02-T-230-N (M.D. Ala.
April 9, 2002) (remanding on similar facts); Stephens v. Warner-
Lambert Co., 01-T-266-N (M.D. Ala. May 1, 2001) (same); Roughton v.
Warner-Lambert Co., 00-T-1239-N (M.D. Ala. Oct. 20, 2000) (same).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the
court that plaintiffs' motion to remand, filed on March 21, 2002
(Doc. No. 12), is granted and that, pursuant to 28 U.S.C.A. §

EOD    4/19/02

1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 19TH day of April, 2002.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



EXHIBIT

G

[ F I L E D ]

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE AUG 2 [ 2002

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

STELLA JOHNSON and        )
FAYE SISTRUNK,            )
                         )
    Plaintiffs,          )
                         )
    v.                   )    CIVIL ACTION NO. 02-T-830-N
                         )
WARNER-LAMBERT COMPANY, et al.,  )
                         )
    Defendants.          )

ORDER

This lawsuit, which was removed from state to federal court based on diversity-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. The court agrees with plaintiffs that there has been neither fraudulent joinder, see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989), nor fraudulent misjoinder, see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996); see also Stephens v. Warner-Lambert Co., 01-T-266-N (M.D. Ala. May 1, 2001) (remanding on similar facts); Roughton v. Warner-Lambert Co., 00-T-1239-N (M.D. Ala. Oct. 20, 2000) (same).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on August 2, 2002

EOD    8/21/02

(Doc. No. 7), is granted and that, pursuant to 28 U.S.C.A. §
1447(c), this cause is remanded to the Circuit Court of Barbour
County, Alabama.

It is further ORDERED that all other motions are left for
disposition by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps
to effect the remand.

DONE, this the 21st day of August, 2002.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



EXHIBIT
H

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

F I L E D

AUG 2 1 2002

Clerk
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.
MONTGOMERY, ALA.

DEBBIE OSBOURNE and            )
ETHYL WEBSTER,                 )
                               )
        Plaintiffs,            )
                               )
        v.                     )     CIVIL ACTION NO. 02-T-828-N
                               )
WARNER-LAMBERT COMPANY; et al.,)
                               )
        Defendants.            )

ORDER

This lawsuit, which was removed from state to federal court based on diversity-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. The court agrees with plaintiffs that there has been neither fraudulent joinder, see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989), nor fraudulent misjoinder, see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996); see also Stephens v. Warner-Lambert Co., 01-T-266-N (M.D. Ala. May 1, 2001) (remanding on similar facts); Roughton v. Warner-Lambert Co., 00-T-1239-N (M.D. Ala. Oct. 20, 2000) (same).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on August 2, 2002 (Doc. No. 6), is granted and that, pursuant to 28 U.S.C.A. §

EOD 8-21-02

1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

It is further ORDERED that all other pending motions are left for disposition by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 21ST day of August, 2002.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED

AUG 28 2002

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

SARA RUSH and            )
LULA POWELL,             )
                         )
     Plaintiffs,         )
                         )
v.                       )     CIVIL ACTION NO. 02-T-829-N
                         )
WARNER-LAMBERT COMPANY, et al., )
                         )
     Defendants.         )

ORDER

This lawsuit, which was removed from state to federal court based on diversity-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. The court agrees with plaintiffs that there has been neither fraudulent joinder, see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989), nor fraudulent misjoinder, see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996); see also Stephens v. Warner-Lambert Co., 01-T-266-N (M.D. Ala. May 1, 2001) (remanding on similar facts); Roughton v. Warner-Lambert Co., 00-T-1239-N (M.D. Ala. Oct. 20, 2000) (same).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on August 2, 2002 (Doc. No. 7), is granted and that, pursuant to 28 U.S.C.A. §

*EOD 8/28/02*

1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

All other motions are left for resolution by the state

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the _28TH_ day of August, 2002.

                                    _____
                                        MYRON H. THOMPSON
                                    UNITED STATES DISTRICT JUDGE



FILED

FEB - 2 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

HELEN BOSWELL, et al.,       )
                             )
        Plaintiffs,          )
                             )
     v.                      )        CIVIL ACTION NO.
                             )        03-T-1256-N
WYETH, a corporation,        )
et al.,                      )
                             )
        Defendants.          )

<u>ORDER</u>

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiffs' motion to remand. The court agrees with
plaintiffs that this case should be remanded to state
court. First, there has not been <u>fraudulent joinder</u> of any
resident defendant (that is, plaintiffs have colorable
claims against such a defendant), see <u>Coker v. Amoco Oil
Co.</u>, 709 F.2d 1433, 1440 (11th Cir. 1983); <u>Cabalceta v.
Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989).
Second, there has not been <u>fraudulent misjoinder</u> of any

EOD 2/2/04

resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on January 2, 2004 (doc. no. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Crenshaw County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 2nd day of February, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION FILED

JAN 2 3 2004

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

VALERIE BALLARD, et al.,            )
    Plaintiffs,            )
    v.            )    CIVIL ACTION NO. 03-T-1255-N
WYETH, et al.,            )
    Defendants,            )

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

END 1/23/04

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on January 6, 2004 (Doc. No. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Covington County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 28th day of January, 2004.

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



FILED

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION 23 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

RITA BRUNSON,                    )
                                 )
        Plaintiff,               )
                                 )
    v.                           )    CIVIL ACTION NO. 03-T-1167-S
                                 )
WYETH, et al.,                   )
                                 )
        Defendants.              )

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiff's motion to remand. The court agrees with plaintiff that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiff has colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiff has reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

EOD 1/23/04

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand, filed on December 16, 2003 (Doc. No. 11), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Geneva County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 2<u>8</u><sup>nd</sup> day of January, 2004.

                    _____
                    MYRON H. THOMPSON
                UNITED STATES DISTRICT JUDGE



IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

FILED

JAN 2 3 2004

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA

SARA BLAIR, et al.,           )
                              )
      Plaintiffs,             )
                              )
      v.                      )    CIVIL ACTION NO. 03-T-1251-S
                              )
WYETH, et al.,                )
                              )
      Defendants.             )

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

EOD  January 23, 2004

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on December 30, 2003 (Doc. No 7), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Dale County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to affect the remand.

DONE, this the 2nd day of January, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



EXHIBIT

N

FILED

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE NOV 21 2003

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION     CLERK

U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

SHARON C. CRITTENDEN, )
et al., )
)
  Plaintiffs, )
)
  v. )     CIVIL ACTION NO.
)     03-T-920-N
WYETH, a corporation, )
et al., )
)
  Defendants. )

## ORDER

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiffs' motion to remand.  The court agrees with
plaintiffs that this case should be remanded to state
court.  First, there has not been fraudulent joinder of any
resident defendant (that is, plaintiffs have colorable
claims against such a defendant), see Coker v. Amoco Oil
Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v.
Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 3) of the Federal Rules of Civil Procedure). see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motions to remand, filed on September 30 and October 15, 2003 (doc. nos. 9, 13, and 14), are granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Covington County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 21st day of November, 2003.

