

EXHIBIT
tabbies
S

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 FEB 24  AM 10: 15

U.S. ....
N.D. ...

**ENTERED**

FEB 24 2004

ANN McGOWAN, BECKY PARTINGTON, )
and LAURA STANFIELD, )
)
Plaintiffs, )
)
vs. )    Case No. CV-04-TMP-298-S
)
WYETH, INC., WYETH )
PHARMACEUTICALS, INC., )
BEN LAVENDER, and ANTHONY )
CHERRY, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER OF REMAND

This cause is before the court on the plaintiffs' emergency motion to remand, filed February

17, 2004, to which defendants responded with a motion to stay pending transfer to the MDL

proceedings on February 19, 2004. The motion has been briefed by both sides, and the court finds

that the action is due to be remanded.

### Procedure History

Plaintiffs McGowan, Partington, and Stanfield filed their joint complaint against defendants

Wyeth, Inc., and Wyeth Pharmaceuticals, Inc., (hereinafter collectively "Wyeth") and two of Wyeth's

pharmaceutical salesmen, Ben Lavender and Anthony Cherry, in the Circuit Court of Jefferson

County, Alabama, on January 16, 2004. The complaint alleges claims for "strict liability–defective

product," "strict liability–failure to warn," "strict liability–failure to test," negligence, breach of

warranties, fraud and misrepresentation, negligent and reckless misrepresentation, and conspiracy

to defraud and fraudulently conceal, all arising from the plaintiffs' use of one or both of certain diet

medications manufactured and distributed by Wyeth, formerly known as American Home Products, Inc. In particular, the complaint alleges that Wyeth manufactured, marketed, and distributed two drugs, Pondimin (fenfluramine) and Redux (dexfenfluramine), which later were recognized as associated with several medical problems, including primary pulmonary hypertension and valvular heart disease. Plaintiffs allege that their doctors prescribed one or both of these drugs to them and, consequently, they have suffered medical injuries due to that use. With respect to defendants Lavender and Cherry, plaintiffs contend that these salesmen were one of the primary sources by which Wyeth communicated to physicians the risks and benefits associated with the use of these medications and, further, that these defendants either innocently, negligently, or recklessly failed to reveal to physicians all of the information known about the risks of using Pondimin and Redux.

Defendants timely removed the action to this court[1] on February 13, 2004, contending that the court has original diversity jurisdiction because Lavender and Cherry, both Alabama residents, are fraudulently joined and should be dismissed for purposes of establishing subject-matter jurisdiction. Plaintiffs have replied in their emergency motion, filed the next day, that Lavender and Cherry are not fraudulently joined and that the removal to this court was intended to do nothing more than delay the case long enough for it to be transferred to the Eastern District of Pennsylvania to be joined with an MDL case pending there. Hence, the plaintiffs have requested the court to consider their remand motion on an expedited basis before the case can be transferred to the MDL court.

---

[1] There has been a spate of these removals in the last few weeks. The undersigned himself has dealt with two earlier removals in Marshal, et al., v. Wyeth, Inc., et al., CV-04-TMP-179-S, and Johnson, et al., v. Wyeth, et al., CV-04-TMP-224-S. Consequently, the court is thoroughly familiar with the positions and arguments of the parties.

2

## Fraudulent Joinder

The parties agree that the case involves more than $75,000 in controversy and that the plaintiffs' citizenship is diverse from that of Wyeth. They also agree that Lavender and Cherry are Alabama residents and, therefore, not diverse from the plaintiffs. Plaintiffs assert for that reason that no diversity jurisdiction exists, the court lacks subject matter jurisdiction, the removal was improper, and the case is due to be remanded to the state circuit court. Defendants maintain, however, that Lavender and Cherry were fraudulently joined by plaintiffs simply to defeat diversity jurisdiction and, therefore, their presence in the case should be ignored for jurisdictional purposes. As the basis for this contention, defendants have offered evidence that Lavender and Cherry did not sell or promote the drug Pondimin at all and that they knew nothing about the medical risks associated with Redux. Consequently, defendants argue, there is no possibility of a recovery against either Lavender or Cherry, making their joinder in this action fraudulent.

The Eleventh Circuit Court of Appeals addressed the issue of removal grounded on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a "heavy one." B. Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981).

Id. at 1538. The standard is onerous because, absent fraudulent joinder, the plaintiffs have the absolute right to choose their forum. Courts must keep in mind that the plaintiff is the master of his complaint and has the right to choose how and where he will fight his battle.

3

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." Parks v. The New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc., 507 F. Supp. 740, 744 (S.D. Ga.1981)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

Id.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* a claim exists. The Crowe court reiterated:

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' [B. Inc., v. Miller Brewing Co., 663 F.2d 545, 549, n.9 (5th Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' Id. at 550. Over-and-over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' Id. at 548- 49. When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. See id. 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993).

Id. (Emphasis added).

More recently, in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001), the court of appeals emphasized the limits of the fraudulent joinder analysis, saying:

4

For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in* Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

Id.; see also Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Clearly, the fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated.

In this case, the court is persuaded that the plaintiffs have stated a legally possible claim against the non-diverse defendants, Lavender and Cherry, in the form negligent fraud claims. To state such a possible claim, the plaintiffs need only allege that Lavender and Cherry misrepresented certain material facts about the risks associated with use of Pondimin[2] and Redux and that plaintiffs,

---

[2] Lavender and Cherry have given affidavits in which they state they never sold, marketed, or promoted the drug Pondimin. Even if these plaintiffs all used only Pondimin, there is a "possible" basis for Lavender's and Cherry's liability. They admit that when questioned by physicians about Pondimin, they attempted to provide answers based on the information they received from Wyeth. Thus, it remains "possible," as alleged in the complaint, that they made misstatements about the risks of use of Pondimin as well as Redux. Whether that "possibility" is something that can be developed factually goes to the merits of the claim and is beyond the fraudulent joinder analysis the court must

through their physicians, reasonably relied upon such misrepresentations. It is unimportant that Lavender and Cherry did not know of the risks and, therefore, did not *intentionally* misrepresent the risks associated with these drugs. Alabama law recognizes an action for innocent or negligent misrepresentation as well as for reckless and intentional misrepresentations. For example, the Alabama Court of Civil Appeals has explained:

> An innocent misrepresentation is as much a legal fraud as an intended misrepresentation. The good faith of a party in making what proves to be a material misrepresentation is immaterial as to whether there was an actionable fraud. Smith v. Reynolds Metals Co., 497 So. 2d 93 (Ala. 1986). Under the statute, even though a misrepresentation be made by mistake and innocent of any intent to deceive, if it is a material fact and is acted upon with belief in its truth by the one to whom it is made, it may constitute legal fraud. Mid-State Homes, Inc. v. Startley, 366 So. 2d 734 (Ala. Civ. App. 1979).

Goggans v. Realty Sales & Mortgage, 675 So. 2d 441, 443 (Ala. Civ. App., 1996); see also Cain v. Saunders, 813 So. 2d 891 (Ala. Civ. App. 2001).

Even if the court assumes that Lavender and Cherry did not know of the PPH and vabular heart disease risks associated with these drugs and, therefore, did not recklessly or intentionally misstate what *they* knew, their innocent misrepresentations, at least as alleged by the complaint, understating the risks constitute a "possible" cause of action in Alabama. As long as it is possible that a state court may find that the complaint states a claim against the non-diverse defendant, even if it is a claim with poor prospects of ultimate success, the non-diverse defendant has not been fraudulently joined and the case must be remanded for lack of proper diversity jurisdiction.

---

undertake.

6

The court is persuaded that the defendants have not carried the "heavy burden" of showing fraudulent joinder of Lavender and Cherry. There is a possibility that the plaintiffs can state a claim against them, as sales representatives who met with physicians and answered questions regarding the risks and benefits of these drugs, for negligently or innocently misrepresenting the material facts concerning the risks associated with the drugs. At the very least, the claim against Lavender and Cherry is not so clearly lacking in substance that the court assuredly has subject-matter jurisdiction of this case. Uncertainties must be resolved in favor of remand. In a contested removal, a presumption exists in favor of remanding the case to state court; accordingly, all disputes of fact must be resolved in favor of the plaintiff and all ambiguities of law must be resolved in favor of remand. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Whitt v. Sherman International Corp., 147 F.3d 1325 (11th Cir. 1998). Because Lavender and Cherry are not fraudulently joined in this action, diversity jurisdiction is lacking and the court must remand the case to the state court.

## Order

Based on the foregoing considerations, it is therefore, ORDERED that the plaintiffs' motion to remand is due to be and hereby is GRANTED. Upon the expiration of fifteen (15) days from the date of this Order, the Clerk is DIRECTED to REMAND this action to the Circuit Court of Jefferson County, unless stayed by further order of the court.

