IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM RANDOLPH HALL, SR., As the Administrator of the Estate of WILLIAM RANDOLPH HALL, JR. )<br><br>Plaintiff, )<br><br>vs. )<br><br>PFIZER INC; PHARMACIA CORPORATION; MONSANTO COMPANY; G.D. SEARLE, LLC; ROBERT VANDELUNE; SAMUEL KLEMENT; JAMIE PEACOCK; BEN MCCLURKIN, ROD MCWHORTER; AND TIFFANY GUCKENBERY )<br><br>Answering Defendants. ) | CIVIL ACTION NO. 2:05-CV-0941-F |

## DEFEENDANTS' MOTION FOR A STAY OF ALL PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT LITIGATION PROCEEDING

Defendants G.D. Searle LLC ("Searle"), Pharmacia Corporation ("Pharmacia" and also improperly captioned in Plaintiff's complaint as Monsanto Company), and Pfizer Inc. ("Pfizer") (the "Corporate Defendants") respectfully move the Court to stay all proceedings in this case, including the consideration of plaintiff's Motion to Remand, pending the transfer of this case to the United States District Court for the Northern District of California for consolidated and coordinated pre-trial proceedings as part of *In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation*, MDL-1699.

### INTRODUCTION

This case is one of numerous actions filed nationwide asserting products liability or marketing/sales practices claims against the Corporate Defendants with respect to the

prescription medication Celebrex. On September 6, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order, pursuant to 28 U.S.C. § 1407, establishing an MDL proceeding in the Northern District of California (MDL-1699) for such Celebrex actions. *See In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig.*, No. 1691 *et al.*, 2005 WL 2206577, at *1-*2 (J.P.M.L. Sept. 6, 2005) (Exh. A). The JPML's order not only immediately transferred 31 pending federal cases to the MDL court, but also recognized that the JPML had already "been notified of more than 100 potentially related actions pending in multiple federal districts," and stated that such additional actions would be treated as potential "tag-along actions." *Id.* at *1 n.1. This case is expected to become a "tag-along" action transferable to MDL-1699 pursuant to Rules 7.4 and 7.5 of the Rules of Procedure of the JPML. *See Rules of Procedure of the Judicial Panel on Multidistrict Litig.*, 199 F.R.D. 425 (J.P.M.L. 2001). Accordingly, to conserve judicial resources and prevent inconsistent pretrial orders, Corporate Defendants request that this Court stay all proceedings in this case pending MDL transfer. This request will not result in any prejudice to plaintiff, but will work "to the overall benefit of the parties" and the federal judiciary. *See* 2005 WL 2206577, at *1 (discussing the efficiencies occasioned by the creation of MDL 1699).

## ARGUMENT

The proceedings in this case should be stayed pending transfer to MDL-1699. Section 1407(a) of title 28 of the United States Code provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). The JPML consistently has recognized that the primary purpose of consolidating such cases is to conserve judicial and party resources, avoid duplicate discovery, prevent inconsistent pretrial rulings, and avoid conflicting scheduling requirements. *See, e.g., In re Acacia Media Techs.*

2

*Corp. Patent Litig.*, 360 F. Supp. 2d 1377, 1379 (J.P.M.L. 2005). Given these considerations, "[c]ourts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good* v. *Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (citing cases).

Here as well, as the JPML explained in creating MDL-1699, "centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pre-trial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig.*, 2005 WL 2206577, at *1 (concluding that the creation of MDL-1699 "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation"). The JPML further noted that MDL-1699 will enable a single federal judge to coordinate discovery and "ensure[] the pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." *Id.*, 2005 WL 2206577, at *1; *see also id.* ("We are confident in the [MDL] judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims."); *id.* (stating the MDL judge possesses the "time and experience" to "prudent[ly]" resolve this litigation). Permitting pretrial proceedings to proceed in this case despite its impending transfer to MDL-1699 would invite the very problems that MDL proceeding is designed to avoid: duplication of discovery and pretrial orders, inconsistent pretrial rulings, and the inefficient use of judicial and private resources. *See id.*; *see also In re Acacia*, 360 F. Supp. 2d at 1379.

That a motion to remand has been filed does not affect the propriety of staying this case pending transfer to the MDL. Alabama courts have stayed determination of threshold

