IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID MUSCAT and CHERRY LYNN MUSCAT, <br><br> Plaintiffs, <br><br> v. <br><br> BAYER AG, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 03-0506-CB-C <br> ) <br> ) <br> ) |

## ORDER

At issue in this matter is whether proceedings should be stayed pending a transfer decision by the Judicial Panel on Multidistrict Litigation (MDL Panel) and, if not, whether this action should be remanded to the state court from which it was removed. Defendants removed this action alleging diversity jurisdiction. Defendants subsequently notified this Court and the MDL Panel that this action was a potential tagalong action to an MDL matter pending in the District of Minnesota, *In re Baycol Products Liability Litigation*, MDL No. 1431. Shortly after removal, defendant Bayer filed a motion to stay all proceedings in this action pending transfer by the MDL Panel (doc. 5), and defendant Stephen Kahalley filed a motion to dismiss (doc. 6). Plaintiffs have filed an objection to the motion to stay (doc. 11), an opposition to the motion to dismiss (doc. 12) and a motion to remand (doc. 13).[1] For reasons discussed below, the Court finds that a stay is appropriate.

A district court has the authority to stay proceedings in cases pending before it. *Landis v.*

---

[1] The MDL Panel issued a conditional transfer order. Plaintiffs' objection to that order is currently under submission by the MDL Panel.

*North American Co.*, 299 U.S. 248 (1936); *CTI-Container Leasing Corp. v. Uiterwyk*, 685 F.2d 1284 (11th Cir. 1982). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 166. This authority extends to cases in which a transfer decision by the MDL Panel is pending.[2] *See, e.g., Hertz Corp. v. The Gator Corp.*, 250 F.Supp.2d 421, 424 (D.N.J. 2003). The existence of jurisdictional objections do not affect either the transferor court's ability to issue a stay or the MDL Panel's authority to transfer an action. *Moore v. Wyeth-Ayerst Laboratories*, 236 F.Supp.2d 509, 512 (D. Md. 2002).

A stay of proceedings in potential MDL cases is appropriate when it promotes judicial economy and efficiency. *Rivers v. Walt Disney Co.*, 908 F.Supp. 1358, 1360 (C.D. Cal. 1997). When jurisdictional issues are raised that may arise "in hundreds or even thousands of cases throughout the nation . . . consistency as well as economy [are] . . . served" by having those issues decided by a single court. *In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990); *accord In re Air Crash Disaster at Florida Everglades*, 368 F.Supp. 812 (J.P.M.L. 1973). Consequently, a stay is appropriate where the motion to remand raises issues that have been or are likely to be decided by the transferee court. *See, e.g., Gonzalez v. American Home Products Corp.*, 223 F.Supp.2d 803 (S.D. Tex. 2002) (granting motion to stay despite pending motion to remand because dispositive issue was probably common to other related MDL cases); *Moore*, 236 F.Supp.2d at 510-11 (granting motion to stay where transferee court had already decided similar motions to remand); *Medical Society of State of New York v.*

---

[2] The existence of a conditional transfer order does not divest the transferor court of jurisdiction, 18 U.S.C. § 1407; JPML Rule 1.5.

2

*Connecticut General Corp.*, 187 F.Supp.2d 89 (S.D.N.Y. 2001) (same); *but see Shields v. Bridgestone/Firestone, Inc.*, 232 F.Supp.2d 715 (E.D. Tex. 2002) (denying motion to stay and deciding motion to remand in case pending MDL transfer); *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804 (N.D. Cal. 1998) (same).

The jurisdictional issue in this case is whether defendant Kahalley, a physician, was fraudulently joined to defeat federal subject matter jurisdiction. Motions to remand involving fraudulent joinder of nondiverse physicians have been addressed by the transferor court at least twice.[3] *See In re Baycol Litigation*, Case Nos. 03-1173, 03-1174, 03-1175 (D. Minn. Sept. 4, 2003); *id.*, Case No. 02-4853 (D. Minn. May 27, 2003). As the instant case illustrates, it is an issue that is likely to arise again. Therefore, in the interest of judicial economy and to avoid inconsistent results, the motion to stay is hereby **GRANTED**. This stay will remain in effect until the Court is notified of the MDL Panel's decision as to whether to transfer this action.

**DONE** and **ORDERED** this the 14th day of January, 2004.

s/**CHARLES R. BUTLER, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[3] In all cases, plaintiffs allege that the defendant physician was negligent in prescribing the drug Baycol.

3