IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CAROL FOUNTAIN and BETTY HENDERSON, Individually and on behalf of all others similarly situated, Plaintiffs, vs. JOHNSON & JOHNSON CO., JANSSEN PHARMACEUTICA, INC., and FRANK WHITE, III, Defendants. | Case No. 01-0380-CV-W-4 |

### ORDER

Presently before the Court are two separate Motions. First, Plaintiffs have filed a Motion to Remand this case back to Missouri State Court (Doc. # 5). This Motion is opposed by the Defendants. Second, Defendants have filed a Motion to Stay All Proceedings Pending Transfer to Multidistrict Proceeding (Doc. # 7). This Motion is opposed by Plaintiffs. This case is a putative class action brought on behalf of all persons in the State of Missouri who ingested a drug manufactured and sold by the Defendants known as Propulsid. Plaintiffs claim that the drug caused severe side-effects resulting in injury. For the reason set forth below Defendants' Motion to Stay Proceedings is GRANTED and the Court does not reach a conclusion as to Plaintiffs' Motion to Remand.

1

## DISCUSSION

### I. Background

This case was originally filed as a putative class action in state court in Jackson County, Missouri. The Complaint alleges damages due to the ingestion of the drug popularly known as Propulsid which is manufactured and sold by the Defendants. The putative class consists of all persons in the State of Missouri who ingested Propulsid. The suit requests damages in the form of medical monitoring, damages, restitution, refunds, and equitable and declaratory relief. The Complaint was filed against three Defendants. Janssen Pharmaceutica, Inc. ("Janssen") was the seller of Propulsid, Johnson & Johnson was the parent company of Janssen, and Frank White III ("White") was a sales representative for Janssen from March of 1999 until June of 2000. Janssen and Johnson & Johnson are both out-of-state corporations whereas White is a citizen of the state of Missouri.

Defendants removed the case to this Court on the basis of diversity jurisdiction. Defendants argue that the amount in controversy requirement of $75,000.00 has been met, and that White has been fraudulently joined in this action in order to defeat diversity. Plaintiffs subsequently moved to remand this case back to state court arguing that the amount in controversy was not met and complete diversity did not exist. The remand issue is fully briefed and presently before the Court.

Concurrently, Defendants filed a Motion to Stay these proceedings so that the case could be transferred to Judge Eldon Fallon in the United States District Court for the Eastern District of Louisiana wherein a multidistrict litigation ("MDL") proceeding exists concerning all federal cases involving Propulsid. This Motion is also fully briefed and before the Court. Defendants have petitioned the Judicial Panel on Multidistrict Litigation ("JPML") to include the present case within the previously established MDL

2

concerning Propulsid. The JPML entered an order conditionally transferring this case to the MDL court. The Plaintiffs have objected to this Order and the parties are presently litigating the transfer issue before the JPML.

II. Analysis

The parties present to this Court a unique procedural dilemma, the resolution of which affects both Motions presently before this Court. Defendants argue that this Court should stay the proceedings pending transfer of this case to the MDL court in Louisiana. Defendants also argue that this Court should forgo ruling on the Motion to Remand and, pursuant to the purpose of MDL litigation, leave that "pretrial" matter for the MDL court's resolution. Plaintiffs vehemently disagree. In Plaintiffs' view, this Court must rule on the Motion to Remand before determining whether the case should be transferred to the MDL court. Essentially, Plaintiffs argue that the Motion to Remand determines whether this Court has jurisdiction over this matter, and this Court must determine whether it has jurisdiction before it can transfer the case to the MDL court.

The Court deems it prudent to first examine whether it can stay this case pending transfer to the MDL court before ruling on the merits of Plaintiffs' Motion to Remand. The Court notes that Plaintiffs' made no substantive arguments against the transfer. Rather, Plaintiffs simply argued that this Court did not have jurisdiction over this proceeding pursuant to the arguments made in their Motion to Remand. Because Defendants have not requested the Court to transfer this case at this time, the Court need not resolve that issue. For purposes of this Motion, the Court assumes without deciding that either the JPML or this Court will ultimately transfer this case to the MDL court in Louisiana.

