**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM RANDOLPH HALL, SR**<br>**As the Administrator of the estate of**<br>**WILLIAM RANDOLPH HALL, JR.** | *<br>*<br>*<br>* | |
| **Plaintiff,** | *<br>* | |
| **vs.** | *<br>* | **CIVIL NO. 2:05-cv-0941-F** |
| **PFIZER INC., a Delaware Corporation;**<br>**PHARMACIA CORPORATION,**<br>**a Delaware Corporation; MONSANTO**<br>**COMPANY, a Delaware Corporation;**<br>**and G.D. SEARLE, LLC, a Delaware**<br>**Corporation; Robert Vandelune, an**<br>**individual** | *<br>*<br>*<br>*<br>*<br>*<br>*<br>* | |
| **Defendants.** | *<br>*<br>* | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO STAY ALL
PROCEEDINGS PENDING TRANSFER TO MULTI-DISRTICT LITIGATION
PROCEEDING**

Plaintiff William Randolph Hall, Sr., as administrator of the Estate of William Randolph

Hall, Jr. files this opposition to Defendants Motion to Stay proceedings pending transfer to the

Multi-district Litigation (MDL) and in support states as follows:

Defendants Motion is due to be denied for a number of reasons.  First, the issue of subject

matter jurisdiction should be resolved by this Court.  Defendants cannot justify to this Court how

a Court, in the Northern District of California, in a  recently formed MDL, would be in a better

position to determine whether a "possibility" of a cause of action under Alabama law exists

against the Alabama sales representative defendants.  If a mere "possibility" of a cause of action

1

exists, then subject matter jurisdiction is absent and this case is due to be remanded. Whether or not this case raises issues similar to federal cases which may be transferred to a MDL is not the issue which faces this Court. Cases improvidently removed to federal court for which subject matter jurisdiction is absent should not be transferred to the MDL. This Court should resolve the issue of subject matter jurisdiction once and for all, rather than shifting the issue to a MDL court where it will most likely languish indefinitely. Indeed, if the Defendants are confident that subject matter jurisdiction exists, it should welcome this Court's scrutiny of the alleged jurisdiction. Asking this Court to punt the issue reveals Pfizer's true motives.

In its motion, Defendants cited a few Orders by judges in other federal districts agreeing to stay these cases pending transfer. There are an equal or greater number of federal judges who do not defer the jurisdictional issue to a MDL. For example, concerning virtually identical cases in the Middle and Northern Districts of Alabama dealing with Vioxx, a drug in the same class as Celebrex, Defendant Merck removed and subsequently filed a Motion to Stay proceedings pending transfer to the MDL. In *Turner v. Merck & Co. et al, no. 2:05-cv-702-T* (M.D. Ala. Sept. 21, 2005) (Thompson, J.), the Court remanded this case back to Barbour County, Alabama, not withstanding the Defendant's Motion to Stay (Exhibit 1). Additionally, in *Slatton et al. vs Merck & CO., Inc. et al and Crook vs Merck & Co., Inc., et al.*, the Court promptly granted Plaintiff's Motion to Remand while denying Defendant's Motion to Stay. *Slatton, no. 05-VEH-1056-S (N.D. Ala. July 21, 2005) (Hopkins, J.) (Exhibit 2 and 3); Crook, no. 05-VEH-1054-S (N.D. Ala. July 21, 2005) (Hopkins, J.) (Exhibit 4 and 5)*. As basis for denying Defendant's Motion to Stay, the Court stated:

> This [Fraudulent Joinder issue] is a question of Eleventh Circuit and Alabama law, best decided by a Federal Court sitting in Alabama.

*Id.*

Additionally, in the diet drug litigation, Defendant Wyeth filed a Motion to Stay

proceedings in *almost every case* pending transfer to the MDL. The Courts in the southern

district of Alabama, did not accede to this built in delay, and instead decided the jurisdictional

issue. In the case of *Sandra Cash v. Wyeth*, the Court rejected the notion that it should allow the

MDL to resolve the jurisdictional issue:

> The question of whether Cherry (the sales representative) was negligent or made
> fraudulent statements is specific to this case. The MDL court would not be in a
> better position to decide remand than this court.