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

**EXHIBIT**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

03 JUN 26 PM 3: 58

U.S. DISTRICT COURT
N.D. OF ALABAMA

LAVAUGHN HALES,

    Plaintiff,

v.

MERCH & CO., INC., et al.,

    Defendants.

CIVIL ACTION NO.

03-AR-1028-M

**ENTERED**
JUN 26 2003

## ORDER OF REMAND

In accordance with the accompanying memorandum opinion, plaintiff's motion to remand is GRANTED upon the court's finding pursuant to 28 U.S.C. § 1447(c) that it lacks subject matter jurisdiction. Accordingly, the above-entitled action is REMANDED to the Circuit Court of Dekalb County, Alabama from which it was improvidently removed. The Clerk is DIRECTED to effectuate this order.

The parties shall bear their own respective costs in this court.

DONE this 26th day of June, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

6-26-03

03 JUN 26 PM 3: 18
U.S. DIST.
N.D. OF ALA. COURT

FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

LAVAUGHN HALES,              )
                             )
        Plaintiff,           )
                             )
v.                           )        CV 03-AR-1028-M
                             )
MERCK & CO., INC., et al.    )
                             )
        Defendant.           )

ENTERED
JUN 26 2003

**MEMORANDUM OPINION**

Before the court is a motion to dismiss filed by Hal

Henderson ("Henderson")[1], Steve Santos ("Santos")[2], and Matthew

King ("King")[3] and a motion to remand to the Circuit Court of

DeKalb County, Alabama filed by plaintiff, Lavaughn Hales

("Hales"). Hales brought this products liability case against

defendant, Merck & Co., Inc. ("Merck"), and its agents Henderson,

Santos, King, and Patricia Aiken ("Aiken")[4], alleging that she

---

[1]Henderson is a district sales manager for Merck, and a resident
of Cobb County, Georgia.

[2]Santos is a district sales manager for Merck and a resident of
Montgomery County, Alabama.

[3]King is a sales representative for Merck, and a resident of
Jefferson County, Alabama.

[4]Aiken is a sales representative for Merck, and a resident of
Jefferson County, Alabama. Aiken had not yet been served when
the case was removed to this court.

1



suffered a heart attack after taking the prescription drug Vioxx, manufactured and marketed by Merck.

### Facts

Hales filed suit in the state court on March 24, 2003. Her complaint contained five counts charging various defendants with 1) designing, manufacturing, and/or selling a defective product and failing to warn; 2) negligence; 3) breach of express warranty; 4) breach of implied warranty; 5) negligent, reckless, intentional and fraudulent misrepresentation and suppression. Three of the individual non-diverse defendants were served on April 3, 2003. Merck, Henderson, Santos, and King are all represented by the same counsel. On May 5, 2003, Merck, Santos, Henderson, and King filed their notice of removal and answer in this court alleging diversity jurisdiction based on plaintiff's alleged fraudulent joinder of the four non-diverse individual defendants. The court deemed the affirmative defense of fraudulent joinder a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6), and included Aiken because a dismissal of the action against Aiken is as necessary to this court's diversity jurisdiction as a dismissal of the action against the three non-diverse individuals who have filed appearances. Oral argument was heard at the court's regular motion docket on June 20, 2003.

2

The dispositive jurisdictional question is whether Hales can assert **any** valid cause of action against a non-diverse sales representative/manager under Alabama's substantive law or under a legitimate prospect for a change in Alabama law. This court in *Barnes v. American Honda Motor Co.*, 02-AR-1664-J, stated a court's duty in evaluating a motion to remand a diversity removal challenged on fraudulent joinder grounds as follows: "If there is a *possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court." *Whitlock v. Jackson Nat'l Life Ins.*, 32 F. Supp. 2d 1286, 1289 (M.D. Ala. 1998) (emphasis supplied). In the present action Hales argues that she has a valid AEMLD claim against the sales representatives/managers for supplying and/or for failing to warn and/or inadequately warning and/or failing to instruct her treating physician of the dangers of Vioxx. Henderson, Santos, and King argue that no cause of action has been stated nor can be stated against the sales representatives/managers because only the manufacturer is liable as a "seller" of a defective product under AEMLD, and all other claims are subsumed or merged into the AEMLD claim. Hales argues to the contrary that the Alabama

3

Supreme Court has never addressed whether an individual employee of a defendant designer and manufacturer of a prescription drug, who has responsibility for marketing and selling the drug on behalf of his employer, can be held liable on a claim arising under AEMLD, and accordingly the court has never rejected individual liability against intermediary "sellers."

Furthermore, Hales points out that under Alabama law a person is liable for his intentional torts. Hales asserts that a cause of action exists against Henderson, King, Santos, and Aiken for the intentional tort of fraudulent misrepresentation and suppression of material information regarding the safety and efficacy of Vioxx, and the participation in an aggressive marketing campaign that fraudulently misrepresented the product to treating physicians. Hales also contends that a cause of action for negligence and breach of warranty exists against the individual sales representatives because they had a duty to warn her treating physician of the dangers of Vioxx.

Hales cites three decisions by federal courts in Alabama that have remanded in cases similar to the instant action: *Roughton v. Warner-Lambert Co.*, 01-D-865-N (De Ment, J.) (court remanded for a second time a products liability case brought in state court against the defendant Warner-Lambert, Co. as the

4

manufacturer and its sales representatives/territory manager, an Alabama citizen. The case was originally remanded after Judge Myron H. Thompson found that defendants had not met their burden of showing either fraudulent joinder or fraudulent misjoinder); *Pace v. Davis a division of Warner-Lambert*, 00-J-3046 (Johnson, J.) (court remanded a products liability case against a drug manufacturer and the non-diverse treating physician); *McCaffery v. Warner-Lambert Co.*, 00-PT-2848-M (Propst J.) (court remanded in case brought against drug manufacturer and treating physician).

Henderson, Santos and King cite *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302 (11th Cir. 2001) in support of their position that claims asserted against a retailer merge into an AEMLD claim against the manufacturer. But in *Tillman*, the Eleventh Circuit certified the following question to the Alabama Supreme Court: "Whether there is any potential cause of action under any theory against any retail defendants including those that employ pharmacists who sell cigarettes for claims brought under the Alabama Extended Manufactures Liability Doctrine, or premised on negligence wantonness, or civil conspiracy under Alabama law." The question has not been answered. A similar question was certified in *Spain v. Brown & Williamson Tobacco*

5

Corp., 230 F.3d 1300 (11th Cir. 2000). It too, has not been
answered.