The defendants' motion to stay is DENIED.

Any party may seek a review of this Order pursuant to Federal Rule of Civil Procedure 72(a) within ten (10) days after entry of this Order. Failure to seek a review may be deemed consent to

the entry of this Order. See Roell v. Withrow, ___ U.S. ___, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003).

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this _____ day of February, 2004.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

8



IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

M. REBECCA CROSS, et al.,           )
                                    )
        Plaintiffs,                 )
                                    )
v.                                  )       CIVIL ACTION NO.
                                    )       03-0882-BH-M
WYETH, et al.,                      )
                                    )
        Defendants.                 )

### ORDER

This action is before the Court on plaintiffs' motion (Doc. 14) to reconsider and to

lift the stay imposed on February 19, 2004 (Doc. 13), and thus to reverse the Court's prior

denial of plaintiffs' motion to remand (Docs. 6 and 7).  Upon consideration of the parties'

oral arguments presented on March 15, 2004, as well as those set forth in Wyeth's

Supplemental Response (Doc. 19), and all other pertinent portions of the record, the Court

concludes that plaintiffs' motion to reconsider is due to be granted because the Court

lacked jurisdiction at the outset to enter an order denying plaintiffs' motion to remand and

in imposing a stay until the action could be transferred for consolidation with the pending

MDL-1203 case.

As recognized by other federal Courts in Alabama, the grounds upon which Wyeth

contends that the Wyeth Sales Representatives Paul Windham and John Land have been

fraudulently joined go to the merits of plaintiffs' claims against these individual resident

defendants, which is not a proper inquiry for this Court, rather than the viability of the claims themselves.[1] *See e.g., Martha M. Davis v. Wyeth, et al.,* Civil Action No. CV 03-J-3167-J (N.D. Ala. February 25, 2004)(J. Johnson). *See also, Michael Hall, et al. v. Wyeth, et al.,* Civil Action No. CV 04-J-0434-NE (N.D. Ala. March 9, 2004)(J. Johnson); *Smith v. Wyeth et al.,* Civil Action No. CV 04-P-226-M (N.D. Ala. February 27, 2004)(J. Proctor); *Sharon C. Crittenden, et al., v. Wyeth, et al.,* Civil Action No. 03-T-920-N (M.D. Ala. November 21, 2003)(J. Thompson); *Pamela Floyd, et al., v. Wyeth, et al.,* Civil Action No. 03-C-2564-M (N.D. Ala. October 20, 2003)(J. Clemon); *Haleb v. Merck & Co., Inc., et al.,* Civil Action No. CV 03-AR-1026-M (N.D. Ala. June 26, 2003) (J. Acker). This Court cannot declare at this juncture of the litigation that "there is no possibility that the plaintiff[s] can prove a cause of action against the resident (non-diverse) defendant[s]," a prerequisite to any declaration that the resident defendants were fraudulently joined. *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir. 1983). *See also, Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998)("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have the possibility of stating a valid cause of action in order for the joinder to be legitimate.'").

For the above stated reasons, it is **ORDERED** that the Orders entered by this Court on February 5, 2004 (Doc. 11) denying plaintiffs' motion to remand and February 19, 2004

---

[1]Consequently, Wyeth's reliance on such cases as *Fisher v. Comer Plantation, Inc.* 772 So.2d 455 (Ala. 2000), and *Speigner v. Howard,* 502 So.2d 367 (Ala. 1987), is misguided because they were decided on the merits on motions for summary judgment following the completion of discovery.

2

(Doc. 13) granting Wyeth's motion to stay, be and are hereby **VACATED AND SET ASIDE**. In lieu thereof, it is now **ORDERED** that plaintiffs' motion to remand (Doc. 6) be and is hereby **GRANTED**. The Clerk is directed to take such steps as are necessary to transfer this case back to the Circuit Court of Dallas County, Alabama, from whence it was removed.

As a final matter, the Court acknowledges that plaintiffs' motion to remand also contained a motion for sanctions against Wyeth. The Court concludes, however, that sufficient questions existed concerning the appropriateness of removal, as evidenced by this Court's initial decision to deny remand, to preclude the requisite finding that the removal in this case was not only improvident but done in bad faith. It is therefore **ORDERED** that plaintiff's motion for sanctions be and is hereby **DENIED**.

**DONE** this 29th day of March, 2004.

_____ s/ W. B. Hand _____
SENIOR DISTRICT JUDGE

3



**EXHIBIT**

**U**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

F I L E D

O4 MAR I I PM 3: O4

U.S. DISTRICT COURT
N.D. OF ALABAMA

MARCIA CARLISLE, et al.,                )
                                        )
                    Plaintiffs          )
                                        )
    vs.                                 )      CASE NO. CV04-HGD-0394-S
                                        )
WYETH, et al.,                          )
                                        )      **ENTERED**
                    Defendants          )
                                        )      MAR 1 1 2004

**O R D E R**                                   UNITED STATES DISTRICT COURT
                                                NORTHERN DISTRICT OF ALABAMA

The above-entitled civil action is before the court on the
Emergency Motion to Remand filed by plaintiffs [Doc. #7], the Motion to Stay
to Allow Transfer to Multi-District Litigation Proceeding filed by defendants
[Doc. #11], and the Motion for Oral Argument filed by plaintiffs [Doc. #9].

Plaintiffs, Marcia Carlisle, Kathleen Johnson, and Donna McGuffie, all
Alabama residents, commenced this action by filing a complaint in the Circuit
Court of Jefferson County, Alabama. Named as defendants are Wyeth, Inc.,
Ben Lavender, and Anthony Cherry. Plaintiffs state that they have opted out
of the nationwide class action settlement reached in *Brown v. American Home
Products* and wish to pursue their claims for damages individually. They allege
that they took Pondimin or Redux, medications that were manufactured and
distributed by Wyeth, Inc., and suffered injuries as a result. They also allege
that defendants Lavender and Cherry, residents of Alabama, acted as

14

pharmaceutical sales representatives. Plaintiffs assert causes of action for strict liability under the Alabama Extended Manufacturers Liability Doctrine, failure to warn, failure to test, negligence, breach of warranties, fraud, misrepresentation, and conspiracy to defraud and conceal.

With respect to the individual defendants, Lavender and Cherry, plaintiffs claim:

> Upon information and belief, and at all times material hereto, these Sales Rep Defendants were individually employed, contracted, associated or otherwise engaged as a pharmaceutical sales person, detailer and/or pharmaceutical representative by [Wyeth] in furtherance of marketing, promoting, selling and/or distributing the pharmaceutical drugs fenfluramine (Pondimin®) and/or dexfenfluramine (Redux™) in the State of Alabama. As set forth more completely herein, the Sales Rep Defendants committed positive tortuous [sic] acts against each Plaintiff. Specifically, withinn the years of 1996 and 1997, and prior to that time, the following named Sales Rep Defendants were directly involved in detailing, marketing, promoting, selling and/or distributing of drugs fenfluramine (Pondimin®) and/or dexfenfluramine (Redux™), alone or in combination with phentermine to the following named Plaintiff's prescribing physicians:
>
> 1.  Sales Rep Defendant Ben Lavender detailed, marketed, promoted, sold and/or distributed fenfluramine (Pondimin®), dexfenfluramine (Redux™), alone or in combination with phentermine to Plaintiff Marcia Carlisle, Kathleen Johnson, and Donna McGuffie's prescribing physician, Omar Khalaf, M.D.; and
>
> 2.  Sales Rep Defendant Anthony Cherry detailed, marketed, promoted, sold and/or distributed fenfluramine (Pondimin®), dexfenfluramine (Redux™), alone or in combination with phentermine to Plaintiff Marcia Carlisle, Kathleen Johnson, and Donna McGuffie's prescribing physician, Omar Khalaf, M.D.

[Complaint at ¶ 24]. The tortious acts alleged to have been committed by Lavender and Cherry include failure to convey adequate warnings about the risks of fenfluramine and dexfenfluramine; negligent distribution, marketing, advertisement or promotion of the drugs; and fraudulent or reckless misrepresentations about the safety and efficacy of the drugs. The individual defendants also are alleged to have been part of a conspiracy to conceal from the public and plaintiffs information relating to the dangers associated with the drugs. [*Id.* at ¶ 25].