jurisdictional issues pending MDL transfer. In fact, in *Nelson v. Pfizer Inc., et al.*,[1] Corporate Defendants filed an almost identical Motion to Stay All Proceedings Pending Transfer To Multidistrict Litigation Proceeding [MDL-1699]. The plaintiff in *Nelson*, like the plaintiff at bar, filed a Motion to Remand. Chief Judge Fuller granted Corporate Defendants' Motion to Stay, and ordered that "[a] ruling on Plaintiff's Motion to Remand…is WITHHELD pending a final decision from the Panel on Multidistrict Litigation on transfer of this case to the multi-district litigation proceeding." (*See* Order dated 10/20/05, attached hereto as Exh. B). As a result, the MDL panel will be deciding an identical plaintiff's Motion to Remand involving the exact same issues, factual allegations and defendants. *See also, Muscat v. Bayer,* No. CV-03-0506-CB-C (S.D. Ala. Jan. 14, 2004)(order granting stay despite pending motion to remand)(Attached as Exh. C); *see also Gould v. National Life Ins. Co.*, 990 F.Supp. 1354, 1362-63 (M.D. Ala. 1998) *citing Adams v. The Prudential Ins. Co.*, No. 97-S-814-N (M.D. Ala., July 30, 1997) (Coody, J.) (in deciding to transfer a duplicative nation-wide class action prior to considering plaintiff's motion to remand, the Court noted that numerous Alabama judges have decided to transfer motions to remand along with the case to MDL); *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (affirming transfer of case by JPML where a motion to remand was pending); *Board of Trs. of Teachers' Retirement Sys. of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002)(staying case, including determination of plaintiff's motion to remand, pending JPML transfer decision, and stating "[h]aving one court rather than three decide complex jurisdictional issues obviously saves judicial resources").[2]

---

[1] *Nelson v. Pfizer Inc., et al.*, In the United States District Court for the Middle District of Alabama, CV 2:05-CV-832-F.
[2] *See, e.g., Mathern v. Wyeth*, No. Civ.A.04-2116, 2004 WL 1922028, at *1 (E.D. La. Aug. 25, 2004) (Livaudais, J.) (staying determination of motion to remand pending JPML transfer where fraudulent joinder was at issue to "promote judicial efficiency and avoid conflicting rulings");

Indeed, even prior to the creation of MDL-1699, the JPML expressly instructed federal district judges with Bextra or Celebrex-related cases included in the initial MDL applications that staying consideration of a pending remand motion "may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization." JPML Ltr. Re: MDL-1699-*In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig.* at 1 (J.P.M.L. May 13, 2005) (Attached as Exh. F). Those considerations are present here. The MDL Court is well-positioned to decide the remand-related issue in this and other cases involving allegations of fraudulent joinder. Allowing the transferee court to also resolve the jurisdictional issue involved in plaintiff's Motion to Remand will ensure that the JPML's goals of efficiency and consistency are fulfilled through uniform rulings on similar jurisdiction questions. *See, e.g., Board of Trs. of Teachers' Retirement Sys. of Ill.*, 244 F. Supp. 2d at 905.

Thus, staying all proceedings in this case pending MDL transfer would promote the uniformity of decisions and conservation of the parties' and federal courts' limited resources. *See* 2005 WL 2206577, at *1 (discussing the benefits of MDL-1699, including eliminating duplicative discovery, avoiding inconsistent rulings, conserving resources, and streamlining resolution of overlapping issues).

---

*Fountain v. Johnson & Johnson Co.*, Case No. 01-0380-CV-W-4, slip op. at 5 (W.D. Mo. June 22, 2001) ("[B]y sending the remand issue to the MDL court, the Plaintiffs are much more likely to be treated uniformly with other similarly situated plaintiffs. By having one judge determine all remand issues throughout the nation, all . . . plaintiffs are likely to avoid inconsistent results.") (Attached as Exh. D); *In re Diet Drugs*, MDL No. 1203, slip op. at 1-2 (J.P.M.L. Mar. 31, 1998) ("the various jurisdictional or quasi-jurisdictional motions—for remand to state court, voluntary dismissal or joinder of additional defendants—pending in many of these actions can be presented to and decided by the transferee [MDL] court") (Attached as Exh. E); *but cf., Retirement Systems of Alabama v. J.P. Morgan Chase & Co.*, 285 B.R. 519 (M.D. Ala. 2002) (a bankruptcy action in which the court distinguishes the situation from the *Gould* decision, 990 F.Supp. 1354).

5

## CONCLUSION

For these reasons, Corporate Defendants respectfully request that the Court stay all proceedings in this case pending transfer to the MDL-1699.

Respectfully submitted,

*/s/ Michael L. Wade*
Lawrence B. Clark    (CLA-012)
Gilbert C. Steindorff, IV (STE-173)
Michael L. Wade, Jr.  (WAD-020)
*Counsel for the Corporate Defendants*

OF COUNSEL:
ADAMS & REESE / LANGE SIMPSON LLP
2100 3rd Avenue North, Suite 1100
Birmingham, AL 35203
205.250.5000
205.250.5034 (fax)

## CERTIFICATE OF SERVICE

  I, the undersigned, hereby certify that on the 21st day of October, 2005, I caused the foregoing to be filed via the CM/ECF system, which will automatically provide electronic notice to the following counsel of record:


Navan Ward, Jr.
Andy D. Birchfield, Jr.
Paul Sizemore
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103

              OF COUNSEL