After reviewing both parties' arguments and authorities, the Court finds that a stay of proceedings

3

is warranted prior to the disposition of the Motion to Remand. The basis for this decision lies in the purpose and function of MDL proceedings. The MDL process was created to more efficiently utilize federal judicial resources and ensure more consistent results in large, complex litigation. In re Eastern District Airlines, Inc., Flight Attendant Weight Program Litig., 391 F. Supp. 763, 764 (J.P.M.L. 1975). It is the latter of these concerns, consistency, which drives this Court's decision to stay the proceedings.

One of the strengths of the MDL procedure is that it provides uniform pretrial decisions as to all parties involved in similarly situated litigation. This rationale has not only served to facilitate uniform discovery, scheduling, and dispositive motions, but it has also been applied to motions to remand. See In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990) (noting that the issue of remand could be decided by the transferee judge); Jackson v. Johnson & Johnson, No. 01-2113-DA at p. 11 (W.D. Tenn. 2001) ("[t]he general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL panel"). The Court recognizes two issues which have been raised in the Plaintiffs' Motion to Remand: (1) fraudulent joinder; and (2) amount in controversy. As to the fraudulent joinder issue, the Court concedes that this is a unique issue which calls for a situationally specific analysis. However, the issue of the amount in controversy invokes scrutiny under the MDL's uniformity aspirations.

Whether the amount in controversy is satisfied in a class action procedure is a difficult legal determination. Issues such as the costs of medical monitoring, whether to allow aggregation of claims, the costs of the injunctive and declaratory relief sought, and the likely amount of monetary recovery of individuals within the class present difficult legal and factual determinations for a district court. This Court holds that such determinations are best left to the MDL court for two reasons. First, the MDL judge has

4

almost assuredly become an "expert" in the subject matter of this litigation. A court with such extensive experience and knowledge is in a far better position to make the difficult determinations as to the likely dollar value of the Plaintiffs' case. Second, by sending the remand issue to the MDL court, the Plaintiffs are much more likely to be treated uniformly with other similarly situated Plaintiffs. By having one judge determine all remand issues throughout the nation, all Propulsid plaintiffs are likely to avoid inconsistent results.[1]

Furthermore, by staying this case pending transfer to the MDL court, this Court is not exercising jurisdiction over this case in the sense that Plaintiffs argue. The Court is simply transferring the case to a more suitable forum for said determination. This is entirely within the discretion of this Court. If the JPML ultimately rejects Defendants' Motion to transfer this case to the MDL court, then this Court will of course rule on the remand issue.

Finally, the Court finds that even if its ruling today is erroneous, Plaintiffs have suffered no prejudice because the Court would likely deny their Motion to Remand if called upon to make that determination. After reviewing the evidence and arguments presented by the parties on the issue of remand, the Court finds it likely that the amount in controversy has been satisfied and White has been joined for the purpose of defeating diversity. Accordingly, even if the Court erred by failing to rule on the Motion to Remand there is no prejudice to the Plaintiffs because the Court would have likely stayed the proceedings in any event

---

[1] For instance, this Court may find that the amount in controversy has been satisfied for purposes of diversity while a federal judge in Kansas with identical allegations might determine just the opposite. Sending all remand issues to the MDL judge promotes consistent pretrial rulings from a well-informed court.

5

because of the Court's finding that federal jurisdiction is proper in this case.[2]

## CONCLUSION

For the foregoing reasons, the Court hereby Orders this case stayed pending an order transferring this case to the United States District Court for the Eastern District of Louisiana. The Defendants' Motion to Stay (Doc. # 7) is GRANTED. Plaintiffs' Motion to Remand (Doc. # 5) is reserved for a later date.[3]

IT IS SO ORDERED.

June 22, 2001                                /s/ Gary A. Fenner
DATE                                         GARY A. FENNER
                                             United States District Court Judge

---

[2] The Court offers this statement for sole purpose of illustrating that Plaintiffs have not been prejudiced by the Court's ruling. This statement is not meant in any way to bind or suggest the outcome of Judge Fallon's determination as to the Plaintiffs' Motion to Remand. As previously stated, this Court holds that said determination is best left to sound discretion of the MDL court.

[3] Both parties have separately moved for oral arguments concerning these matters. Both Motions are DENIED as moot.