*See Sandra Cash v. Wyeth,* CV-03-RRA-3378-E (S.D. Ala.)

Lastly, 11th Circuit precedent requires the federal court to promptly determine issues of

subject matter jurisdiction. Consistent with the principles of judicial economy, issues of subject

matter jurisdiction should be resolved prior to any transfer to a MDL.

### A.   *Eleventh Circuit Law Requires That This Court Rule On Plaintiff's Motion For Remand Prior To Addressing Any Other Motions, Including A Request To Stay Proceedings*

Because this court sits in the Eleventh Circuit, it is under a duty to examine its own

jurisdiction prior to undertaking any action. *University of South Alabama v. The American

Tobacco Company*, 168 F. 3d 405, 410 (11th Cir. 1999) ("a court should inquire into whether it

has subject matter jurisdiction at the earliest possible stage in the proceedings.") If this court

lacks subject matter jurisdiction, it is without any power to act, or to enter a stay. *Stern v.

Mutual Life Ins. Co.*, 968 F. Supp. 637, 639 (N.D. Ala. 1997) ("If the court lacks jurisdiction *ab

initio*, it is without jurisdiction to enter such a stay. It is incumbent upon a court whose subject

matter jurisdiction is questioned to make a determination as to whether it has, or does not have,

jurisdiction over the action.") See also, *United States v. Hays*, 515 U.S. 737-742-744, 155 S.Ct.

3

2431, 2435 (1995) ("The court has an independent obligation to examine the petition for removal to determine if federal jurisdiction exists over the case.").

In fact, this same Court recently ruled that it has no subject matter jurisdiction when it properly remanded an identical pharmacuetial drug case back to state court, where Alabama sale representatives Defendants were named in the complaint with identical causes of action. *Faulk vs. SmithKline Beechman Corp., et al.*, no. 2:05-cv-85-F (M.D.Ala. September 7, 2005) (Fuller, J.) Accordingly, the present case should also be remanded due to this Court's lack of subject matter jurisdiction in this case.

### i.    *MDL Courts Routinely Prefer That District Courts Resolve Jurisdiction Issues*

In the diet drug litigation, Judge Louis Bechtle, the original judge presiding over the MDL, set out the Court's preferences for all cases which could potentially be transferred to the MDL at a March 4, 1998 hearing in Philadelphia, Pennsylvania. The Court stated:

> Let me mention just one or two other items that everyone here has to be concerned about.  When cases are transferred here, many times they are transferred here and very little has been done in the transferor court.  They have been filed there and they are a tagalong and everything kind of stops, that allows it to work.  **Although, in many instances there are motions filed in the transferor court, some are motions to remand back to state court.**  For example, there might be other motions pending in the transferor court at the time that the case is to be transferred here.  **In virtually every instance, the transferor court, when that court learns that it could become involved in the MDL, they do not rule on any of those motions.  Although they have the authority and, indeed, the power to do so, they – it is a matter of custom, do not do that.  It is better if they did, but they don't.**

(*See In Re: Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine Products Liability Litigation*), MDL 1203 – March 4, 1998-Transcript pp. 105 - 106.

In MDL 1203, the Court specifically questioned why matters of remand regarding state law issues and removal based on fraudulent joinder were being brought before the MDL court,

4

when they were more properly decided by the local district court. *See In Re Diet Drugs Product*

*Liability Litigation,* MDL No. 1203, Hearing Transcript, (E.D. P.A. July 16, 2002). Specifically,

Judge Bartle, who succeeded Judge Bechtle, when asked to address issues regarding the alleged

fraudulent joinder of defendants, asked:

> "Why shouldn't that matter be decided by the federal court in Louisiana rather
> than my remanding cases to the State Court?" *Id.* at 15.