This court unashamedly quotes itself: "[T]his court cannot
substitute its uncertain judgment of what the Alabama law ought
to be, or to predict what it someday will be, when this court's
jurisdiction is premised on 28 U.S.C. §§ 1441 and 1332. The
court must give a plaintiff the benefit of all doubt on questions
of Alabama law when deciding upon subject matter jurisdiction
that depends upon the state of the state of the law." *Barnes*, at
3.

Henderson, Santos, and King argue alternatively that even if
there is a viable cause of action against intermediary sellers
under AEMLD, there is no cause of action against these four sales
representatives/managers because three of them have presented
affidavits stating that they have never visited Dr. Cornelius B.
Thomas, Hales' treating physician, and accordingly there is no
causation. The court notes, without finding it unduly
significant, that there is no such affidavit for Aiken. The
court disagrees. If the court were to consider the affidavits of
Henderson, Santos, and King it would have to convert the motion
to dismiss under Rule 12(b)(6) to one under Rule 56 and find as a
matter of law that no genuine issue of material fact existed.

6

This would require the court do what it explicitly said it could not do in *Barnes*, adjudicate the claims against the defendants on their merits before finding that the court has subject matter jurisdiction. *Barnes*, at 3-4.

## Conclusions

Because the defendants must prove by clear and convincing evidence that no cause of action exists, and because the question of whether a cause of action exists against an intermediary supplier under AEMLD is uncertain, plaintiff's motion to remand is due to be granted, and defendants' motions to dismiss are due to be denied. A separate order will be entered.

DONE this _26th_ day of June, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

7



**EXHIBIT**

**P**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED

04 APR 27 AM 8: 15

U.S. DIS RICT COURT
N.D. OF ALABAMA

CATHERINE ARMSTRONG,       )
*et al.,*                  )
                           )
    Plaintiffs,      )
                           )
vs.                        )     Civil Action No. CV-04-S-247-NW
                           )
WYETH, *et al.,*           )
                           )     **ENTERED**
    Defendants.      )
                                 APR 2 7 2004

MEMORANDUM OPINION

    Plaintiffs, Catherine Armstrong, Jayne Green, Betsy Kalaku, Sarah Littrell,

Connie Norton, Virginia Palmer, and Julia Richey, all of whom are Alabama residents,

commenced this action in the Circuit Court of Lauderdale County, Alabama, on

January 7, 2004, asserting claims of product liability under the Alabama Extended

Manufacturer's Liability Doctrine; failure to warn; breach of warranty of

merchantability; negligence; wantonness; and fraud, misrepresentation, and

suppression, all arising from injuries they allegedly suffered as a result of taking the

diet drugs Pondimin and/or Redux.[1]  Plaintiffs named as defendants Wyeth, the

alleged manufacturer of Pondimin and Redux; and, Lisa Suzanne Casteel and Michael

W. Shoemaker, sales representatives employed by Wyeth who allegedly promoted and

---

[1]Complaint, appended to Notice of Removal (doc. no. 1).



sold Pondimin and Redux to plaintiffs' physicians.[2]  Defendant Wyeth removed the

action to this court on February 6, 2004, based upon diversity jurisdiction.[3]  In the

notice of removal, Wyeth asserted that defendants Casteel and Shoemaker, who are

residents of Alabama, as are plaintiffs, were fraudulently joined as defendants.

On February 11, 2004, plaintiffs filed a motion to remand this action to state

court, contesting Wyeth's assertion that Casteel and Shoemaker were fraudulently

joined.  That motion presently is before the court.

## I. STANDARD OF REVIEW

Federal district courts are "'empowered to hear only those cases within the

judicial power of the United States as defined by Article III of the Constitution,' and

which have been entrusted to them by a jurisdictional grant authorized by Congress."

*University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 409 (11th

Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)); *see*

*also, e.g.*, *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1260-61 (11th Cir.

2000) ("Federal courts have limited subject matter jurisdiction, or in other words, they

have the power to decide only certain types of cases.") (citing *University of South*

*Alabama*, 168 F.3d at 409-10).  Accordingly, removal statutes must be construed

---

[2]*See id.*

[3]Notice of removal (doc. no. 1).  On the date of removal, defendants Lisa Suzanne Casteel
and Michael W. Shoemaker had not been served with the summons and complaint.

-2-

narrowly, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

## II. DISCUSSION

Jurisdiction under 28 U.S.C. § 1332 requires "complete diversity" — the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *See, e.g., Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1564 (11th Cir.1994) (citing *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L. Ed. 435 (1806)). An action may nevertheless be removable if the joinder of non-diverse parties is deemed to have been "fraudulent": *i.e.*, for the purpose of defeating federal jurisdiction. *See, e.g., Wilson v. Republic Iron and Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 66 L. Ed. 144 (1921) (holding that a diverse defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy"); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983).

The filing of a frivolous or other illegitimate claim against a non-diverse defendant is fraudulent joinder, and a district court may disregard the citizenship of such defendants when assessing the existence of "complete diversity." *Tedder v.*

-3-

*F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).[4] The doctrine of fraudulent joinder

thus is an exception to the requirement that parties must be completely diverse, and

provides that an action may be removed from state court, despite a lack of complete

diversity of citizenship among the parties, if the plaintiff's joinder of a non-diverse

party was fraudulent. *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284,

1287 (11th Cir. 1998).

       Traditionally, courts have deemed a joinder to be "fraudulent" in two situations:

"The first is when there is no possibility that the plaintiff can prove a cause of action

against the resident (non-diverse) defendant. . . . The second is when there is outright

fraud in the plaintiff's pleading of jurisdictional facts." *Triggs*, 154 F.3d at 1287; *see

also, e.g., Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) ("In

a removal case alleging fraudulent joinder, the removing party has the burden of

proving either: (1) there is no possibility the plaintiff can establish a cause of action

against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional

facts to bring the resident defendant into state court.") (quoting *Crowe v. Coleman*,

113 F.3d 1536, 1538 (11th Cir. 1997)); *Coker*, 709 F.2d at 1440. The Eleventh

Circuit also has identified a third type of fraudulent joinder: when "a diverse

---

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287 (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).

Defendants rely only on the first ground to support their allegation of fraudulent joinder: *i.e.,* that there is no possibility plaintiffs can establish a cause of action against the resident defendants. Under this standard,

> "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir.1983), *superceded by statute on other grounds as stated in Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir.1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis in original).

*Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (per curiam) (emphasis in original) (affirming district court's dismissal of five individual defendants who had been employed by R.J. Reynolds in the promotion, advertising, and sale of cigarettes within Alabama as fraudulently joined for purpose of defeating

diversity jurisdiction).

The burden of proving fraudulent joinder rests with the removing defendant. *See Coker*, 709 F.2d at 1440. The claim must be supported by clear and convincing evidence. *Parks v. New York Times*, 308 F.2d 474, 478 (5th Cir. 1962). When determining whether a defendant has been fraudulently joined, the court must examine the plaintiff's pleadings on the date the notice of removal was filed,[5] although it also may consider affidavits and deposition testimony submitted by the parties. *See, e.g., Pacheco de Perez*, 139 F.3d at 1380. However, "the jurisdictional inquiry 'must not subsume substantive determination.' . . . When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538 (citing *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548-49 (5th Cir. Unit A 1981)). Further, as with a Rule 56 motion for summary judgment, courts must evaluate all the evidence in the light most favorable to the plaintiff — the party opposing removal — resolving any uncertainties about the applicable laws in the plaintiff's favor. *See Pacheco de Perez*, 139 F.3d at 1380.

---

[5]As in all other issues concerning removal, "[j]urisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*." *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) (emphasis in original) (citations omitted); *see also, e.g., Coker*, 709 F.2d at 1440 ("Removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.'") (citations omitted); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989) (same).

It follows from the foregoing propositions that a defendant's burden when seeking to establish fraudulent joinder is a heavy one: "where a plaintiff states *even a colorable claim* against the resident defendant, joinder is proper and the case should be remanded to state court." *Id.* (emphasis supplied) (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)); *see also Coker*, 709 F.2d at 1440-41 ("If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court *must find* that joinder was proper and remand to that state court.") (emphasis supplied).[6]

Applying the foregoing principles, the court concludes that plaintiffs state a *possible* cause of action for fraudulent misrepresentation or suppression against non-diverse defendants Casteel and Shoemaker. In order to state a claim for fraudulent misrepresentation under Alabama law, a plaintiff must demonstrate: "(1) a false misrepresentation; (2) concerning a material existing fact; (3) which is relied upon by the plaintiff; and, (4) damage to the plaintiff as a proximate result of the false representation." *Dickinson v. Moore,* 468 So. 2d 136, 137-38 (Ala. 1985). These elements must be proven regardless of whether the misrepresentation was intentional

---

[6]Wyeth urges the court to follow the standard, adopted by the Fifth Circuit, that it must only show that there is no *reasonable* basis for predicating liability against the fraudulently joined defendant. Notice of Removal (doc. no. 1), at 3; *see Travis v. Irby,* 326 F.3d 644, 647-48 (5th Cir. 2003). Because the standard proffered by Wyeth differs from that set forth in controlling Eleventh Circuit precedent, this court will not follow it.

or unintentional, because under Alabama law, "[a]n innocent misrepresentation is as much a legal fraud as an intended misrepresentation." *Goggans v. Realty Sales & Mortgage,* 675 So. 2d 441, 443 (Ala. Civ. App. 1996). *See also Dodd v. Nelda Stephenson Chevrolet, Inc.,* 626 So. 2d 1288, 1291 (Ala. 1993) (discussing negligent misrepresentation); *Burlington Northern R. Co. v. Warren,* 574 So. 2d 758, 766-67 (Ala. 1990) (discussing reckless misrepresentation). Further, a plaintiff may recover for a misrepresentation made to a third party, as long as the plaintiff suffers injury as a result of the misrepresentation. *See, e.g., Thomas v. Halstead,* 605 So. 2d 1181, 1184 (Ala. 1992) ("If a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place.").

In addition, to establish a claim for fraudulent suppression under Alabama law, a plaintiff must demonstrate: "(1) the suppression of a material fact (2) that the defendant was under a duty to communicate (3) because of a confidential relationship between the parties or the circumstances of the case and (4) which caused injury as a proximate consequence." *Applin v. Consumers Life Insurance Co.,* 623 So. 2d 1094, 1098 (Ala. 1993), *overruled on other grounds by Boswell v. Liberty National Life Insurance Co.,* 643 So. 2d 580 (Ala. 1994).

Defendants argue that plaintiffs cannot prevail on their fraudulent

-8-

misrepresentation and suppression claims, because they did not plead the claims with particularity, as required by Alabama Rule of Civil Procedure 9(b).[7] Defendants misstate the standard of review. For the fraudulent joinder analysis, the court need not determine that plaintiffs ultimately will prevail on their fraudulent misrepresentation and suppression claims, or even that plaintiffs state legally viable claims. Rather, the court only must determine that plaintiffs *might possibly prevail* on their fraudulent misrepresentation and suppression claims, as the claims are stated in the complaint.

Plaintiffs allege in their complaint that all defendants, including Casteel and Shoemaker, promoted and sold Pondimin and Redux to plaintiffs' prescribing physicians, while either concealing or misrepresenting the risks they knew were involved in taking the drugs.[8] Plaintiffs further allege that defendants made these representations, or concealed these facts, with the intent or knowledge that plaintiffs or plaintiffs' physicians would rely on the information in choosing to prescribe or consume Pondimin and Redux.[9] Finally, plaintiffs allege that they did indeed rely on these misrepresentations, or were induced by these suppressions, to conclude that it was safe for them to consume Pondimin and Redux.[10] As a result, plaintiffs allegedly

---

[7]Notice of removal (doc. no. 1), at ¶ 14.

[8]Complaint, appended to notice of removal (doc. no. 1), at ¶¶ 36, 39, 84-87.

[9]*Id.* at ¶¶ 87, 92.

[10]*Id.* at ¶ 89.

suffered a laundry list of "serious and permanent injuries and damages."[11]  These allegations are sufficient to establish a *colorable* cause of action for fraudulent misrepresentation or suppression against Casteel and Shoemaker.  *See Pacheco de Perez*, 139 F.3d at 1380.

Defendants also point to the affidavits submitted by Casteel and Shoemaker to support their contention that plaintiffs cannot establish a fraudulent misrepresentation or suppression claim against those defendants.[12]  Casteel and Shoemaker both state in their affidavits that they promoted Redux to healthcare providers based solely on information provided to them by Wyeth, but that they never promoted or sold Pondimin at all.[13]  They further state that they had no actual knowledge of any of the dangers posed by the consumption of either Pondimin or Redux.[14]  Casteel and Shoemaker argue that, because plaintiffs have not conclusively established that they took Redux, instead of Pondimin, plaintiffs cannot prove that Casteel and Shoemaker actually promoted the same drug that caused plaintiffs' injuries.[15]  They further argue that they cannot be held liable for making representations they did not know were

---

[11]*Id.* at ¶ 93.