In Count IV, plaintiffs assert a cause of action for negligence against all defendants, alleging that each defendant owed a duty to plaintiffs to exercise reasonable care in the marketing and promotion of fenfluramine and dexfenfluramine. The individual defendants are claimed to have been negligent in their actions, misrepresentations, and omissions toward plaintiffs. [*Id.* at ¶¶ 101-02]. Count VI alleges a cause of action for intentional or reckless misrepresentation for providing allegedly false, incomplete and misleading information about the drugs to plaintiffs' physicians and others, upon which plaintiffs relied to their detriment. [*Id.* at ¶¶ 112-17].

In Count VII, plaintiffs allege that defendants negligently represented to plaintiffs' physicians and others that the drugs were safe and the utility of the drugs outweighed any risks. It also is alleged that defendants negligently failed to disclose important safety and injury information, which they had a duty to disclose in the marketing and promotion of the drugs. [*Id.* at ¶¶118-23].

3

Plaintiffs assert that defendants, "individually and collectively, committed acts of negligent misrepresentation and negligent concealment by suppressing material facts relating to the dangers and injuries associated with, and caused by, the use of the subject drugs." [*Id.* at ¶ 120].

Defendants removed the action to federal court, asserting that the individual defendants were fraudulently joined to defeat diversity jurisdiction in the federal court. Plaintiffs have filed a motion to remand this action to state court, arguing that Alabama law allows them to assert claims against the individual defendants for negligence, fraudulent, reckless or negligent misrepresentation, and conspiracy to conceal material information. Plaintiffs have submitted the affidavit of Dr. Omar Khalaf, in which he states that Lavender and Cherry visited his office and promoted and marketed fenfluramine and dexfenfluramine to him. [Doc. #7 at Exh. A, ¶ 3]. Dr. Khalaf further states that he relied on Lavender and Cherry to disclose to him any side effects of the drugs not discoverable in common sources, any safety issues, and any adverse drug events reports received by Wyeth. [*Id.* at ¶ 4]. Neither Lavender nor Cherry informed him of any safety issues; in fact, they continuously represented that the drugs were safe and effective for long term use. [Id. at ¶¶ 5, 6].

Defendants have asked the court to stay this action pending transfer to the United States District Court for the Eastern District of Pennsylvania, the court handling the multidistrict litigation (MDL) against these defendants based

4

on their manufacture and distribution of Pondimin and Redux, and allow the MDL court to rule on the motion to remand.

On February 20, 2004, the Chairman of the Judicial Panel on Multidistrict Litigation sent a letter to all judges involved with MDL-1203, *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*, encouraging them to issue rulings on pending motions to remand. It is noted that the identical issue raised by plaintiffs' motion to remand in this action has been addressed by other judges of this court. *See Hough v. Wyeth, et al.,* CV04-H-0393-S; *Eaton v. Wyeth, et al.,* CV04-P-0380-M; *McGowan v. Wyeth, et al.,* CV04-TMP-0298-S; *Bridges v. Wyeth, et al.,* CV04-AR-0297-J; *Marshal v. Wyeth, et al.,* CV04-TMP-0179-S; *Storey v. Wyeth, et al.,* CV04-BE-0027-E; *Cash v. Wyeth, et al.,* CV03-RRA-3378-E; *Davis v. Wyeth, et al.,* CV03-J-3167-J; *Terrell v. Wyeth, et al.,* CV03-BE-2876-S; *Floyd v. Wyeth, et al,* CV03-C-2564-M]. In each of those cases, the judge remanded the action to state court based on lack of diversity among the properly-named parties.

Title 28 U.S.C. § 1332 provides that the district courts have original jurisdiction of all civil actions involving an amount in controversy in excess of $75,000 and between citizens of different states. Title 28 U.S.C. § 1441(a) allows actions filed in state court to be removed to federal court when the federal court would have original jurisdiction over the action. If a non-diverse defendant has been fraudulently joined to defeat jurisdiction, the action may

nonetheless be removed to federal court, and the citizenship of the fraudulently-joined defendant is ignored.

The removing parties bear the burden of proving the joinder of resident defendants was fraudulent. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). The burden can be met by presentation of evidence or information "that compels the conclusion that the joinder is without right and made in bad faith . . . ." *Frontier Airlines, Inc. v. United Airlines, Inc.*, 758 F.Supp. 1399, 1404 (D.Colo. 1989), quoting *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 152 (1914). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). A claim of fraudulent joinder must be supported by "clear and convincing evidence." *Lane v. Champion International Corp.*, 827 F.Supp. 701, 706 (S.D.Ala. 1993). The Eleventh Circuit Court of Appeals has established a two-step test for determining if a defendant is fraudulently joined:

> (1) look to see whether there is **no possibility** the plaintiff can establish any cause of action against the resident defendant; and (2) look to see whether plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.

6

*Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988) (emphasis added). The test looks to the plaintiff's pleadings at the time of removal, *Cabalceta*, 883 F.2d at 1561, and all questions of fact and controlling law must be resolved in favor of the plaintiff. *Id.*

In deciding whether plaintiffs have stated an arguable cause of action against the defendants alleged to have been fraudulently joined, the court must not allow the jurisdictional question to "subsume substantive determination." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A 1981)). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (emphasis in original).

Defendants herein claim that Ben Lavender and Anthony Cherry, Alabama residents, have been fraudulently joined to defeat jurisdiction in that plaintiffs cannot state a cause of action against these defendants. They provide the affidavits of Lavender and Cherry, both of whom state they are or were sales representatives for Wyeth and both of whom deny they advertised, assembled, created, designed, distributed, labeled, made, manufactured, marketed, packaged, promoted, sold, tested or warranted Pondimin or Redux. [Doc. #6]. Both admit they promoted and detailed Redux, based solely on information provided to them by Wyeth. They also deny any knowledge of the alleged

7

association between the drugs and valvular heart disease. [*Id.*]. However, the contents of the affidavits contradict plaintiffs' complaint allegations and go to the merits of plaintiff's claims against the individual defendants; they cannot provide the basis for a determination that plaintiffs' claims for negligence, misrepresentation, fraud or suppression against these individuals are without merit and can be ignored in the jurisdictional analysis.

After a review of the pleadings and Alabama law, the court cannot say that plaintiffs have no possibility of establishing a cause of action against Lavender or Cherry. At the very least, plaintiffs have stated a legally possible claim against these defendants for negligent misrepresentation. Plaintiffs have alleged that Lavender and Cherry misrepresented certain material facts about the risks associated with the use of Pondimin and Redux and that plaintiffs, through their physicians, reasonably relied on the representations. Even if the court assumes neither Lavender nor Cherry had any knowledge of the risks associated with the drugs at the time they acted as sales representatives for Wyeth, thereby foreclosing any claim for intentional misrepresentation or suppression, the court cannot say that plaintiffs have wholly failed to state a claim for negligent misrepresentation under Alabama law. *See George v. Associated Doctors Health & Life Ins. Co.*, 675 So.2d 860, 862 (Ala. 1996); *Goggans v. Realty Sales & Mortgage*, 675 So.2d 441, 443 (Ala.Civ.App. 1996). *See also Thomas v. Halstead*, 605 So.2d 1181, 1184 (Ala. 1992) ("If a third person is injured by the deceit, he may recover against the one who made

8

possible the damages to him by practicing the deceit in the first place") (citations omitted). Therefore, defendants have not satisfied their burden of coming forward with clear and convincing evidence that the joinder of Lavender and Cherry was fraudulent.

Accordingly, it is ORDERED that the Motion to Stay is due to be and hereby is DENIED, and the Motion for Oral Argument is due to be and hereby is DENIED. It is further ORDERED that the Emergency Motion to Remand is due to be and hereby is GRANTED and this action will be REMANDED to the Circuit Court of Jefferson County, Alabama, fifteen (15) days after the date of entry of this order. Any party may seek a review of this order of remand pursuant to Rule 72(a), Fed.R.Civ.P.

DONE this ___11th___ day of March, 2004.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE

9



EXHIBIT

tabbies

V

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED

04 MAR 11 PM 3: i

U.S. DISTRICT COU
N.D. OF ALABAM.

WANDA CAMPBELL, et al.,          )
                                 )
            Plaintiffs           )
                                 )
    vs.                          )      CASE NO. CV03-HGD-3364-M
                                 )
WYETH, et al.,                   )      **ENTERED**
                                 )
            Defendants           )
                                        MAR 1 1 2004

                                        UNITED STATES DISTRICT COURT
                                        NORTHERN DISTRICT OF ALABAMA

### O R D E R

The above-entitled civil action is before the court on the Motion to Remand and Motion for Sanctions filed by plaintiffs [Doc. #9] and the Motion to Stay to Allow Transfer to Multi-District Litigation Proceeding filed by defendants [Doc. #15].