> "Is that really a matter for me to get involved in? Isn't it better for a federal court
> in Mississippi to decide that? I mean, that court would certainly be better versed in the
> nuances of Mississippi law than I." *Id.* at 102.

Judge Bartle further explained the reason why the local federal court is in a better

position to decide the issue, and how having the MDL court decide these case specific and state

law specific issues does not promote the consistency and efficiency for which an MDL is created

anyway:

> "Maybe doctor x did prescribe the drug for a plaintiff in Mississippi and that
> doctor is appropriately joined. Maybe in another case down in Texas, a particular
> doctor who is joined didn't do so. Now, there is no big picture about it. It's just a
> specific case. One place, it is right; one place it is wrong." *Id.* at 104-105.

> "[I]f I make a decision, a case specific decision about what the law of Mississippi
> is with respect to a pharmacy, you know, I'm going to have to look at the
> complaint that was filed and see what the cause of action is. And then I'm going
> to have to ...to decide what Mississippi law is. I'm going to have to decide whether
> it is proper to bring that particular defendant into the case." *Id.* at 126.

> "Now, maybe complaint A will have a certain theory against a pharmacy [sales
> representatives]. And then I will have to decide, well, does Mississippi permit
> that or not. Then complaint B in Mississippi will have a slightly different theory.
> So I'm then going to have to decide whether or not in B, you can sue a pharmacy
> [sales representatives] under that theory. Maybe you can't sue it under theory A
> but maybe under B. You can't sue under failure to warn, but we all know about
> the ingenuity of lawyers. There are probably 30 or more in this room. And I'll
> bet there could be 25 or 30 different theories that lawyers could develop to sue
> pharmacies [sales representatives] in Mississippi." *Id.* at 127.

> "I'm just saying to you that it's simply, you know, deciding one Mississippi case

related to pharmacies [sales representatives] may not be the end of the story." *Id.*
at 128.

These statements illustrate the plain truth that this local District Court is in the best
position to decide the jurisdictional issue and remand motion, and no benefit will inure to either
party by having the issue decided by the MDL court, except for delay, which is certainly not a
tenet of the Manual for Complex Litigation, *Fourth Edition*, and is no basis for imposing a stay
on these proceedings.

In fact, the Defendant's admit that cases should be decided on local district Court level
instead of being transferred to the MDL. In the Defendant's Response to Motions to Transfer and
Consolidates pursuant to 28 U.S.C. §1407, Pfizer, Inc. adamantly argued against transferring and
coordination of the Celebrex and Bextra products liability actions to the MDL. *See (Defendant's
Response to Transfer and Consolidation*; pg.13-14) (Exhibit 6). Specifically, the Defendant's
stated:

> ...Moreover, the "medical, personnel, and product use records of each individual
> will be found locally. Liability in these actions will be based on state substantive
> law. As a result, transfer would not promote the parties' and witnesses'
> convenience regarding discovery." Id. At 910: see also In re Asbestos Sch. Prods.
> Liab. Litig., 606F. Supp. 713, 714 (J.P.M.L. 1985) (denying transfer based on
> reasoning in Asbestos I.)

> For the same reasons the Products Liability Actions before the Panel should not
> be consolidated. With respect to causation, each plaintiff will have to establish
> that his or her unique injuries were caused by ingesting Celebrex or Bextra, and
> not due to a host of other potential causes, including diet, use of other pain
> relievers or other pharmaceuticals, medical history, genetics, smoking, use of
> alcohol or illegal drugs, weight, age, and the like. In addition, each plaintiff's
> claims will differ with respect to the type of injury suffered, the severity of the
> injury, the duration of rehabilitation or recovery, the extent of permanent
> disability, and the like. As the Panel recognized in Asbestos I, such individual
> issues will dominate the Products Liability Actions and must be litigated and
> determined separately for each individual plaintiff. See 431 F. Supp. At 909-10,.
> In addition, just as in Asbestos I, _the plaintiffs in the Products Liability Actions
> reside throughout the country, and the medical and other evidence relating to

6

these issues will be found "locally." *Id.* At 910.