[12]*See* doc. no. 17 (Wyeth's Opposition to Remand), at 14, 17-18.

[13]*Id.* at Exhibit B.

[14]*Id.*

[15]*Id.* at 14-15.

-10-

false, or for failing to disclose information they did not possess.[16]

Defendants' arguments contradict the allegations of plaintiffs' complaint, which must be viewed in the light most favorable to plaintiffs. The questions of whether the individual defendants actually sold or promoted the drug consumed by plaintiffs, and whether the individual defendants actually conveyed incorrect or misleading information to plaintiffs or to plaintiffs' healthcare providers, both go to the merits of plaintiffs' claims. Plaintiffs may not ultimately prevail on their fraudulent misrepresentation and suppression claims against the individual defendants; however, that fact is not relevant to the jurisdictional analysis. *See Crowe,* 113 F.3d at 1542 ("Although we have said that district courts may look beyond the face of the complaint, we emphasize that the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent."). The fact that plaintiff has stated a *possible* cause of action for fraudulent misrepresentation or suppression against non-diverse individual defendants Casteel and Shoemaker is sufficient to overcome defendants' allegation of fraudulent joinder.[17]

### III. CONCLUSION

In summary, the court finds that plaintiff has stated a possible cause of action

---

[16]*Id.* at 17-23.

[17]For the fraudulent joinder analysis, the court must only decide whether plaintiffs have possibly stated a *single* cause of action against any one of the non-diverse individual defendants. Thus, the court will not address the merits, or possible merits, of any of plaintiffs' other claims.

for fraudulent misrepresentation or suppression against non-diverse defendants Casteel and Shoemaker. Accordingly, those defendants were not fraudulently joined, and complete diversity of citizenship has not been established. Because there is no federal jurisdiction, this action will be remanded to state court. An appropriate order will be entered contemporaneously herewith.[18]

DONE this 27ᵗʰ day of April, 2004.

United States District Judge

---

[18]Because there is no federal jurisdiction, the court will not consider any of the other pending motions in this case.

-12-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED
04 APR 27 AM 8:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

CATHERINE ARMSTRONG,      )
et al.,                                      )
                                             )
    Plaintiffs,                  )
                                             )
vs.                                          )        Civil Action No. CV-04-S-247-NW
                                             )
WYETH, et al.,                          )
                                             )        ENTERED
    Defendants.                )
                                                     APR 2 7 2004

ORDER OF REMAND

This action is before the court on plaintiffs' motion to remand (doc. no. 8). In

accordance with the memorandum opinion entered contemporaneously herewith, the

motion is GRANTED. This action is remanded to the Circuit Court of Lauderdale

County, Alabama, from which it was removed. The clerk is directed to send a

certified copy of this order of remand to the clerk of the state court. Costs incurred

herein are taxed to defendant Wyeth. The clerk is directed to close the file.

DONE this _27th_ day of April, 2004.

_____
United States District Judge



EXHIBIT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED
04 FEB 25 PM 1:5
U.S. DISTRICT COURT
N.D. OF ALABAMA

MARTHA M. DAVIS,

    PLAINTIFF,

vs.                                    CASE NO. CV 03-J-3167-J

WYETH, et al.,

    DEFENDANTS.

ENTERED
FEB 25 2004

## MEMORANDUM OPINION

This matter is before the court on the plaintiff's motion to remand and motion for sanctions (doc. 10) and the defendant's opposition to remand (doc. 13). The court having previously stayed this matter pending decision on conditional transfer by the Judicial Panel on Multidistrict Litigation, said stay is hereby **LIFTED.**[1]  Having considered the motion to remand and the opposition thereto, the court finds as follows:

Plaintiff filed suit in the Circuit Court of Walker County against defendant Wyeth, Inc. ("Wyeth"), and three of defendant Wyeth's pharmaceutical sales representatives, Mary Lou Carnaggio, Nikki N. Windham and David Wurm.  The parties do not dispute that the sales representatives are Alabama residents.  The plaintiff asserts claims under the Alabama Extended Manufacturer's Liability Doctrine

---

[1]The court has received notice from the Judicial Panel on Multidistrict Litigation concerning opposition to the conditional transfer order.  Said notice further states that said conditional transfer order "does not in any way limit the pretrial jurisdiction of [this] court."  The letter further encourages the court to rule on "a motion pending before you in the action – particularly a motion to remand to state court ..."  Given this stance by the Judicial Panel, this court has revisited its prior stay of this litigation and the motion to remand pending before it.

(AEMLD), failure to warn, breach of warranty of merchantability, negligence, wantoness and fraud, misrepresentation and suppression arising from her use of the diet drugs fenfluramine (Pondimin) and dexfenfluramine (Redux). These diet drugs were removed from the market in 1997 due to their association with medical problems such as primary pulmonary hypertension and heart valve defects. Complaint, ¶¶ 14, 25-49. Defendant Wyeth removed this action from the Circuit Court of Walker County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and that the individual defendants were fraudulently joined as the plaintiff has no reasonable possibility of prevailing on any of her claims against them. Notice of Removal, ¶¶ 4, 7.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996), rev'd on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder

2

of the non-diverse party, as alleged by the defendant. Joinder is fraudulent when "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993).

> "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998).

The defendant, as the party removing the action to federal court, have the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)); *Diaz*, 85 F.3d at 1505. "The burden of the removing defendant is a 'heavy one.' To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must

3

resolve any uncertainties in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) (citation omitted).[2]

Plaintiff alleges in her complaint that each of the defendants promoted, detailed, distributed, sold, and/or marketed and made representations to Dr. Jerry V. Mosely, the plaintiff's physician, concerning these drugs. Complaint, ¶ 8. Based on these representations, the plaintiff was prescribed these drugs by her physician, *Id.* Defendant Wyeth argues that the individual defendants never promoted Pondimin and hence, said individual defendants can not be liable for the plaintiffs' injuries from Pondimin. Defendant's opposition, at 4. However, this argument goes to the merits of the plaintiff's claim against the individual defendants, which is not the issue before this court. The fact that plaintiff may not ultimately prevail against any of the individual defendants is not a proper inquiry for this court in considering a motion to remand. Rather, this court may only consider whether the plaintiff has the possibility of stating a valid cause of action against the non-diverse defendants. *Triggs*, 154 F.3d at 1287. The individual defendants admit that they promoted Redux to physicians based on information provided to them by Wyeth. *See e.g.,* Affidavit

---

[2]This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir.1994), where the Court stated "Federal courts are courts of limited jurisdiction. While a defendant does have a right, by statute, to remove in certain situations, plaintiff is still the master of his own claim (citations omitted). Defendant's right to remove and plaintiff's right to chose his own forum are not on equal footing ... removal statutes are construed narrowly ... uncertainties are resolved in favor of remand (citations omitted)."