Plaintiffs, Wanda Campbell, Marie Cork, Shirley Edmondson, Julia Eudy, Dottie Harvell, Vikki Jimerson, Donna Robertson, Beverly Scarborough, Vicky Scott, Jimmy Swords, Linda Thrower, and Phyllis Tollman, all Alabama residents, commenced this action by filing a complaint in the Circuit Court of Marshall County, Alabama. Named as defendants are Wyeth, Inc., Stacy Stubblefield, and Betsy R. Weaver. Plaintiffs state that they have opted out of the nationwide class action settlement reached in *Brown v. American Home Products* and wish to pursue their claims for damages individually. They allege that they took Pondimin or Redux, medications that were manufactured and

20

distributed by Wyeth, Inc., and suffered injuries as a result. They also allege that defendants Stubblefield and Weaver, residents of Alabama, acted as pharmaceutical sales representatives. Plaintiffs assert causes of action for strict liability under the Alabama Extended Manufacturers Liability Doctrine, failure to warn, breach of the warranty of merchantability, negligence, fraud and suppression.

With respect to the individual defendants, Stubblefield and Weaver, plaintiffs claim that they, along with Wyeth, "promoted, detailed, distributed, sold and/or marketed and made representations to plaintiffs' treating physicians . . . regarding Pondimin and/or Redux." It further is alleged that based on these representations made by Wyeth and its agents, plaintiffs' treating physicians prescribed Pondimin and/or Redux for plaintiffs. [Complaint, at ¶ 8]. Plaintiffs further allege that Stubblefield and Weaver, Wyeth's sales representatives, owed duties to plaintiffs which were breached by, *inter alia*, their failure to convey adequate warnings, negligent misrepresentations regarding the safety and efficacy of the drugs, negligent or intentional withholding of information about the danger of the drugs when they had actual or constructive knowledge of same, and continuing to promote the drugs despite actual or constructive knowledge of adverse drug reports. [*Id.* at ¶ 24, ¶¶ 73-75]. In Count VI, plaintiffs allege causes of action against all defendants for fraud, misrepresentation and suppression. [*Id.* at ¶¶ 83-93]. In that count, the individual defendants are alleged to have made negligent or

2

intentional representations that Pondimin and/or Redux were safe and effective and actively concealed adverse information about the drugs' physical effects. Plaintiffs also allege that defendants had a post-sale duty to warn plaintiffs about the potential risks associated with the drugs. [*Id.*].

Defendants removed the action to federal court, asserting that the individual defendants were fraudulently joined to defeat diversity jurisdiction in the federal court. Plaintiffs have filed a motion to remand this action to state court, arguing that Alabama law allows them to assert claims against the individual defendants for fraud and suppression. They also seek sanctions against defendants for removing this action. Defendants have asked the court to stay this action pending transfer to the United States District Court for the Eastern District of Pennsylvania, the court handling the multidistrict litigation (MDL) against these defendants based on their manufacture and distribution of Pondimin and Redux, and allow the MDL court to rule on the motion to remand.

On February 20, 2004, the Chairman of the Judicial Panel on Multidistrict Litigation sent a letter to all judges involved with MDL-1203, *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*, encouraging them to issue rulings on pending motions to remand. It is noted that the identical issue raised by plaintiffs' motion to remand in this action has been addressed by other judges of this court. *See Hough v. Wyeth, et al.*, CV04-H-0393-S; *Eaton v. Wyeth, et al.*, CV04-P-0380-M; *McGowan v. Wyeth, et al.*, CV04-TMP-0298-S; *Bridges v. Wyeth, et al.*, CV04-AR-0297-J; *Marshal*

3

*v. Wyeth, et al.*, CV04-TMP-0179-S; *Storey v. Wyeth, et al.*, CV04-BE-0027-E; *Cash v. Wyeth, et al.*, CV03-RRA-3378-E; *Davis v. Wyeth, et al.*, CV03-J-3167-J; *Terrell v. Wyeth, et al.*, CV03-BE-2876-S; *Floyd v. Wyeth, et al*, CV03-C-2564-M]. In each of those cases, the judge remanded the action to state court based on lack of diversity among the properly-named parties.

Title 28 U.S.C. § 1332 provides that the district courts have original jurisdiction of all civil actions involving an amount in controversy in excess of $75,000 and between citizens of different states. Title 28 U.S.C. § 1441(a) allows actions filed in state court to be removed to federal court when the federal court would have original jurisdiction over the action. If a non-diverse defendant has been fraudulently joined to defeat jurisdiction, the action may nonetheless be removed to federal court, and the citizenship of the fraudulently-joined defendant is ignored.

The removing parties bear the burden of proving the joinder of resident defendants was fraudulent. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). The burden can be met by presentation of evidence or information "that compels the conclusion that the joinder is without right and made in bad faith . . . ." *Frontier Airlines, Inc. v. United Airlines, Inc.*, 758 F.Supp. 1399, 1404 (D.Colo. 1989), quoting *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 152 (1914). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the court must find that the joinder was proper

4

and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). A claim of fraudulent joinder must be supported by "clear and convincing evidence." *Lane v. Champion International Corp.*, 827 F.Supp. 701, 706 (S.D.Ala. 1993). The Eleventh Circuit Court of Appeals has established a two-step test for determining if a defendant is fraudulently joined:

> (1) look to see whether there is **no possibility** the plaintiff can establish any cause of action against the resident defendant; and (2) look to see whether plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.

*Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988) (emphasis added). The test looks to the plaintiff's pleadings at the time of removal, *Cabalceta*, 883 F.2d at 1561, and all questions of fact and controlling law must be resolved in favor of the plaintiff. *Id.*

In deciding whether plaintiffs have stated an arguable cause of action against the defendants alleged to have been fraudulently joined, the court must not allow the jurisdictional question to "subsume substantive determination." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A 1981)). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the

5

joinder to be legitimate." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (emphasis in original).

Defendants herein claim that Stacy Stubblefield and Betsy R. Weaver, Alabama residents, have been fraudulently joined to defeat jurisdiction in that plaintiffs cannot state a cause of action against these defendants for negligence, fraud or fraudulent concealment. They provide the affidavits of Stubblefield and Weaver, both of whom state they were sales representatives for Wyeth and both of whom deny they advertised, assembled, created, designed, distributed, labeled, made, manufactured, marketed, packaged, promoted, sold, tested or warranted Pondimin or Redux. [Doc. #14 at Exhs. P, Q]. Stubblefield admits he detailed Redux, based solely on information provided to him by Wyeth. He also denies any knowledge of the alleged association between the drugs and valvular heart disease. [*Id.* at Exh. P]. However, the contents of the affidavits contradict plaintiffs' complaint allegations and go to the merits of plaintiff's claims against the individual defendants; they cannot provide the basis for a determination that plaintiffs' claims for negligence, misrepresentation, fraud or suppression against these individuals are without merit and can be ignored in the jurisdictional analysis.

After a review of the pleadings and Alabama law, the court cannot say that plaintiffs have no possibility of establishing a cause of action against Stubblefield or Weaver. At the very least, plaintiffs have stated a legally possible claim against these defendants for negligent misrepresentation.

6

Plaintiffs have alleged that Stubblefield and Weaver misrepresented certain material facts about the risks associated with the use of Pondimin and Redux and that plaintiffs, through their physicians, reasonably relied on the representations. Even if the court assumes neither Stubblefield nor Weaver had any knowledge of the risks associated with the drugs at the time they acted as sales representatives for Wyeth, thereby foreclosing any claim for intentional misrepresentation or suppression, the court cannot say that plaintiffs have wholly failed to state a claim for negligent misrepresentation under Alabama law. *See George v. Associated Doctors Health & Life Ins. Co.*, 675 So.2d 860, 862 (Ala. 1996); *Goggans v. Realty Sales & Mortgage*, 675 So.2d 441, 443 (Ala.Civ.App. 1996). *See also Thomas v. Halstead*, 605 So.2d 1181, 1184 (Ala. 1992) ("If a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place") (citations omitted). Therefore, defendants have not satisfied their burden of coming forward with clear and convincing evidence that the joinder of Stubblefield and Weaver was fraudulent.

Accordingly, it is ORDERED that the Motion to Stay is due to be and hereby is DENIED. It is further ORDERED that the Motion to Remand is due to be and hereby is GRANTED and this action will be REMANDED to the Circuit Court of Marshall County, Alabama, fifteen (15) days after the date of entry of this order. The Motion for Sanctions is DENIED. Any party may seek a review of this order of remand pursuant to Rule 72(a), Fed.R.Civ.P.