> Further, because Celebrex is still on the market, the evidence and discovery regarding Celebrex could continue to develop and evolve. The changing nature of ongoing actions will eliminate any possible benefit from Section 1407 transfer here, and possibly result in the proceeding having no end.

*Id.* at pg. 14. Likewise, issues concerning the alleged fraudulent joinder of the Alabama sale representative Defendant's would be better resolved "locally". However, now that the MDL is formed, the Defendant's are attempting to unnecessarily delay Plaintiff's case by seeking a transfer to a distant district court, which by Defendant's own words will, "eliminate any possible benefit from Section 1407 transfer here and possibly result in the proceeding having no end." Thus the <u>only</u> result of a transfer to the MDL Court would be further unnecessary delay of Plaintiff's case.

### ii.    *Pfizer's Request For A Stay Should Be Denied*

Because this court lacks any jurisdiction over this litigation, it would be inappropriate to issue any stay of the proceedings. The United States District Court for the Middle District of Alabama, Southern Division, addressed whether or not a Motion to Stay should be granted when the case is due to be remanded in *Nicholas v. The Prudential Insurance Company*, No. 97-0204-CB-C, 1997 U.S. Dist. LEXIS 6579 (1997). In that case, Prudential asked the Court to stay all proceedings, including Plaintiff's Motion to Remand, until the MDL Panel determined whether or not to transfer the case. Prudential pointed out to the Court that similar remand motions had already been transferred. Prudential also argued that by allowing all motions to remand to be heard in one setting would "promote consistency, conserve judicial resources, and avoid duplicative discovery." *Id.* at 14. Prudential further stated that since other Courts granted stays under identical circumstances, this Court should follow suit. The Court disagreed and stated

7

that:

> [m]ore importantly, the plaintiffs chose to pursue their claims in state court. It is
> axiomatic that 'federal courts are courts of limited jurisdiction,' and that 'plaintiff
> is still the master of his own claim.' To allow this case to be transferred to the
> District of New Jersey unnecessarily burdens the plaintiffs' right to proceed in the
> forum of their own choosing. Even if the District Court in New Jersey ultimately
> remanded the case to the Circuit Court of Mobile County, Alabama, the plaintiffs
> would nevertheless be forced to pursue their claim in a forum not of their
> choosing one thousand miles from home. In light of the clearly improper removal
> of this case, such circumstances are simply intolerable.

*Nicholas v. The Prudential Insurance Company*, No. 97-0204-CB-C, 1997 U.S. Dist. LEXIS

6579 (M.D. Ala. 1997) (*citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Likewise, transfering the present Plaintiff who choose to file her case in Bullock County,

Alabama, to the Northern District of California would also be improper.

Because this Court does not have jurisdiction over the present case, it does not have the

authority to stay the proceedings pending a transfer to the MDL. Courts in the Tenth Circuit

have addressed the issue of whether it is appropriate to allow transfer of a civil action to an MDL

Panel where there is no original jurisdiction in the district court. *See Aetna U.S. Healthcare, Inc.*

*v. Hoeschst Aktiengesellschaft*, 54 F. Supp2d 1042 (D. Kan. 1999); *Bellinder v. Microsoft Corp.*,

2000 WL 57501 (D. Kan. 2000).

In the *Aetna* case, plaintiffs filed numerous claims against defendant drug manufacturers

in state court in Kansas alleging unfair competition and violations of the Unfair Trade and

Consumer Protection Act, K.S.A. § 50-101 et seq. *Aetna*, 54 F. Supp2d at 1046. Plaintiffs'

complaint made no allegations that would give rise to original federal jurisdiction. The

defendants improperly removed the action to federal court and moved for a stay pending the

rulings from a Multi-District Litigation Panel that was hearing similar complaints in other cases.