4

of defendant Wurm, ¶ 5, 7. Because the court need only find one possible valid cause of action against the non-diverse defendants, the court considers only the plaintiff's claim of fraud, misrepresentation and suppression (Count VI), which the plaintiff has pleaded against all defendants.[3]

To establish misrepresentation under Alabama law, irrespective of whether the misrepresentation was made willfully, recklessly, or mistakenly, the plaintiff must prove (1) a false representation, (2) that the false representation concerned an existing material fact, (3) that the plaintiff relied on the false representation, and (4) that the plaintiff was damaged as a proximate result of the reliance. *Chase v. Kawasaki Motors Corp*, 140 F.Supp.2d 1280, 1291 (M.D.Ala.2001). The fact that the representation was made to a different individual than the one suffering the injury is not fatal to a claim for misrepresentation under Alabama law. *See Thomas v. Halstead*, 605 So.2d 1181, 1184 (Ala.1992) ("if a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place"); *Chase*, 140 F.Supp.2d at 1291, n. 8 ("The court notes that under Alabama law it is not always required that a plaintiff prove that a misrepresentation was made directly to him, so long as his injuries resulted from the

---

[3]The court has not considered whether Counts I-V state possibly valid causes of action against the individual defendants. Rather, as only one stated cause of action must have a possibility of validity to destroy diversity jurisdiction, the court makes no judgment as to any cause of action stated in the complaint other than the count for misrepresentation.

misrepresentation"). Thus "there is a duty not to make a false representation to those to whom a defendant intends, for his own purposes, to reach and influence by the representation." *Wheelan v. Sessions*, 50 F.Supp.2d 1168, 1174 (M.D.Ala.1999) (quoting *Colonial Bank of Ala. v. Ridley & Schweigert*, 551 So.2d 390, 396 (Ala.1989).

Common sense dictates that the reason drug representatives make representations to physicians is to encourage physicians to prescribe the products the representatives promote to the physicians' patients. In other words, the drug representatives should have reasonably foreseen that the physicians' reliance on their representations would cause the prescription by the physicians of the products they promote to the physicians' patients for their consumption. There can be no other purpose to promote said products to physicians. Such a situation is clearly within Alabama law on third party standing in misrepresentation cases. "[T]he entire basis for third party standing in misrepresentation cases is that the deceiver contemplated that the third party would be induced to act by the deceiver's misstatements made to someone else." *Chase*, 140 F.Supp.2d at 1293, citing *Sims v. Tigrett*, 229 Ala. 486, 158 So. 326, 330 (1934). *See also Ex parte Grand Manor Inc.*, 778 So.2d 173, 182 (Ala.2000) ("If the fraudulent statement is made with the intent and expectation that the one to whom it is made will pass the statement on to the plaintiff, then the plaintiff

is entitled to rely on that statement, even if it is not made personally or directly to the plaintiff"); 37 Am.Jur.2d § 292 ("Third parties may recover damages for a fraudulent misrepresentation if they can establish that they relied upon the misrepresentation to their detriment and that the defendant intended the misrepresentation to be conveyed to them"). The court is therefore of the opinion that the plaintiff has stated a cause of action for misrepresentation against the non-diverse defendants.

Under Alabama law, this meets the requirement of "a possibility" of stating a valid cause of action. That is all that is necessary for joinder not to be fraudulent. The allegation that the individual defendants misrepresented material facts about Pondimin and Redux to a physician, who thereafter, and in reliance on said representations, prescribed these medications to a patient who was injured by them, possibly states a valid cause of action. The fact that the drug representatives made no attempt to ascertain the truth of the facts they presented is not a bar to liability under Alabama law. Rather, even an innocent misrepresentation made in good faith may constitute a legal fraud is such misrepresentation is of a material fact. *See Goggans v. Realty Sales & Mortgage*, 675 So.2d 441, 443 (Ala.Civ.App.1979).

Having reviewed the allegations set forth in Count VI of the plaintiff's complaint, the court finds such allegations do state a possible cause of action against the resident defendants. The plaintiff need not have a winning case against the

7

allegedly fraudulent defendant; she need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287. That possibility exists in the pleadings before this court.

Having found that the plaintiff has stated a claim against the non-diverse defendants, this court finds that complete diversity between all parties is lacking. *See* 28 U.S.C. §§ 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought"). Thus, the court finds that the joinder was proper and must remand the case to the state court. *See Coker*, 709 F.2d at 1440-41.

The court having considered the foregoing and finding that this case has been improvidently removed, the court shall grant the plaintiff's motion to remand this case to the Circuit Court of Walker County, Alabama, by separate Order.

DONE this the ___ 2 5 day of February, 2004.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

8



EXHIBIT R

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
04 APR 27 AM 9:
U.S. ...
N.D. OF ALABAM

APR 27 2004

CARL LEGG and DOROTHY LEGG,     )
                                )
        Plaintiffs,             )
                                )
vs.                             )     Civil Action No. CV-04-S-0435-NE
                                )
WYETH, et al.,                  )
                                )
        Defendants.             )

## ORDER OF REMAND

This action is before the court on plaintiffs' motion to remand (doc. no. 14).
In accordance with the memorandum opinion entered contemporaneously herewith,
the motion is GRANTED. This action is remanded to the Circuit Court of Madison
County, Alabama, from which it was removed. The clerk is directed to send a
certified copy of this order of remand to the clerk of the state court. Costs incurred
herein are taxed to defendant Wyeth. The clerk is directed to close the file.

DONE this _27th_ day of April, 2004.