DONE this ___11th___ day of March, 2004.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE



EXHIBIT
W

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

YOLANDA CARTER, et al.,          )

      Plaintiffs,          )

vs.          )          CV 04-AR-0446-S

WYETH, et al.,          )

      Defendants.          )

**ENTERED**
MAR 3 0 2004

## ORDER

In accordance with the accompanying memorandum opinion, the court finds that it lacks subject matter jurisdiction under 28 U.S.C. § 1447(c), and therefore that the case was improvidently removed. Accordingly, plaintiffs' motion to remand is GRANTED, and the case is REMANDED to the Circuit Court of Jefferson County, Alabama. The Clerk is directed to effectuate this order.

Costs are taxed against the removing defendant.

**DONE** and **ORDERED** this _30ᵗ_ day of March, 2004.

_____

William M. Acker, Jr.
Sr. United States District Judge



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| YOLANDA CARTER, et al., | ) |
| Plaintiffs, | ) |
| vs. | )    CV 04-AR-0446-S |
| WYETH, et al., | ) |
| Defendants. | ) |
| | ) |

**ENTERED**

MAR 3 0 2004

## MEMORANDUM OPINION

Plaintiffs have filed a motion to remand the above-entitled case to the Circuit Court of Jefferson County, Alabama, from which it was removed by defendant, Wyeth. The jurisdiction of this court has been invoked on the basis of alleged complete diversity of citizenship between plaintiffs and Wyeth. The notice of removal necessarily alleges that the two non-diverse individual defendants were fraudulently joined for the purpose of destroying removal jurisdiction. The question of the viability of plaintiffs' claims against the individual defendants, Lavender and Cherry, has been exhaustively briefed and brilliantly orally argued. The court is, in effect, being asked to rethink its recent order that remanded a virtually identical Wyeth case.

Although this court cannot predict with certainty that the Supreme Court of Alabama will, when it gets the chance, decide to allow a person allegedly injured



by a defective pharmaceutical to sue not only the manufacturer, but the manufacturer's sales representative who has innocently misrepresented the properties of the product to a treating physician, and who has never dealt directly with the injured party, neither can this court guarantee that it won't. It is amazing to this court that the issue has not yet been addressed and answered unequivocally by a binding appellate court in Alabama. Until the debate between Wyeth and its protagonists has been ended by a binding Alabama court, the benefit of the doubt goes to the plaintiff. This was as true when this court remanded a procedurally identical case, as it was true when all of Alabama's other federal judges, faced with the issue, did the same.

Even if a *nisi prius* Alabama court had expressly agreed with Wyeth in a well reasoned and persuasive opinion, something that has not happened, such an opinion would not require the same conclusion as to the state of Alabama law by this court. It takes an expression from a state <u>appellate</u> court to say that a particular theory of liability is not viable. See *Skevofilax ex rel. Skevofilax v. Sventis Pasteur, Inc.*, _F. Supp. 2d_, 2003 WL 23281561 (D. Md).

In this removal there is a unique feature that not only serves to illustrate the problem inherent in fraudulent joinder removals, but that may contribute to its answer in this case. Instead of filing the only motions that would be consistent with Wyeth's contention that a cause of action has not been stated against the non-

diverse defendants, the non-diverse defendants have filed <u>answers</u> to the complaint. In other words, the non-diverse defendants are ostensibly joining issue on the merits. Where are their Rule 12(b)(6) motions? They may not have realized the conceptual difference between an answer and a motion to dismiss, but this court cannot resist pointing it out. Any order denying plaintiffs' motion to remand would necessitate the granting of motions to dismiss on behalf of the non-diverse defendants. If the Alabama Supreme court had made clear that plaintiffs cannot sue both Wyeth and its sales reps in one suit, this court would, of course, dismiss the action against the sale reps despite the absence of motions to dismiss and would deny the motion to remand. Such is not the case.

An order granting plaintiffs' motion to remand will be separately entered.

**DONE** and **ORDERED** this _30th_ day of March, 2004.

William M. Acker, Jr.
Sr. United States District Judge



EXHIBIT

X

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JEVENARI MARSHAL, DIANE POLITO,  )
and MAXINE SMITHEY,              )
                                 )
    Plaintiffs,                  )
                                 )
vs.                              )    Case No. CV-04-TMP-179-S
                                 )
WYETH, INC., WYETH               )
PHARMACEUTICALS, INC.,           )
BEN LAVENDER, and WILLIAM OWEN,  )
                                 )
    Defendants.                  )

**ENTERED**

FEB 18 2004

## ORDER OF REMAND

This cause is before the court on the plaintiffs' emergency motion to remand, filed January 30, 2004. The motion has been briefed by both sides, and the court finds that the action is due to be remanded.

### Procedure History

Plaintiffs Marshal, Polito, and Smithey filed their joint complaint against defendants Wyeth, Inc., and Wyeth Pharmaceuticals, Inc., (hereinafter collectively "Wyeth") and two of Wyeth's pharmaceutical salesmen, Lavender and Owen, in the Circuit Court of Jefferson County, Alabama, on December 30, 2003. It alleges claims for "strict liability (defective product)," "strict liability--failure to warn," "strict liability--failure to test," negligence, breach of warranties, fraud and misrepresentation, negligent and reckless misrepresentation, and conspiracy to defraud and fraudulently conceal, all arising from the plaintiffs' use of one or both of certain diet medications manufactured and distributed by Wyeth, formerly known as American Home Products, Inc. In particular, the complaint alleges that Wyeth manufactured, marketed, and distributed two drugs,

Pondimin (fenfluramine) and Redux (dexfenfluramine), which later were recognized as associated with several medical problems, including primary pulmonary hypertension and heart valve defects. Plaintiffs allege that their doctors prescribed one or both of these drugs to them and, consequently, have suffered medical injuries due to that use. With respect to defendants Lavender and Owen, plaintiffs contend that these salesmen were one of the primary sources by which Wyeth communicated to physicians the risks and benefits associated with use of these medications and, further, that these defendants either innocently, negligently, or recklessly failed to reveal to physicians all of the information known about the risks of using Pondimin and Redux.

Defendants timely removed the action to this court on January 29, 2004, contending that the court has original diversity jurisdiction because Lavender and Owen, both Alabama residents, are fraudulently joined and should be dismissed for purposes of establishing subject-matter jurisdiction. Plaintiffs have replied in their emergency motion, filed the next day, that Lavender and Owen are not fraudulently joined and that the removal to this court was intended to do nothing more than delay the case long enough for it to be transferred to the Eastern District of Pennsylvania to be joined with an MDL case pending there. Hence, the plaintiffs have requested the court to consider their remand motion on an expedited basis before the case can be transferred to the MDL court.

### Fraudulent Joinder

The parties agree that the case involves more than $75,000 in controversy and that the plaintiffs' citizenship is diverse from that of Wyeth. They also agree that Lavender and Owen are Alabama residents and, therefore, not diverse from the plaintiffs. Plaintiffs assert for that reason that no diversity jurisdiction exists, the court lacks subject matter jurisdiction, the removal was improper,

2

and the case is due to be remanded to the state circuit court. Defendants maintain, however, that Lavender and Owens were fraudulently joined by plaintiffs simply to defeat diversity jurisdiction and, therefore, their presence in the case should be ignored for jurisdictional purposes. As the basis for this contention, defendants have offered evidence that Lavender and Owen did not sell or promote the drug Pondimin at all and that they knew nothing about the medical risks associated with Redux. Consequently, defendants argue, there is no possibility of a recovery against either Lavender or Owen, making their joinder in this action fraudulent.

The Eleventh Circuit Court of Appeals addressed the issue of removal grounded on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' B. Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981).

Id. at 1538. The standard is onerous because, absent fraudulent joinder, the plaintiffs have the absolute right to choose their forum. Courts must keep in mind that the plaintiff is the master of his complaint and has the right to choose how and where he will fight his battle.

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." Parks v. The New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc., 507 F. Supp. 740, 744 (S.D. Ga.1981)(quoting 14A C. Wright, A. Miller & E.

Cooper, Federal Practice and Procedure § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

Id.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* a claim exists. The Crowe court reiterated:

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' [B. Inc., v. Miller Brewing Co., 663 F.2d 545, 549, n.9 (5th Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' Id. at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' Id. at 548-49. When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. See id. 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993).

Id. (Emphasis added).

More recently, in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001), the court of appeals emphasized the limits of the fraudulent joinder analysis, saying:

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant, See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco

4

Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in* Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir. 1989), "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

See also Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Clearly, the fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated.