*Id* at. 1046. The *Aetna* Court gave a full treatment of the law and rationale behind their decision

to handle the jurisdictional question first by stating:

> Defendants argue that the Court should stay consideration of plaintiffs' motion for remand (and all other issues) until the Joint panel on Multi-District Litigation ("JPML") has decided their motion to consolidate numerous similar actions. Defendants contend that plaintiffs will still get a chance to seek remand, after the JPML has made its decision.

> The court sees no reason to delay ruling on plaintiffs' motion to remand. The Court retains jurisdiction to decide the remand issue, despite defendants' motion to the JPML. See Panel Rule 1.5, 181 F.R.D. 1, 3 (1988)1. Defendants cite six district courts which have already addressed the jurisdictional issue, which is an important preliminary issue in this case. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1407(c).

> While staying the proceedings might allow a single district court to rule on the jurisdictional issue in the various cases, a stay would not affect the law that applies to the present case and little would be gained by a stay on the motion to remand. The parties would still be subject to Kansas law. No great judicial economy will be realized from a delay. The parties will not save time, for they have already briefed the remand issue. The Court is well versed in both Kansas and federal law, while the transferor court would need to apply the law of different states to different claims. *For purposes of judicial economy, the jurisdictional issue should be resolved immediately. If federal jurisdiction does not exist, the case can be remanded before trial resources are further expended. In the Court's view, judicial economy dictates a present ruling on the remand issue.*

*Aetna*, 54 F. Supp.2d at 1047, 1048 (emphasis added).

The same district expanded the *Aetna* decision in *Havens Protected "C" Clamps, Inc. v. Pilkington, PLC*, 2000 WL 382027 (D. Kan. 2000). In *Havens*, the plaintiffs once again filed a complaint that provided no foothold for federal jurisdiction. The defendants improperly

---

[1] Rules of Procedure of the Judicial Panel on Mutlidistrict Litigation. 28 U.S.C. foll.§ 1407. Rule 1.5. Effect of the Pendency of an Action Before the Panel.

The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court. A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district.

removed the case to federal court and requested a stay pending consolidation rulings by an MDL

Panel. *Havens*, 2000 WL 382027 *1. Prior to the defendants' motion, the Plaintiffs filed a

motion to remand. The *Havens* court chose to rule on the propriety of issuing a stay absent a

showing of federal jurisdiction. The Court stated:

> According to Panel Rule 1.5, this court's jurisdiction is not affected by the MDL
> panel's issuance of a conditional transfer order, and therefore this court retains
> jurisdiction to rule on plaintiffs' pending motion to remand. ***Because disposition***
> ***of plaintiffs' motion to remand requires the court to determine whether federal***
> ***jurisdiction exists over the action, the court believes that, in the interests of***
> ***judicial economy, resolution of plaintiffs' motion is appropriate at this juncture.***
> ***Indeed, because the issues raised in plaintiffs' motion to remand have been***
> ***fully briefed by the parties, and further because there is reason to believe that***
> ***the transferee court would be a more suitable forum for the resolution of the***
> ***matters raised therein, the court can perceive no benefit to deferring ruling on***
> ***plaintiffs' motion***...Finally, the court notes ***that there is at least some authority***
> ***for the proposition that a district court cannot stay proceedings for which it***
> ***lacks jurisdiction***...Accordingly, defendants' informal request to stay these
> proceedings pending the transfer of the case by the MDL Panel is denied.

*Havens*, 2000 WL 382027 *2.  (Emphasis added)

In *Lloyd v. Cabell Huntington Hospital, Inc.*, 58 F.Supp.2d 694 (S.D.W.Va. 1999), the

court ruled that it is without the power to stay proceedings in cases where no federal jurisdiction

is present. The court ruled:

> This Court cannot, however, stay proceedings in an action over which it lacks
> jurisdiction. Removal statutes must be construed strictly against removal. Adkins
> v. Gibson, 906 F.Supp. 345 346 (S.D.W.Va. 1995) (Haden, C.J.) (citing Mulcahey
> v. Columbia Organic Chem Co., 29 F.3d 148, 151 (4th Cir. 1994)); accord Murray
> v. State Farm Fire & Cas. Co., 870 F.Supp. 123, 124 (S.D.W.Va. 1994)(Haden,
> C.J.).   The burden of establishing the propriety of removal falls upon the
> removing party.  Mulcahey, 29 F.3d at 151. If federal jurisdiction is doubtful,
> remand is necessary.