_____
United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

ON APR 27 AM 9:48

U.S. [...]
N.D. OF ALABAMA

| | |
|---|---|
| CARL LEGG and DOROTHY LEGG, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| WYETH, et al., | ) |
| | ) |
| Defendants. | ) |

Civil Action No. CV-04-S-0435-NE

APR 27 2005

## MEMORANDUM OPINION

Plaintiffs, Carl and Dorothy Legg, commenced this action in the Circuit Court of Madison County, Alabama, on February 2, 2004, asserting claims of product liability under the Alabama Extended Manufacturer's Liability Doctrine, negligence, breach of warranty, fraudulent misrepresentation and suppression, negligent and/or reckless misrepresentation and suppression, and civil conspiracy, all arising from injuries plaintiff Carl Legg allegedly suffered as a result of taking the diet drug Redux.[1] Plaintiff Dorothy Legg also asserts a claim for loss of consortium.[2] Plaintiffs named as defendants Wyeth, Wyeth Pharmaceuticals, and Indevus Pharmaceuticals, Inc., the alleged manufacturers of Redux; and, Stacy Stubblefield, Michael Sullivan, and Betsy Weaver, sales representatives employed by Wyeth who allegedly promoted

---

[1] Complaint, appended to Notice of Removal (doc. no. 1).
[2] Id. at Count VII.



and sold Redux to Carl Legg's physician.[3]  Defendant Wyeth removed the action to

this court on March 3, 2004, based upon diversity jurisdiction.[4]  In the notice of

removal, Wyeth asserted that defendants Stacy Stubblefield and Betsy Weaver, who

are residents of Alabama, as are plaintiffs, were fraudulently joined as defendants.[5]

Plaintiffs filed a motion to remand this action to state court on March 26, 2004,

contesting Wyeth's assertion that Stubblefield and Weaver were fraudulently joined.[6]

That motion presently is before the court.  Defendants failed to file a response to the

motion, as required by Section IV(A)(3) of the Initial Order Governing All Further

Proceedings entered in this action on March 12, 2004.[7]

### I. STANDARD OF REVIEW

Federal district courts are "'empowered to hear only those cases within the

judicial power of the United States as defined by Article III of the Constitution,' and

which have been entrusted to them by a jurisdictional grant authorized by Congress."

*University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 409 (11th

---

[3]*See* complaint.

[4]Notice of removal (doc. no. 1).  On the date of removal, defendants Michael Sullivan and
Stacy Stubblefield had not been served with a copy of the summons and complaint.

[5]*Id.* at 4-8.  All other defendants are residents of states other than Alabama.  Wyeth and
Wyeth Pharmaceuticals both are Delaware corporations with their principal places of business in
New Jersey; Indevus Pharmaceuticals, Inc., is a Delaware corporation with its principal place of
business in Massachusetts; and, Michael Sullivan is an individual resident of Georgia. *Id.* at 3.

[6]Doc. no. 14.

[7]Doc. no. 10.

-2-

Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)); *see also, e.g., Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000) ("Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases.") (citing *University of South Alabama*, 168 F.3d at 409-10). Accordingly, removal statutes must be construed narrowly, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

## II. DISCUSSION

Jurisdiction under 28 U.S.C. § 1332 requires "complete diversity" — the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *See, e.g., Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1564 (11th Cir.1994) (citing *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L. Ed. 435 (1806)). An action may nevertheless be removable if the joinder of non-diverse parties is deemed to have been "fraudulent": *i.e.*, for the purpose of defeating federal jurisdiction. *See, e.g., Wilson v. Republic Iron and Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 66 L. Ed. 144 (1921) (holding that a diverse defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy"); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th

-3-

Cir.1983).

The filing of a frivolous or other illegitimate claim against a non-diverse defendant is characterized as "fraudulent joinder," and a district court may disregard the citizenship of such defendants. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).[8] The doctrine of fraudulent joinder thus is an exception to the requirement that parties must be completely diverse, and provides that an action may be removed from state court, despite a lack of complete diversity of citizenship among the parties, if the plaintiff's joinder of a non-diverse party was fraudulent. *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Traditionally, courts have deemed a joinder to be "fraudulent" in two situations: "The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. . . . The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Triggs*, 154 F.3d at 1287; *see also, e.g., Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) ("In a removal case alleging fraudulent joinder, the removing party has the burden of proving either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional

_____

[8]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

-4-

facts to bring the resident defendant into state court.") (quoting *Crowe v. Coleman*, 113

F.3d 1536, 1538 (11th Cir. 1997)); *Coker*, 709 F.2d at 1440. The Eleventh Circuit also

has identified a third type of fraudulent joinder; when "a diverse defendant is joined

with a nondiverse defendant as to whom there is no joint, several or alternative liability

and where the claim against the diverse defendant has no real connection to the claim

against the nondiverse defendant." *Triggs*, 154 F.3d at 1287 (citing *Tapscott v. MS*

*Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled on other*

*grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).

Defendants rely only on the first ground to support their allegation of fraudulent

joinder; *i.e.*, that there is no possibility plaintiffs can establish a cause of action against

the resident defendants. Under this standard,

> "[i]f there is even a possibility that a state court would find that the
> complaint states a cause of action against any one of the resident
> defendants, the federal court must find that the joinder was proper and
> remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d
> 1433, 1440-41 (11th Cir.1983), *superceded by statute on other grounds*
> *as stated in Wilson v. General Motors Corp.*, 888 F.2d 779 (11th
> Cir.1989). "The plaintiff need not have a winning case against the
> allegedly fraudulent defendant; he need only have a *possibility* of stating
> a valid cause of action in order for the joinder to be legitimate." *Triggs*,
> 154 F.3d at 1287 (emphasis in original).

*Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) *(per curiam)*

(emphasis in original) (affirming district court's dismissal of five individual defendants

who had been employed by R.J. Reynolds in the promotion, advertising, and sale of

-5-

cigarettes within Alabama as fraudulently joined for purpose of defeating diversity jurisdiction).

The burden of proving fraudulent joinder rests with the removing defendant. *See Coker*, 709 F.2d at 1440. The claim must be supported by clear and convincing evidence. *Parks v. New York Times*, 308 F.2d 474, 478 (5th Cir. 1962). When determining whether a defendant has been fraudulently joined, the court must examine the plaintiffs' pleadings on the date the notice of removal was filed,[9] although it also may consider affidavits and deposition testimony submitted by the parties. *See, e.g., Pacheco de Perez*, 139 F.3d at 1380. However, "the jurisdictional inquiry 'must not subsume substantive determination.' . . . When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538 (citing *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548-49 (5th Cir. Unit A 1981)). Further, as with a Rule 56 motion for summary judgment, courts must evaluate all the evidence in the light most favorable to the plaintiff — the party opposing removal — resolving any uncertainties about the applicable laws in the plaintiff's favor. *See Pacheco de Perez*,

_____

[9]As in all other issues concerning removal, "[j]urisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*." *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) (emphasis in original) (citations omitted); *see also, e.g., Coker*, 709 F.2d at 1440 ("Removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.'") (citations omitted); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989) (same).