In this case, the court is persuaded that the plaintiffs have stated a legally possible claim against the non-diverse defendants, Lavender and Owen, in the form negligent fraud claims. To state such a possible claim, the plaintiffs need only allege that Lavender and Owens misrepresented certain material facts about the risks associated with use of Pondimin[1] and Redux and that plaintiffs, through their physicians, reasonably relied upon such misrepresentations. It is unimportant that Lavender and Owen did not know of the risks and, therefore, did not *intentionally* misrepresent the risks associated with these drugs. Alabama law recognizes an action for innocent or negligent

---

[1] Lavender and Owen have given affidavits in which they state they never sold, marketed, or promoted the drug Pondimin. They reason from this and the fact that plaintiff Smithey took only Pondimin that there is no possibility that, at the very least, Smithey has any claim against them. They nonetheless admit that when questioned by physicians about Pondimin, they attempted to provide answers based on the information they received from Wyeth. Thus, it remains "possible," as alleged in the complaint, that they made misstatements about the risks of use of Pondimin as well as Redux. Whether that "possibility" is something that can be developed factually goes to the merits of the claim and is beyond the fraudulent joinder analysis the court must undertake.

5

misrepresentation as well as for reckless and intentional misrepresentations. For example, the Alabama Court of Civil Appeals has explained:

> An innocent misrepresentation is as much a legal fraud as an intended misrepresentation. The good faith of a party in making what proves to be a material misrepresentation is immaterial as to whether there was an actionable fraud. Smith v. Reynolds Metals Co., 497 So, 2d 93 (Ala. 1986). Under the statute, even though a misrepresentation be made by mistake and innocent of any intent to deceive, if it is a material fact and is acted upon with belief in its truth by the one to whom it is made, it may constitute legal fraud. Mid-State Homes, Inc. v. Startley, 366 So. 2d 734 (Ala. Civ. App. 1979).

Goggans v. Realty Sales & Mortgage, 675 So. 2d 441, 443 (Ala. Civ. App., 1996); see also Cain v. Saunders, 813 So. 2d 891 (Ala. Civ. App. 2001).

Even if the court assumes that Lavender and Owen did not know of the PPH and valvular heart disease risks associated with these drugs and, therefore, did not recklessly or intentionally misstate what *they* knew, their innocent misrepresentations, at least as alleged by the complaint, understating the risks constitute a "possible" cause of action in Alabama. As long as it is possible that a state court may find that the complaint states a claim against the non-diverse defendant, even if it is a claim with poor prospects of ultimate success, the non-diverse defendant has not been fraudulently joined and the case must be remanded for lack of proper diversity jurisdiction.

The court is persuaded that the defendants have not carried the "heavy burden" of showing fraudulent joinder of Lavender and Owen. There is a possibility that the plaintiffs can state a claim against them, as sales representatives who met with physicians and answered questions regarding the risks and benefits of these drugs, for negligently or innocently misrepresenting the material facts concerning the risks associated with the drugs. At the very least, the claim against Lavender and

6

Owen is not so clearly lacking in substance that the court assuredly has subject-matter jurisdiction of this case. Questions must be resolved in favor of remand. In a contested removal, a presumption exists in favor of remanding the case to state court; accordingly, all disputes of fact must be resolved in favor of the plaintiff and all ambiguities of law must be resolved in favor of remand. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Whitt v. Sherman International Corp., 147 F.3d 1325 (11th Cir. 1998). Because Lavender and Owen are not fraudulently joined in this action, diversity jurisdiction is lacking and the court must remand the case to the state court.

<div align="center">Order</div>

Based on the foregoing considerations, it is therefore, ORDERED that the plaintiffs' motion to remand is due to be and hereby is GRANTED. Upon the expiration of fifteen (15) days from the date of this Order, the Clerk is DIRECTED to REMAND this action to the Circuit Court of Jefferson County, unless stayed by further Order of the court.

Any party may seek a review of this Order pursuant to Federal Rule of Civil Procedure 72(a) within ten (10) days after entry of this Order. Failure to seek a review may be deemed consent to the entry of this Order. See Roell v. Withrow, ___ U.S. ___, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003).

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this 18th day of February, 2004.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

7



EXHIBIT

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

04 JAN 30 PH 3: 46

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| SANDRA STOREY, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | CV-04-BE-27-E |
| | ] | |
| WYETH, INC., WYETH | ] | |
| PHARMACEUTICAL, and | ] | |
| ANTHONY CHERRY, | ] | |
| | ] | |
| Defendants. | ] | |
| | ] | |
| | ] | |
| | ] | |

**ENTERED**

JAN 3 0 2004

## MEMORANDUM OPINION AND ORDER REMANDING CASE TO STATE COURT

The case comes before the court on the plaintiff's "Motion to Remand" (Doc. 5). Having reviewed the entirety of the pleadings and briefs of counsel, the court hereby GRANTS the motion to remand. The court is not persuaded that the plaintiffs failed to state a viable claim against the non-diverse defendant, or that the non-diverse defendant was fraudulently joined, and, thus, is not persuaded that the case was properly removed for the reasons stated below.

The defendants removed this case to federal court on January 7, 2004, from the Circuit Court of Calhoun County, Alabama. Although the complaint purports to state claims against corporate defendants who admittedly are not Alabama residents, it also names as a defendant Anthony Cherry, admittedly a resident of Alabama, whose presence precludes removal under 28 U.S.C. § 1441. Defendants argue, however, that Mr. Cherry is fraudulently joined.

The standard for successfully removing a case from state to federal court is a high one,

10

and the burden rests heavily upon the removing party to establish that federal jurisdiction exists. See Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983). This burden is especially high when the defendants allege fraudulent joinder as the basis for subject matter jurisdiction. See Pacheco de Perez v. AT&T Company, 139 F.3d 1368, 1381 (11th Cir. 1983). In making the fraudulent joinder determination, a district court "must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in plaintiff's favor." Pacheco de Perez, 139 F.3d at 1380.

To establish fraudulent joinder, the removing party must show either (a) that the plaintiff would have no possibility of establishing a cause of action against a non-diverse defendant in state court, or (b) that the plaintiff's pleading of jurisdictional facts has been made fraudulently. Cabalceta, 883 F.2d at 1561. Furthermore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." Coker, 709 F.2d at 1440-41; see also Pacheco de Perez, 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").

This court must construe removal jurisdiction narrowly, *with all doubts resolved in favor of remand.* See University of So. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). In making its determination, the court should not speculate about the futility of the plaintiff's claim in state court. Id.

Although whether the plaintiff will be able to successfully prove Mr. Cherry's liability is unclear, this court will not speculate that the plaintiff has *no* possibility of establishing its claims

of negligence and fraud against this non-diverse defendant. Little, if any, discovery has been done to date in this case; thus, this court cannot make rash decisions regarding actions made by the defendants and their resulting consequences. Nor can the court conclusively determine that the plaintiff would not be successful in urging her various theories under Alabama law.

Similarly, the court is not prepared to conclude that the plaintiff's fraud claims should be struck for lack of specificity. While the complaint is indicative of a "form" pleading, it adequately informs the defendants of the nature of the fraud.

Because the defendants have not clearly proven that this court has jurisdiction based on diversity under 28 U.S.C. § 1332, and because this court must resolve all doubts in favor of remand, the Plaintiff's Motion to Remand is hereby GRANTED. The clerk is ordered to transfer the file on this case back to the Circuit Court of Calhoun County, Alabama.

DONE and ORDERED this 30th day of January, 2004.

KARON OWEN BOWDRE
UNITED STATES DISTRICT COURT



FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

04 FEB -3  AM 10: 15

U.S. DISTRICT COURT
N.D. OF ALABAMA

SANDRA CASH,                    )
                                )
        Plaintiff,              )
                                )
                                )
                                )
vs.                             )      CIVIL ACTION NO. 03-RRA-3378-E
                                )
WYETH, et al.,                  )
                                )
        Defendants.             )

**ENTERED**
FEB - 3 2004



### MEMORANDUM OF DECISION

    This action was removed from the Circuit Court of Calhoun County, Alabama. The plaintiff has filed a motion to remand. The complaint alleges that she suffered valvular heart disease as a result of taking the drug Pondimin or Redux. (The defendants state that the plaintiff took Pondimin only.) The question before the court is whether defendant Anthony Cherry, Wyeth's sales representative, was fraudulently joined as a defendant in order to defeat diversity jurisdiction.

    Remand must be granted if there is a possibility that the state court would find that the plaintiff has stated a claim against the defendant in question. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). Evidence may be considered as well as the allegations in the complaint:

> To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff. *Id.* at 549. The federal court makes these determinations based on the plaintiff's pleadings at the

time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties.