*Lloyd,* 58 F. Supp.2d at 696.

In a thoroughly prepared and well reasoned decision the United States District for the

Northern District of California, the same district that the Celebrex and Bextra MDL will reside,

addressed this very issue in *Tortola v. Kimberly-Clark Corp.*, 987 F. Supp. 1186 (N.D. Cal.

1997). This case involved a class action suit brought by citizens of California against Kimberly-

Clark for a price fixing scheme. Defendants improperly removed the case to federal court and

moved to stay proceedings pending pretrial rulings by an MDL Panel. The Court properly denied

the defendants' motion to stay and remanded the case for lack of subject matter jurisdiction. *Id.*

at 1190. In the discussion for defendants' motion to stay the Court noted:

> A putative transferor court need not automatically postpone rulings on pending
> motions, or in any way generally suspend proceedings, merely on grounds that an
> MDL transfer motion has been filed. See Manual for Complex Litigation 3d §
> 31.131, p. 252 (3d ed. 1995); see also Villareal v. Chrysler Corp., No. C-95-4414,
> 1996, WL 116832, at *1 (N.D. Cal. Mar. 12, 1996) ("a stay is improper. Judicial
> economy will be best served by addressing the remand issue {as it} will facilitate
> litigation in the appropriate forum.
>
> Here, a motion has been filed with this Court seeking a determination of the
> appropriate forum in which to litigate this matter. *'The appropriate forum,*
> *moreover, is a threshold issue to class certification and defendants' petition to*
> *the Panel does not affect scheduled pretrial proceedings.' This Court, as*
> *transferor Court, 'retains exclusive jurisdiction until the § 1407 transfer*
> *becomes effective and as such, motions to remand should be resolved before the*
> *panel acts on the motion to transfer.'* Spitzfaden v. Dow Corning Corp., No. 95-
> 2578, 1995 WL 662663, *4 n. 1 (E.D. La. Nov. 8, 1995)(citing Manual for
> Complex Litigation, 3d § 31.131.). Accordingly, defendants' motion for stay of
> proceedings pending a decision by the Panel is hereby DENIED, and the Court
> addresses the merits of plaintiff's remand motion.

*Tortola*, 987 F.Supp at 1189.

## CONCLUSION

There is no subject matter jurisdiction in this case. There is no reason for this Court to

transfer this action to the MDL to decide the jurisdictional issue. This Court should exercise its

discretion and resolve the jurisdictional issue once and for all.

Signed this 26th day of October, 2005.

/s/Jere L. Beasley
JERE L. BEASLEY (BEA020)
NAVAN WARD, JR. (WAR062)
ANDY D. BIRCHFIELD, JR. (BIR006)
PAUL SIZEMORE (SIZ004)
GERALD B. TAYLOR, JR. (TAY026)

**OF COUNSEL:**
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax:    (334) 954-7555

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following counsel of record by filing via the CM/ECF electronic filing system on the 26th day of October, 2005:

Gilbert C. Steindorff, IV
Michael Wade
Lawrence B. Clark
ADAMS REESE/LANGE SIMPSON
2100 3rd Avenue North, Suite 1100
Birmingham, Alabama 35203

Charles Q. Socha
K. Michele Anderson
Su-Lyn Combs
SOCHA, PERCZACK, SETTER & ANDERSON, P.C.
1775 Sherman Street, Suite 1925
Denver, Colorado 80203

/s/Jere L. Beasley
OF COUNSEL

12