-6-

139 F.3d at 1380.

It follows from the foregoing propositions that a defendant's burden when seeking to establish fraudulent joinder is a heavy one: "where a plaintiff states *even a colorable claim* against the resident defendant, joinder is proper and the case should be remanded to state court." *Id.* (emphasis supplied) (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)); *see also Coker*, 709 F.2d at 1440-41 ("If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court *must find* that joinder was proper and remand to that state court.") (emphasis supplied).[10]

Applying the foregoing principles, the court concludes that plaintiff states a *possible* cause of action for fraud against non-diverse defendants Weaver and Stubblefield.[11]    In order to state a claim for fraudulent misrepresentation under Alabama law, plaintiffs must demonstrate: "(1) a false misrepresentation; (2) concerning a material existing fact; (3) which is relied upon by the plaintiff; and, (4) damage to the plaintiff as a proximate result of the false representation." *Dickinson*

---

[10]Wyeth urges the court to follow the standard, adopted by the Fifth Circuit, that it must only show that there is no *reasonable* basis for predicating liability against the fraudulently joined defendant. Notice of Removal (doc. no. 1), at 5; *see Travis v. Irby*, 326 F.3d 644, 647-48 (5th Cir. 2003). Because the standard proffered by Wyeth differs from that set forth in controlling Eleventh Circuit precedent, this court will not follow it.

[11]Plaintiffs' complaint includes two separate fraud counts.    Count IV is for "Fraud: Misrepresentation and Suppression," and Count V is for "Negligent and Reckless Misrepresentation/ Suppression." *See* complaint, appended to Notice of Removal (doc. no. 1), at ¶¶ 63-88.

*v. Moore,* 468 So. 2d 136, 137-38 (Ala. 1985). These elements must be proven regardless of whether the misrepresentation was intentional or unintentional, because under Alabama law, "[a]n innocent misrepresentation is as much a legal fraud as an intended misrepresentation." *Goggans v. Realty Sales & Mortgage,* 675 So. 2d 441, 443 (Ala. Civ. App. 1996). *See also Dodd v. Nelda Stephenson Chevrolet, Inc.,* 626 So. 2d 1288, 1291 (Ala. 1993) (discussing negligent misrepresentation); *Burlington Northern R. Co. v. Warren,* 574 So. 2d 758, 766-67 (Ala. 1990) (discussing reckless misrepresentation).

Further, a plaintiff may recover for a misrepresentation made to a third party, as long as the plaintiff suffers injury as a result of the misrepresentation. *See, e.g., Thomas v. Halstead,* 605 So. 2d 1181, 1184 (Ala. 1992) ("If a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place.").

Defendants argue that plaintiffs cannot prevail on their fraud claims because they did not plead fraud with particularity, as required by Alabama Rule of Civil Procedure 9(b).[12] Defendants misstate the standard of review. For the fraudulent joinder analysis, the court need not determine that plaintiffs ultimately will prevail on their fraud claims, or even that plaintiffs state a legally viable fraud claim. Rather, the

---

[12]Notice of removal (doc. no. 1), at ¶ 15.

court only must determine that plaintiffs *might possibly prevail* on their fraud claims, as the claims are stated in the complaint.

Nonetheless, plaintiffs' complaint contains allegations sufficient to survive even the heightened standard of pleading fraud with particularity. Alabama law requires that a plaintiff pleading a fraud claim "must state the place, the time, the contents of the false misrepresentations, the fact misrepresented, and an identification of what has been obtained." *Lyde v. United Insurance Co. of America*, 628 So. 2d 665, 670 (Ala. Civ. App. 1993) (citing *Robinson v. Allstate Ins. Co.*, 399 So. 2d 288 (Ala. 1981)). In the fraud counts of their complaint, which are alleged against all defendants, plaintiffs state that defendants' misrepresentations occurred "in the State of Alabama and throughout the United States," and more particularly, in the office of plaintiff Carl Legg's physician.[13] Further, plaintiffs identify eighteen exact dates on which the sales representatives allegedly visited the office of Carl Legg's physician to promote and sell Redux.[14] The contents of the alleged misrepresentations include

> among other things, express and implied statements, publicly disseminated misinformation provided to regulatory agencies, inadequate, incomplete and misleading warnings about Redux, failure to disclose important safety and injury information, regarding Redux while having a duty to disclose to Plaintiff's prescribing physician, Plaintiff, and others such information, and elaborate marketing, promotional, and advertising

---

[13]Complaint, appended to Notice of Removal (doc. no. 1), at ¶¶ 74-75.
[14]*Id.* at ¶ 75.

-9-

activities designed to conceal and mislead about the safety of Redux.[15]
The fact misrepresented was "that Redux was safe to ingest and that the utility of
Redux outweighed any risk in use for the intended purpose of weight loss or control."[16]
Finally, as a result of their misrepresentations, defendants gained revenue and/or sales
commissions from the sale of Redux.[17]

Defendants also allege that plaintiffs cannot establish a fraud claim against any
of the individual defendants in their individual capacities.[18]  Defendants rely on the
affidavits submitted by the individual defendants to support their allegation.
Defendant Betsy Weaver states in her affidavit that she promoted Redux to healthcare
providers based solely on information provided to her by Wyeth.[19]  Defendant Stacy
Stubblefield states that she never promoted or sold Redux at all.[20]  The questions of
whether the individual defendants actually sold or promoted Redux, and whether the
individual defendants actually conveyed incorrect or misleading information to
plaintiff Carl Legg's healthcare providers, both go to the merits of plaintiffs' claims.
Plaintiffs may not ultimately prevail on their claims against the individual defendants;

---

[15]*Id.* at ¶ 76.

[16]*Id.* at ¶ 83; *see also id.* at ¶ 73.

[17]*Id.* at ¶¶ 64, 77, 87.

[18]Notice of removal (doc. no. 1), at ¶ 15.

[19]*Id.* at Exhibit B.

[20]*Id.* Defendant Michael Sullivan also submitted an affidavit. However, Sullivan's affidavit
is not relevant to the fraudulent joinder analysis, because he is a diverse party.

-10-

however, that fact is not relevant to the jurisdictional analysis. *See Crowe*, 113 F.3d at 1542 ("Although we have said that district courts may look beyond the face of the complaint, we emphasize that the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent."). The fact that plaintiffs have stated a *possible* cause of action for fraud against non-diverse individual defendants Weaver and Stubblefield is sufficient to overcome defendants' allegation of fraudulent joinder.[21]

### III. CONCLUSION

In summary, the court finds that plaintiffs have stated a possible cause of action for fraud against non-diverse defendants Weaver and Stubblefield. Accordingly, those defendants were not fraudulently joined, and complete diversity of citizenship has not been established. Because there is no federal jurisdiction, this action will be remanded to state court. An appropriate order will be entered contemporaneously herewith.[22]

DONE this __27th__ day of April, 2004.

_____
United States District Judge

---

[21]For the fraudulent joinder analysis, the court must only decide whether plaintiffs have possibly stated a *single* cause of action against any one of the non-diverse individual defendants. Thus, the court will not address the merits, or possible merits, of any of plaintiffs' other claims.

[22]Because there is no federal jurisdiction, the court will not consider any of the other pending motions in this case.