*Crowe v. Coleman*, 113 F.3d 1536, 1538 (11ᵗʰ Cir. 1997), *quoting B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981). Along with other submissions, the defendants have submitted the affidavit of Cherry, and the plaintiff has presented the affidavit of her doctor, Omar Khalaf. The parties have not conducted discovery.

The complaint alleges the following against Cherry:

22. Upon information and belief the positive tortious acts which were committed by the Sales Rep Defendant in his individual and/or corporate capacity, include, but are not limited to, the following:

a.  Sales Rep Defendant failed to convey adequate warnings to the Plaintiff through the prescribing physician set forth above regarding the risks of prescribing fenfluramine (Pondimin®) and dexfenfluramine (Redux™);

b.  Sales Rep Defendant was in the business of marketing, promoting, selling and/or distributing the unreasonably dangerous pharmaceutical drug fenfluramine (Pondimin®) and dexfenfluramine (Redux™) which has caused harm to the Plaintiff SANDRA CASH;

c.  Sales Rep Defendant negligently distributed, marketed, advertised and/or promoted the drugs fenfluramine (Pondimin®) and dexfenfluramine (Redux™);

d.  Sales Rep Defendant made fraudulent and reckless misrepresentations regarding the character, safety and efficacy of the drug fenfluramine (Pondimin®) and dexfenfluramine (Redux™), and;

e.  Sales Rep Defendant, with knowledge of unreasonable risks associated with the ingestion of fenfluramine (Pondimin®) and dexfenfluramine (Redux™), alone and/or in combination with phentermine continued to make misrepresentations regarding the character, safety and efficacy of drug fenfluramine (Pondimin®) and dexfenfluramine (Redux™), while providing and/or offering incentives, rebates, reimbursements, perks, and/or other consideration to Plaintiff's prescribing physician

2

in furtherance of attempting to influence the prescribing of said diet drugs.

23. Defendant Anthony Cherry is a citizen of Calhoun County and is over nineteen years of age. At all times material hereto, this Defendant was <u>in the business of promoting, marketing , developing, selling and/or distributing the pharmaceutical drugs fenfluramine and/or dexfenfluramine in the State of Alabama and did market, develop, sell, detail and/or distribute said drugs to Plaintiff, Sandra Cash's prescribing physician, Omar Khalaf, M.D.</u> This defendant was also involved in a <u>conspiracy to conceal certain information relating to the dangers associated with the subject drug</u> products from the consuming public, including but not limited to Plaintiff.

*Complaint*, ¶¶22-23 (emphasis added). Thus, the complaint alleges that Cherry failed to warn of the dangers of Pondimin, negligently marketed and distributed this dangerous drug, recklessly and intentionally misrepresented its dangers, and conspired to conceal its dangers.

The defendants state that under Alabama law the plaintiff clearly cannot state a claim against Cherry. They cite law holding that, absent personal participation, an employee is not liable for the negligence of his employer, that the fraud and conspiracy claims are not pled with particularity, and that a conspiracy claim fails when the claims underlying the conspiracy fail. Moreover, they factually contend that Cherry said nothing about Pondimin whatsoever. Relying on Cherry's affidavit, the defendants state that Cherry did not even promote Pondimin, that Wyeth composed warnings and other information concerning Pondimin for Cherry, who was not a part of that process, and that Cherry did not have the expertise to question the accuracy of any information supplied by Wyeth. Cherry further states in his affidavit that he was unaware of any association between Pondimin and the heart disease of which the plaintiff complains, and he made no representation whatsoever concerning this

3

drug. The defendants assert in their written opposition to remand that this evidence is uncontroverted. However, Dr. Khalaf states that Cherry visited his office and "promoted and marketed" Pondimin, *Khalaf Affidavit*, ¶3, and that Cherry "continuously represented that [Pondimin and Redux] were safe and effective. Also, [Cherry] represented to [him] that the drugs were safe and effective for long term use," *id.* at ¶6.[1] Khalaf additionally states:

> The reliance I placed on Mr. Cherry and Mr. Lavender regarding safety issues for Pondimin and Redux was made even more critical by the fact that warnings to physicians prescribing Pondimin and Redux that these drugs could cause valvular heart disease were not contained in the Physicians' Desk Reference ("PDR") until the 1998 edition, which was after Pondimin and Redux were withdrawn from the market.

*Id.* at ¶7.


### Whether to Defer to MDL Judge

The defendants want the court to allow this remand issue to go to the MDL court. In her motion to remand, the plaintiff responds that in an MDL hearing the judge "indicated a preference" for all remand motions to be handled by the various district courts. In their written opposition to remand, the defendants respond that a copy of the transcript of the 1998 hearing stating such "sentiments" has not been supplied by the plaintiff. The defendants, however, do not deny that the judge did, in fact, indicate such a preference.

The defendants refer to statements in an August, 2003 memorandum written by the MDL judge:

---

[1] Materials presented to the court by the defendants included information sent to Wyeth's sales force. In "Questions and Answers About Pondimin" and in the Pondimin "Fact Sheet" it is stated that Pondimin is for short-term use.

4

> [R]ecurrent issues have continued to emerge in connection with motions to remand to
> state courts cases removed by Wyeth on the basis of diversity of citizenship. We have
> now developed a broader perspective than is usually available to individual transferor
> courts in dealing with widespread efforts fraudulently to join Phentermine
> manufacturers as a tactic to thwart removal of cases to the federal courts. Likewise,
> we are continuing to address the fraudulent joinder of individual physicians and
> pharmacies as defendants as a means to prevent removal. Many of these issues have
> common patterns as well as ramifications far beyond any specific case. Again, we
> believe these issues are best resolved in a uniform manner through the coordinated
> proceedings of MDL 1203.

This memorandum was addressing motions to remand all pending *cases* to the various

transferor courts on the ground that the MDL had done its work. The court gave several

reasons why the cases should not be remanded to the transferor courts, one of which was that,

after all its work, the MDL had developed a "broader perspective than is usually available"

to the transferor courts in dealing with motions to remand to state courts based on fraudulent

joinder.

Also, the defendants cite *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990):

> Agent Orange cases are particularly well-suited for multidistrict transfer, even where
> their presence in federal court is subject to a pending jurisdictional objection. The
> jurisdictional issue in question is easily capable of arising in hundreds or even
> thousands of cases in district courts throughout the nation. That issue, however,
> involves common questions of law and fact, some or all of which relate to the Agent
> Orange class action and settlement, *see In re "Agent Orange" Prod. Liab. Litig.*, 611
> F.Supp. 1396 (E.D.N.Y.1985), *aff'd in part, rev'd in part*, 818 F.2d 179 (2d Cir.1987),
> *cert. denied*, 487 U.S. 1234, 108 S.Ct. 2899, 101 L.Ed.2d 932 (1988), and there are
> real economies in transferring such cases to Judge Weinstein, who has been handling
> the Agent Orange litigation for several years, *see In re "Agent Orange" Prod. Liab.
> Litig.*, MDL No. 381, 818 F.2d 145, 154-59 (2d Cir.1987) (describing history of
> proceedings before Judge Weinstein), *cert. denied*, 484 U.S. 1004, 108 S.Ct. 695, 98
> L.Ed.2d 647 (1988). Once transferred, the jurisdictional objections can be heard and
> resolved by a single court and reviewed at the appellate level in due course.
> Consistency as well as economy is thus served. We hold, therefore, that the MDL

5

> Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending, *cf. United States v. United Mine Workers,* 330 U.S. 258, 290, 67 S.Ct. 677, 694, 91 L.Ed. 884 (1947) (district court has authority to issue injunction while jurisdictional questions are pending), that objection to be resolved by the transferee court.

*Id.* at 9. This language points out what lies at the heart of MDL litigation: common questions of law or fact.

The question of whether Cherry was negligent or made fraudulent statements is specific to this case. The MDL court would not be in a better position to decide remand than this court. Also, this court has heard oral argument and considered the parties' contentions. Wherefore, the court will exercise its discretion to decide the question of fraudulent joinder.

### Whether There Is Fraudulent Joinder

The defendants' argument against remand is premised upon the evidence being uncontroverted that Cherry did not promote or market or make any representation to Dr. Khalaf about Pondimin. If that were true, the motion to remand might be due to be denied. But there is clearly a factual dispute about what Cherry did and said, as Dr. Khalaf states that Cherry visited his office, promoted and marketed Pondimin, and represented that Pondimin was safe and effective for long-term use. Wherefore, there is at least a possibility that the plaintiff has a claim against Cherry.

### Decision

For the reasons stated above, the court has decided to exercise its discretion to decide

6

the remand issue, this is not a case of fraudulent joinder, and the motion to remand is due to be granted for lack of subject matter jurisdiction. An appropriate order will be entered.

DONE this _2nd_ day of February, 2004.

Robert R. Armstrong, Jr.
United States Magistrate Judge

7



**EXHIBIT**

AA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

MICHAL HALL and
GARY HALL,

    Plaintiffs,

v.                        Case No. CV 04-J-0434 NE

WYETH, et al.,             ENTERED

    Defendants.            MAR 19 2004

**MEMORANDUM OPINION**

This matter is before the court *sua sponte*. The court finds that it lacks subject

matter jurisdiction over the above-entitled removed case because the removing

defendant has failed to carry its heavy burden of proof of fraudulent joinder and the

attendant lack of complete diversity of the parties. The court finds as follows:

Plaintiffs filed suit in the Circuit Court of Madison County against defendant

Wyeth Inc. ("Wyeth"), and two of defendant Wyeth's pharmaceutical sales

representatives, Stacy Stubblefield ("Stubblefield") and Michael Sullivan

("Sullivan"). The parties do not dispute that at least one of the sales representatives,

Stubblefield, is an Alabama resident. The plaintiffs assert claims under the Alabama

Extended Manufaturer's Liability Doctrine (AEMLD), negligence, breach of

warranties, misrepresentation and suppression, civil conspiracy and loss of

consortium arising from plaintiff Michal Hall's use of the diet drug Pondimin alone

and/or in combination with Phentermine. Defendant Wyeth removed this action from the Circuit Court of Madison County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and that the individual defendant Stubblefield was fraudulently joined as the plaintiffs have no reasonable possibility of prevailing on any of their claims against him. Notice of Removal, ¶¶ 4, 8.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Assocs.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship.").

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder of the non-diverse party, as alleged by the defendant. Joinder is fraudulent when "there is no possibility that the plaintiff would be able to establish a cause of action against the resident [non-diverse] defendant." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).

"If there is *even a possibility* that a state court would find that the
complaint states a cause of action against any one of the resident
defendants, the federal court must find that the joinder was proper and
remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The
plaintiff need not have a winning case against the allegedly fraudulent
defendant; he need only have a possibility of stating a valid cause of
action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

The defendant, as the party removing the action to federal court, has the burden
to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368,
1373 (11th Cir. 1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). All
doubts (and uncertainties) about federal court jurisdiction must be resolved in favor
of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.
1994); *Diaz*, 85 F.3d at 1505. "The burden of the removing defendant is a 'heavy
one.'" To determine whether the case should be remanded, the district court must
evaluate the factual allegations in the light most favorable to the plaintiff and must
resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe
v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).[1]

---

[1] This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor
Insurance Company*, 31 F.3d 1092, 1095 (11th Cir. 1994), where the Court stated "Federal courts
are courts of limited jurisdiction. While a defendant does have a right, given by statute, to
remove in certain situations, plaintiff is still the master of his own claim. [citations omitted]
Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . .
removal statutes are construed narrowly; . . . uncertainties are resolved in favor of remand.
[citations omitted]".

3

Plaintiffs allege in their complaint that each of the individual defendants promoted, distributed, sold, and/or marketed Pondimin and Redux and made representations to plaintiff Michal Hall's prescribing physician concerning these drugs. Complaint ¶¶ 16, 19, 37-40, 71-88. Based on these representations, the plaintiff was prescribed these drugs by her physician. *Id.* Defendant Wyeth asserts that the non-diverse defendant never promoted Pondimin and hence, said individual defendant can not be liable for the plaintiffs' injuries from Pondimin. Notice of Removal, ¶ 10. However, this argument goes to the merits of the plaintiffs' claims against the non-diverse defendant, which is not the issue before this court. The fact that plaintiffs may not ultimately prevail against any of the individual defendants is not a proper inquiry for this court in considering a motion to remand.

Rather, this court may only consider whether the plaintiffs have the possibility of stating a valid cause of action against the non-diverse defendant. *Triggs*, 154 F.3d at 1287. Stubblefield does not deny that he made representations concerning Pondimin or Redux to physicians based on information provided to him by Wyeth. Affidavit of defendant Stubblefield.[2] Because the court need only find one possible valid cause of action against the non-diverse defendant, the court considers only the

---

[2] The court notes that defendant Stubblefield's affidavit omits a heading indicating what County and State in which the notary public serves. The court further notes that the affidavit of defendant Sullivan has the style of a different case.

4

plaintiffs' claim of fraudulent misrepresentation and suppression, which the plaintiff has pleaded against all defendants.

To establish misrepresentation under Alabama law, irrespective of whether the misrepresentation was made willfully, recklessly, or mistakenly, the plaintiff must prove: "(1) a false representation; (2) that the false representation concerned an existing material fact; (3) that the plaintiff relied on the false representation; and (4) that the plaintiff was damaged as a proximate result of the reliance." *Chase v. Kawasaki Motors Corp.*, 140 F. Supp. 2d 1280, 1291 (M.D. Ala. 2001). The fact that the representation was made to a different individual than the one suffering the injury is not fatal to a claim for misrepresentation under Alabama law. *See Thomas v. Halstead*, 605 So. 2d 1181, 1184 (Ala. 1992) ("if a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place"); *Chase*, 140 F. Supp. 2d at 1291, n. 8 ("The court notes that under Alabama law it is not always required that a plaintiff prove that a misrepresentation was made directly to him, so long as his injuries resulted from the misrepresentation"). Thus "there is a duty not to make a false representation to those to whom a defendant intends, for his own purposes, to reach and influence by the representation." *Wheelan v. Sessions*, 50 F. Supp. 2d 1168, 1174 (M.D. Ala. 1999).

5

(quoting *Colonial Bank of Ala. v. Ridley & Schweigert*, 551 So. 2d 390, 396 (Ala. 1989)).

Common sense dictates that the reason drug representatives make representations to physicians is to encourage physicians to prescribe the products the representatives promote to the physicians' patients. In other words, a drug representative should reasonably foresee that physicians' reliance on his representations will cause physicians to prescribe the products he promotes to the physicians' patients for their consumption. There can be no other purpose for the promotion of said products to physicians. Such a situation is clearly within Alabama law on third party standing in misrepresentation cases. "[T]he entire basis for third party standing in misrepresentation cases is that the deceiver contemplated that the third party would be induced to act by the deceiver's misstatements made to someone else." *Chase*, 140 F. Supp. 2d at 1293 (citing *Sims v. Tigrett*, 229 Ala. 486, 158 So. 326, 330 (1934)). *See also Ex parte Grand Manor, Inc.*, 778 So. 2d 173, 182 (Ala. 2000) ("If the fraudulent statement is made with the intent and expectation that the one to whom it is made will pass the statement on to the plaintiff, then the plaintiff is entitled to rely on that statement, even if it is not made personally or directly to the plaintiff."); 37 AM. JUR. 2D § 292 ("Third parties may recover damages for a fraudulent misrepresentation if they can establish that they relied upon the

6

misrepresentation to their detriment and that the defendant intended the misrepresentation to be conveyed to them."). The court is therefore of the opinion that the plaintiffs have stated a cause of action for misrepresentation against the non-diverse defendant.

Under Alabama law, this meets the requirement of "a possibility" of stating a valid cause of action. That is all that is necessary for joinder not to be fraudulent. The allegation that the individual defendants misrepresented material facts about Pondimin and Redux to a physician, who thereafter, and in reliance on said representations, prescribed these medications to a patient who was injured by them, possibly states a valid cause of action. The fact that the drug representatives made no attempt to ascertain the truth of the facts they presented is not a bar to liability under Alabama law. Rather, even an innocent misrepresentation made in good faith may constitute a legal fraud if such misrepresentation is of a material fact. *See Goggans v. Realty Sales & Mortgage*, 675 So. 2d 441, 443 (Ala. Civ. App. 1979).

Having reviewed the allegations set forth in the plaintiffs' complaint, the court finds such allegations do state a possible cause of action against the resident defendant. The plaintiffs need not have a winning case against the allegedly fraudulent defendant; they need only have a possibility of stating a valid cause of

action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287. That possibility exists in the pleadings before this court.

Having found that the plaintiffs have stated a claim against the non-diverse defendant, this court finds that complete diversity between all parties is lacking. *See* 28 U.S.C. §§ 1332 and 1441(b) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."). Thus, the court finds that the joinder was proper and must remand the case to the state court. *See Coker*, 709 F.2d at 1440-41.

The court having considered the foregoing and finding that this case has been improvidently removed, the court shall grant the plaintiff's motion to remand this case to the Circuit Court of Madison County, Alabama, by separate Order.

DONE this the ____9____ day of March, 2004.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

8.