## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

WILLIAM RANDOLPH HALL, SR.,    )
an individual, as Administrator of the    )
Estate of WILLIAM RANDOLPH    )
HALL, JR.    )
    )    **CIVIL ACTION NO.  2:05-cv-0941-F**
    **Plaintiff,**    )
    )    **Pending transfer to MDL-1699**
**vs.**    )    *(IN RE BEXTRA & CELEBREX*
    )    *MARKETING, SALES PRACTICES &*
**PFIZER, INC., et al.,**    )    *PRODS. LIAB. LITIG.)*
    )
    **Defendants.**    )

## DEFENDANTS' RESPONSE AND MEMORANDUM BRIEF
## IN OPPOSITION TO PLAINTFF'S MOTION TO REMAND

Defendants G.D. Searle LLC ("Searle"), Pharmacia Corporation ("Pharmacia" and also improperly captioned in Plaintiff's complaint as Monsanto Company) and Pfizer Inc. ("Pfizer") (the "Corporate Defendants") hereby submit this Response and Memorandum Brief in Support of their Opposition to Plaintiff's Motion to Remand and ask this Court to deny Plaintiff's Motion to Remand.

## I.  PRELIMINARY STATEMENT

Plaintiff's Motion to Remand should be denied because Plaintiff has fraudulently joined six individual resident Defendants, all of whom are pharmaceutical sales representatives (the "Resident Defendants") to defeat diversity jurisdiction.  Additionally, pursuant to the Eleventh Circuit's recent decision in *Legg v. Wyeth, et al.,*  --- F.3d --- 2005 WL 2756717 (11th Cir. 2005), Plaintiff's request for attorney fees and costs should also be denied as Defendants have not improvidently removed this case.  In *Legg*, the Eleventh Circuit found that the district court

abused its discretion when it awarded attorneys' fees based on an erroneous order remanding a case where the record supported defendants' claim that Alabama sales representatives were fraudulently joined. As in *Legg*, Corporate Defendants' removal of this action is objectively reasonable and valid.

Remand should be denied where there is no possibility that a plaintiff might establish liability against non-diverse defendants. No such possibility exists here based on the allegations in the Complaint at the time of removal because the Complaint:

(1)    fails to sufficiently state factual claims against the Resident Defendants;

(2)    fails to state legally cognizable claims for violation of the AEMLD, negligence or for breach of express and implied warranties because the Resident Defendants are not "sellers" or "suppliers" under Alabama law:

(3)    fails to state claims against the Resident Defendants for failure to warn Plaintiff or the public based on application of the learned intermediary doctrine;

(4)    fails to state claims against the Resident Defendants for design defect – a theory that applies only to manufacturers; and

(5)    fails to state claims against the Resident Defendants for fraud or negligent misrepresentation under Alabama law and under Civil Procedure Rule 9(b).

Given these basis for proper removal, Plaintiff's Motion to Remand should be denied.

## II. STATEMENT OF FACTS

This is a product liability case involving Celebrex®, a prescription medication approved as labeled by the United States Food and Drug Administration (FDA) on December 31, 1998, for relief of the signs and symptoms of osteoarthritis and rheumatoid arthritis. The FDA's initial Celebrex® approval, and subsequent approvals for additional indications, were based on

2

extensive clinical and other testing.  On February 16-18, 2005, the FDA held an Advisory Committee Meeting to discuss the alleged cardiovascular risk posed by Celebrex®. By a vote of 30 to 1, the FDA recommended that Celebrex® remain on the market.  Celebrex® continues to be approved by the FDA as safe and effective for multiple indications and U.S. distribution.

On August 31, 2005, Plaintiff filed this action in the Circuit Court of Bullock County, Alabama on behalf of his decedent, William Randolph Hall, Jr., who allegedly died as a result of Celebrex ingestion.  (Complaint at ¶ 24).  Searle, Pharmacia, Pfizer, and the six Resident Defendants are the named Defendants.

On September 6, 2005, the Judicial Panel on Multidistrict Litigation ("JPMDL") created a Multi District Litigation (MDL) for Celebrex® and Bextra® cases pending in federal courts across the country.  *See In re Bextra and Celebrex Products Liability Litigation*, 2005 WL 2206577, *1 (Jud.Pan.Mult.Lit., September 6, 2005).  On November 3, 2005, the JPMDL issued a Conditional Transfer Order transferring this matter to the MDL.

Plaintiff's Complaint alleges that he is an adult resident citizen of Alabama.  (Complaint at ¶ 2).  Searle is, and at the time the Complaint was filed was, a limited liability company whose sole member is (and was) Pharmacia & Upjohn Company LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) Pharmacia & Upjohn LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) Pharmacia Corporation which is, and that the time of the filing of this action was, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey.  Thus, Searle is and was a citizen of Delaware and Illinois.  Pharmacia (previously known as Monsanto) is, and at the time the Complaint was filed was, a corporation organized under the laws of Delaware with its

principal place of business in New Jersey, and therefore is and was a citizen of Delaware and New Jersey. Pfizer is, and at the time the Complaint was filed was, a corporation organized under the laws of Delaware with its principal place of business in New York, and therefore is and was a citizen of Delaware and New York. The six Resident Defendants are each Alabama residents.

While Plaintiff's Brief in Support of his Motion to Remand ("Pl. Brief") states that "Plaintiff asserted several causes of action against Defendants, including strict products liability for design [sic] and failure to warn, negligence, breach of express and implied warranty, fraud and negligent misrepresentation," (see Pl. Brief at p. 3), Plaintiff's Complaint asserts only one count against all Defendants for Wrongful Death. Regardless, Corporate Defendants address each of these claims herein. Plaintiff does not dispute that the amount in controversy requirement for federal diversity jurisdiction is satisfied. *See generally* Pl. Brief.

Plaintiff's counsel has filed numerous Bextra® and Celebrex® cases in various state courts in Alabama, without naming non-diverse defendants. Defendants timely removed all these actions. In an apparent attempt to defeat removal to federal court, Plaintiff's counsel recently filed numerous cases in Alabama state courts and has made general allegations against the same sales representatives named in the case at issue, all of whom are alleged to be Alabama residents. The Middle District of Alabama has granted Corporate Defendants' Motion to Stay Pending Transfer to MDL-1699 in two of those cases, without deciding the pending motions to remand. *See, e.g., Jackson v. Pfizer, et al.*, 2:05-CV-841-F, Middle District of Alabama; *Nelson v. Pfizer, et al.*, 2:05-CV-824-SRW (Chief Judge Fuller, in granting Corporate Defendants' Motion to Stay, ordered that "[a] ruling on Plaintiff's Motion to Remand…is WITHHELD pending a final decision from the Panel on Multidistrict Litigation on transfer of this case to the

multi-district litigation proceeding."). *See* Order dated 10/20/05, attached hereto as Exhibit A.

Plaintiff served his Complaint on Pfizer, Klement, Peacock, McClurkin and McWhorter on September 2, 2005 and on Vandelune September 6, 2005. Defendants Searle, Pharmacia, and Pfizer jointly filed a Notice of Removal on October 3, 2005. The six Resident Defendants are identical to those named in *Jackson* and *Nelson*. On October 7, 2005, Plaintiff filed a Motion to Remand. As the Corporate Defendants set out in their Notice of Removal, the citizenship of fraudulently joined defendants should be disregarded for purposes of assessing diversity and proper removal. *See e.g., Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir. 1996), *rev'd on other grounds,* 204 F.2d 1069 (11th Cir., 2000). Plaintiff's suggestion that Defendants' removal is defective because no diversity jurisdiction exists is erroneous.

## III.  ARGUMENT

**A.    PLAINTIFF'S MOTION TO REMAND SHOULD BE DENIED BECAUSE THE RESIDENT DEFENDANTS WERE FRAUDULENTLY JOINED TO DEFEAT FEDERAL DIVERSITY JURISDICTION.**

"The removal process was created by Congress to protect defendants. Congress 'did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it.'" *See Legg v. Wyeth, et al.,* --- F.3d --- 2005 WL 2756717 (11th Cir. 2005) (reversing award of attorney fees and costs to plaintiffs), citing *McKinney v. Bd. of Trustees of Mayland Cmty. Coll.,* 713 F.Supp. 185, 189 (W.D.N.C. 1989). "Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court." *Wecker v. Nat'l Enamaling & Stamping Co.,* 204 U.S. 176, 186 (1907). The doctrine of fraudulent joinder prevents plaintiffs from defeating federal diversity jurisdiction by simply naming in-state defendants. Joinder of a non-diverse defendant is fraudulent where there is no possibility that the

5

plaintiff would be able to establish a cause of action against a resident defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

The Eleventh Circuit recently cited with approval the Fifth Circuit's "reasonable basis" test to determine fraudulent joinder. *See Legg v. Wyeth, et al.,* 2005 WL 2756717 at * 15.1  In *Legg,* plaintiff brought a pharmaceutical product liability action in Alabama state court against several pharmaceutical companies and three sales representatives.  The *Legg* opinion is attached hereto as Exhibit B.  Defendants removed the case to federal court contending that the plaintiffs fraudulently joined the sales representatives. On plaintiffs' motion, the District Court remanded the case and ordered defendants to pay attorney fees and costs.  On appeal, the Eleventh Circuit reversed the district court's award of attorney fees and costs based on the district court's finding that defendant's removal was improper.

In reversing the order of attorney fees and costs, the Eleventh Circuit held that although they could not review the remand decision itself, as part of the examination of the award, the Court must consider the objective validity of the removing party's efforts.  In discussing the validity of defendants' removal, the Eleventh Circuit noted the improper "common strategy employed" by plaintiffs in similar pharmaceutical product liability cases in which plaintiffs' "name local parties, often … local sales representatives, as defendants, thus defeating [a defendant's] right to remove a case to federal court." *See Legg,* 2005 WL 2756717 at *5.  In

---

[1]    In their Brief, Plaintiff cites to over 26 cases wherein Alabama courts have remanded cases asserting claims against sales representatives, including *Carl Legg and Dorothy Legg v. Wyeth, et al.*, U.S.D.C. Northern District of Alabama, Civil Action No. 04-S-0435-NE (Pl. Brief Ex. R), in which the Eleventh Circuit recently found the District Court's remand order to be erroneous.  The cases plaintiff cites to relate to one mass tort litigation (the Diet Drug litigation).  In *Legg,* the Eleventh Circuit stated that the MDL court overseeing the Diet Drug litigation aptly noted that fraudulent joinder can "only be characterized as a sham, at the unfair expense not only of [defendants] but of many individuals and small enterprises that are being unfairly dragged into court simply to prevent the adjudication of lawsuits against [a corporate defendant], the real target, in a federal forum." *Legg,* 2005 WL 2756717 at *5-6.; *Anderson v. Am. Home Prods. Corp.,* 220 F.Supp.2d 414, 425 (E.D. Pa. 2002).

*Legg*, Defendants submitted a sworn affidavit from one of the defendant sales representatives that they never detailed or marketed the drug to anyone. Additionally, another representative submitted a sworn affidavit that she promoted the drug but had no knowledge of its alleged association with the side effects asserted by plaintiffs. Plaintiffs offered no evidence to dispute these affidavits. The Eleventh Circuit found that a court cannot resolve the question of fraudulent joinder by refusing to consider the defendants' submissions. Further, the potential for legal liability "must be reasonable, not merely theoretical." *Id.* at *15 fn. 5 *citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 1992). The Eleventh Circuit found that, without a response from plaintiff, there no question of fact for the court to resolve regarding the sales representative who never detailed or marketed the drug. Further, based on the record, there was "no reasonable possibility" that plaintiff could "establish a cause of action against [the sales representatives] for negligent misrepresentation under Alabama law. *See Legg,* 2005 WL 2756717 at *13. The Eleventh Circuit found that the district court abused its discretion in awarding fees and costs as there was nothing "improvident" or unreasonable in defendants' effort to remove the case to federal court.

In the present matter, while Plaintiff argues in his Brief that the mere possibility of colorable claims supports remand, *possible* state law claims must mean "more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role." *Braden v. Wyeth,* CV-04-PT-235-E (N.D. Ala. June 30, 2004), cited favorably by *Legg v. Wyeth, et al.,* (11th Cir. 2005). Fraudulent joinder may be shown by a lack of a factual or legal basis for plaintiff's claims. *See Owens v. Life Ins. Co. of Georgia,* 289 F.Supp.2d 1319, *1323-24 (M.D.Ala. 2003) (Fullerm, J.) (denying remand and finding no possibility that plaintiff could establish a cause of action against

the resident defendant and thus resident was fraudulently joined). Here, Plaintiff's claims lack both a factual and a legal basis.

### 1.    **Plaintiff's Claims Against the Resident Defendants Are Factually Improper.**

#### a.    **Resident Defendants McLurkin and McWhorter Have Never Detailed Celebrex® to Any Physician in Any City at Any Time.**

Plaintiff's Complaint not only lacks sufficient factual and legal allegations against all of the Resident Defendants, as the Corporate Defendants set out below, Plaintiff's Complaint also wholly lacks any factual basis whatsoever as to Resident Defendants Samuel McClurkin and Rod McWhorter. Neither Mr. McClurkin or Mr. McWhorter ever detailed Celebrex® to any physician, at any time, in any place. *See* Affidavits of Mr. McClurkin and Mr. McWhorter, attached here as Exhibit B. These attached Affidavits from representatives McClurkin and McWhorter, also fraudulently joined in the *Jackson* case, establish that these Resident Defendants did not call on, or communicate information about Celebrex® to, anyone, much less to Plaintiff or to his unnamed prescribing physician. Like in the *Legg* opinion, these Resident Defendants had nothing to do with the drug at issue and were fraudulently joined to defeat diversity jurisdiction and preclude defendants' removal of the action. With no evidence that Defendants McClurkin and McWhorter had anything to do with Celebrex®, there is no reasonable possibility that Plaintiff can establish a cause of action against them. *See Legg,* 2005 WL 2756717 at *13. The Corporate Defendants' removal is proper and Plaintiff's Motion to Remand should be denied.

**b.    Plaintiff Fails to Allege Sufficient Factual Claims Against the Resident Defendants.**

Plaintiff's claims against all of the Resident Defendants generally lack the requisite factual sufficiency and thus, the Resident Defendants were fraudulently joined.  To determine fraudulent joinder, a court must evaluate a plaintiff's factual allegations based on the Complaint at the time of removal.  *Cabalceta v. Standard Fruit Co*., 883 F.2d 1553, 1561 (11th Cir. 1997) (emphasis added).   A court cannot resolve the facts in plaintiff's favor solely on the unsupported allegations in the plaintiff's complaint. *Legg,* 2005 WL 2756717 at *11.

In *Sellers v. Foremost Ins. Co*., cited above, the Court determined fraudulent joinder by establishing a standard equivalent to that in Rule 11:  defendants are improperly joined unless a plaintiff can make some showing that the allegations and factual contentions have evidentiary support or are likely to have evidentiary support.  *Sellers,* 949 F.Supp at 1119; *see also Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F.Supp. 1213, 1221 (S.D. Ala. 1998) (failure to allege particular facts supporting claims against "defendants" resulted in finding fraudulent joinder); *Rezulin,* 168 F.Supp.2d at 140 (pharmaceutical representatives were fraudulently joined where plaintiffs made "no specific allegations" against them).  There is "no better admission of fraudulent joinder of [non-diverse defendant]" than a plaintiff's failure "to set forth any specific factual allegations" against those defendants. *Lyons v. American Tobacco Co.*, 1997 WL 809677, *5 (S.D. Ala. 1997).

Here, Plaintiff makes generalized factual allegations against the Resident Defendants including that they "advertised, marketed, and/or promoted Celebrex to Plaintiff's Decedent's prescribing physician." (Complaint at ¶18).  Plaintiff's Complaint fails to state any case specific facts, upon which a viable claim can be based, against the Resident Defendants.  For example,

9

Plaintiff's Complaint fails to identify Plaintiff's alleged prescribing physician, fails to allege how the Resident Defendants called on or communicated with Plaintiff or with his alleged prescribing physician, fails to allege exactly what information the Resident Defendants allegedly misrepresented or concealed to Plaintiff or to Plaintiff's prescribing physician, and fails to allege that Plaintiff or his alleged prescribing physician relied on such information. Although Plaintiff could have identified his prescribing physician, information completely in his hands, he did not. Further, the identity of sales representatives and their involvement in a case does not lie completely within the hands of the Corporate Defendants.  To the contrary, Plaintiff's prescribing physicians can provide him with the names and information about the sales representatives with which he or she communicated as well as information about their involvement with respect to the drug allegedly used in this case-Celebrex®. *See, e.g., In re Rezulin Products Liability Litigation,* 2002 WL 31548715, at *1 (S.D.N.Y. 2002) (the time, place and substance of sales calls is not information solely within the defendant's control because the prescribing physicians obviously knew what happened, and "their allegiance, if any they have, is to the plaintiff"). Plaintiff's Complaint is devoid of any case specific facts supporting a claim against the Resident Defendants. Therefore, they have been fraudulently joined to defeat diversity jurisdiction.

2.    **Plaintiff Fails to State Legally Cognizable Claims Against the Resident Defendants.**

While Plaintiff's Complaint expressly alleges only one count of wrongful death against all Defendants, Plaintiff asserts numerous claims throughout his Complaint for failure to warn, defective design, negligence, breach of implied and/or express warranty, and misrepresentations. *See* Complaint generally.   At the outset, to the extent Plaintiff's Complaint alleges violations of

10

the AEMLD or for breach of express or implied warranty, Plaintiff cannot maintain any colorable claims against the Resident Defendants.

**a.    Plaintiff Fails to State Legally Cognizable Claims Against the Resident Defendants for Violation of the AEMLD, Negligence or for Breach of Express or Implied Warranty.**

Plaintiff fails to state any legally sufficient claims for relief against the Resident Defendants. When challenging the legal basis for joinder of a non-diverse defendant, the inquiry is whether a plaintiff's claim "against a resident defendant is warranted by existing law or the establishment of new law." *Sellers*, 924 F.Supp at 1119. The potential for legal liability "must be reasonable, not merely theoretical." *Legg*, 2005 WL 2756717 at \*15 fn. 5 *citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 1992). A reasonable basis must exist for predicting that state law might impose liability on the facts involved. *Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997). Here, Plaintiff cannot establish viable claims against the Resident Defendants for violation of the AEMLD, negligence or for breach of express or implied warranty.

To establish liability under the AEMLD, a plaintiff must prove defendants manufactured or sold the allegedly defective product. *Turner v. Azalea Boc Co.,* 508 So.2d 253, 254 (Ala. 1987). But pharmaceutical sales representatives under Alabama law are not considered to be sellers or suppliers of the prescription drugs they represent. *See in re Rezulin Prods. Liab. Litig.,* 133 F. Supp. 2d 272, 287 (S.D.N.Y. 2001) [hereafter *Rezulin I*] (applying Alabama law) (finding resident pharmaceutical representatives fraudulently joined in claims for product liability under AEMLD, negligence, wantonness, fraudulent misrepresentation, and fraudulent suppression). The AEMLD is "founded on broader moral notions of consumer protection and on economic and social grounds, placing the burden to compensate for loss incurred by defective products on the

one best able to prevent the distribution of those products." *Atkins v. American Motors Corp.,* 335 So.2d 134, 139 (Ala. 1976); *see also Bowman v. Coleman Co.*, Civil Action No. 96-0448-P-C, Slip Op. at 8-11 (S.D. Ala. Sept. 3, 1996) (Magistrate Report and Recommendation) (Appendix D) (declaring salesman fraudulently joined finding salesman could have no personal liability on a negligence because the salesman owed no duty to the plaintiff to prevent the heater from entering the stream of commerce and because the salesman lacked the training and expertise to perform an inspection as to the safety of the heater). Accordingly, the AEMLD does not impose liability on lower level employees of a seller or supplier because "neither the applicable case law nor the policy objectives articulated by the Alabama and other state courts support the extension of the AEMLD to encompass [employees of the seller or supplier]." *Bowman v. Coleman Co., Inc.,* No. 96-0448-P.-C, Slip Op. at 8 (S.D. Ala. Sept. 3, 1996) (retail store manager is not a "seller"); *see also Devise v. Kenmore,* CV 03-J-943-S at 6 (N.D. Ala. May 12, 2003) (Sears sales representatives not "sellers" under AEMLD).

Further, Plaintiff fails to allege any underlying facts establishing that the Resident Defendants acted outside the scope of their employment such that they could be held personally liable under the AEMLD. Alabama law requires that a corporate employee personally participate in the alleged corporate wrongdoing to be liable under the AEMLD. *See, e.g., Turner v. Hayes,* 719 So.2d 1184, 1188 (Ala. Civ. App. 1997) ("corporate employees are liable personally from the wrongdoing of the company or its other employees only if they personally participate in the tort.") *rev'd in part on other grounds sub nom. Ex parte Atmore Community Hosp.,* 719 So. 2d 1190 (Ala. 1998); *Devise v. Kenmore, Inc.*, Civil Action No. 03-J-943-S, Slip Op. at 7-8 (N.D. Ala. May 12, 2003) (applying Alabama law and finding that an appliance salesman had no duty of disclosure to the plaintiff for an alleged defect in the product)(Appendix

12

thereto); *Mills v. Wex-Tex Industries*, 991 F. Supp. 1370, 1381-82 (M.D. Ala.1997) (employee not individually liable absent allegation of personal participation in alleged tortious conduct). Because the Resident Defendants neither manufactured nor sold Celebrex®, there is no possibility that Plaintiff can state a viable negligence and/or AEMLD claim against them.

As to Plaintiff's breach of warranty claims, Alabama law further provides no possibility that Plaintiff can prove that the Resident Defendants are liable for breach of warranty claims. *See* Ala. Code §§ 7-2-313(1) & 7-2-314(1) (2002) (both express and implied warranty claims refer to the creation of warranties by the "seller"); *Rezulin I,* 133 F. Supp. 2d at 286 ("seller" who makes warranties about a prescription medicine is the "pharmaceutical manufacturer," and not the professional representative). Plaintiff alleges:

> In breach of the implied warranty given by Defendants, Celebrex (Celecoxib) was not of merchantable quality or sale or fit for its intended, reasonably foreseeable and/or ordinary use....

(Complaint at ¶ 55).

Plaintiff does not attempt to offer a factual basis for his warranty claims. Yet even if he had, he cannot maintain an action for breach of warranty against the Resident Defendants who are not sellers and thus, are not liable as warrantors of a product. Under breach of express warranty, plaintiff must prove that a manufacturer or seller of a product made "[a]ny affirmation of fact or promise . . . which relates to the goods and becomes part of the basis of the bargain . . " Al. Code §7-2-213(1)(a) (2002). An implied warranty arises when the "seller is a merchant with respect to good of that kind." Al. Code §7-2-314(1) (2002). Both breach of express and implied warranty claims require a finding that a seller or manufacturer breached a warranty. Here, the

Resident Defendants are not considered "sellers" under Alabama law. [2] *Bowman v. Coleman Co., Inc.*, No. 96-0448-P.-C, Slip Op. at 8 (S.D. Ala. Sept 3, 1996) (retail store manager is not a "seller"); *Devise v. Kenmore*, CV 03-J-943-S at 2 (N.D. Ala. May 12, 2003) (sales representative at Sears is not a seller under AEMLD); *Johnson v. Parke-Davis,* 114 F. Supp.2d 522, 525 ("Plaintiffs have not cited any authority for the proposition that a sales representative, as opposed to the manufacturer of the product he or she was selling, would ever be liable as a warrantor of the product."); *see also* Section 20, comment g, Restatement (Third) of Torts: Product Liability (1998) (in defining one who sells or otherwise distributes states that "[p]ersons assisting or providing services to product distributors . . . are not subject to liability under the rules of this Restatement. . . . Sales personnel and commercial auctioneers are also outside the rules of this Restatement."). Accordingly, as with Plaintiff's AEMLD and negligence claims, because sales representatives are not considered sellers, the Resident Defendants cannot be liable as warrantors of Celebrex® under claims for breach of warranty.

**b.     <u>Plaintiff Fails to Establish Legally Cognizable Claims for Failure to Warn</u>.**

Plaintiff's Complaint alleges generally that "Celebrex (Celecoxib) was defective and unreasonably dangerous when it left the possession of Defendants in that it contained warnings insufficient to alert the medical, pharmaceutical, and/or scientific communities and users and/or consumers of the drug, including Plaintiff's Decedent, of the dangerous risks and reactions associated with Celebrex…." (Complaint at ¶ 39).   But the Resident Defendants do not have a duty to warn Plaintiff directly.  Under Alabama law, a prescription drug manufacturer satisfies its

---

[2] Significantly, even if the Resident Defendants were considered to be "sellers," mere delivery by a seller to a buyer of the manufacturer's express warranty is not sufficient to make the manufacturer's express warranty become an express warranty by the seller. *Courtesy Ford Sales, Inc. v. Farrior*, 298 So.2d 26 (Ala. App. 1974), *superseded by statute on other grounds, Arnold v. Campbell*, 398 So.2d 301 (Ala. 1981).

duty to warn under the AELMD or negligent failure to warn claims by distributing an adequate warning to the prescribing physician. *Stone v. Smith, Kline & French Laboratories, et al.*, 447 So.2d 1301, 1305 (Ala. 1984) (holding that an adequate warning to the prescribing physician, but not to the ultimate consumer, is sufficient as a matter of law to avoid liability under the AELMD in the case of a prescription drug); *Gurley v. American Honda Motor Company*, 505 So.2d 358, 361 (Ala. 1987) (holding that a manufacturer fulfills its negligent failure to warn cause of action, as a matter of law, by distributing the product with reasonable warnings); *Purvis v. PPG Indus., Inc.*, 502 So.2d 714 (Ala. 1987).     Because Resident Defendants are employees of Corporate Defendants, any duties that they may have, fall within the umbrella of the learned intermediary doctrine. In a similar context, a Mississippi judge and the MDL Judge in the Rezulin litigation both concluded that any duties owed by a pharmaceutical corporation or its sales representatives were owed not to plaintiffs but to plaintiffs' physicians. *See e.g., Johnson v. Parke-Davis*, 114 F.Supp.2d at 524-25 *citing Wyeth Laboratories, Inc. v. Fortenberry*, 530 So.2d 688, 691 (Miss. 1988) (denying motion to remand an action naming the manufacturer and non-diverse sales representatives as defendants); *Rezulin I*, 133 F.Supp.2d at 282 (*quoting Wyeth Laboratories*, 530 So.2d at 691). Therefore, Plaintiff cannot state a legally cognizable claim against the Resident Defendants for failing to warn him directly.

Further, Plaintiff's Complaint fails to state sufficient facts to support a failure to warn claim against the Resident Defendants for failing to warn Plaintiff's prescribing physician. Plaintiff simply fails to allege any facts that the Resident Defendants had any unique or specialized knowledge or information independent of the information contained in the FDA approved physician package insert which they had an obligation to disclose to Plaintiff's prescribing physician.

15

In his Brief, Plaintiff argues that discovery will show Resident Defendants somwhow had "knowledge concerning Celebrex [that] was superior to the knowledge held by the physicians to whom they made sales calls." (Pl. Brief at p. 11). Plaintiff's argument that discovery may provide evidentiary support for his factually deficient claims against the Resident Defendants is without merit because in determining a motion to remand, a court looks to the allegations in the Complaint, rather than to a plaintiff's wishful speculation about what factual allegations could be made following discovery. As the Eleventh Circuit found in Legg, "without any evidence that [the sales representative] knew or should have know that Redux was dangerous, it is hard to conclude, applying reason and common sense, that the Plaintiffs have a viable claims against her under Alabama law." *See Legg,* 2005 WL 2756717 at *15 fn. 5. Here, Plaintiff cannot be allowed to allege sales representative involvement in his Complaint, and then seek to bolster or substantiate his claims on the basis that discovery may provide the necessary factual evidentiary support. The mere fact that a plaintiff may request discovery confirms that any allegations against a sales representative are speculative and without factual basis.

In conclusion, Plaintiff cannot state a viable cause of action against the Resident Defendants for failure to warn either Plaintiff or Plaintiff's alleged physicians.

### c.    Plaintiff Fails to State Legally Cognizable Claims Against the Resident Defendants for Design Defect.

Plaintiff can also make no viable claim against the Resident Defendants for defective design as he makes no distinction between Corporation Defendants and Resident Defendants in his Complaint. Plaintiff alleges that "Defendants actually knew of the defective nature of the product as herein set forth, yet continued to design, manufacture, market, distribute and sell their product in Bullock County, Alabama." (Complaint at ¶ 20). Plaintiff does not offer a factually

sufficient basis for his design defect claim.  Yet even if he had, he cannot maintain an action for design defect against the Resident Defendants.  In order to establish a design defect claim, Plaintiff must prove that a safer, more practical alternative design was available to the *manufacturer* at the time it manufactured the product.  *See General Motors Corp. v. Edwards*, 482 So.2d 1176 (Ala. 1985); ALJI 32.25.  The Resident Defendants are not manufacturers of Celebrex® and cannot be held liable for design defect. Moreover, Celebrex® continues to be approved by the FDA as safe and effective.  Accordingly, Plaintiff cannot prove that the Resident Defendants are liable under claims for violation of the AEMLD by design defect.

### d.    Plaintiff Cannot Prove that the Resident Defendants are Liable Under Fraud-Based Claims.

In addition to his claims discussed above, Plaintiff also cannot sustain his remaining claims against the Resident Defendants for fraud or negligent misrepresentation.  The crux of all such claims is that the Corporate Defendants and the Resident Defendants together failed to disclose to the alleged prescribing physician(s) that Celebrex® causes heart attacks, the injury of which Plaintiff complains.  These claims lack the specificity required to satisfy Rule 9(b) against the Corporate Defendants, much less the Resident Defendants.  *Compare* Fed. R. Civ. P. 9(b) (requiring that allegations of fraud be stated with particularity), *with* Ala. R. Civ. P. 9(b), Comment (stating that the Alabama Rule is identical to the federal rule).  As plead, Plaintiff cannot maintain any of these fraud-based claims against the Resident Defendants.

In order to maintain a cause of action based on fraud or negligent misrepresentation, Plaintiff must prove that: 1) the defendant made a false representation to the plaintiff; 2) the representation concerned a material fact; 3) the plaintiff relied on the representation; and 4) the plaintiff incurred damage as a proximate result of the reliance. *Reeves Cedarhurst Development*

*Corp. v. First American Federal Sav. and Loan Ass'n*, 607 So.2d 180 (Ala.1992); *see also* Ala. Code §§ 6-5-101 & 6-5-103 (2002). Averments of fraud must be stated with particularity under either federal or Alabama law. Fed. R. Civ. Pro. 9(b); Ala. R. Civ. Pro. 9(b), Comment (stating that the Alabama rule is identical to federal rule). Particularity "requires plaintiff in pleading fraud to distinguish among defendants and specify their respective role in the alleged fraud. *McAllister Towing & Transportation Co. v. Thorn's Diesel Serv. Inc.*, 131 F.Supp.2d 1296, 1302 (M.D. Ala. 2001). The pleading requirements are not satisfied if plaintiff fails to "distinguish among Defendants and specify their respective role in the alleged fraud." *Id*. Thus, a plaintiff must allege matters such as time, place, content and speaker of the allegedly fraudulent misrepresentations. *Id.*

Furthermore, "those who are only conduits through which faulty information is supplied by one person to a third person cannot be held liable for fraud unless they acted in bad faith." *See Legg,* 2005 WL 2756717 at *12 *citing Fisher v. Comer Plantation, Inc.,* 772 So.2d 455, 463 (Ala. 2000). Thus, even if Plaintiff purports to allege that the Resident Defendants were innocent conduits through which the Corporate Defendants defrauded Plaintiff's decedent, such an argument cannot form the basis for liability under Alabama law unless the information was relayed in bad faith. *Montgomery Rubber & Gasket Co. v. Belmont Mach. Co.,* 308 F.Supp. 2d 1293, 1298 (M.D. Ala. 2004), citing *Fischer,* 772 So. 2d at 463. Ultimately, there is no reasonable possibility that Plaintiff can establish a cause of action against the Resident Defendants because the Alabama Supreme Court has adopted the Restatement (Second) of Tort) s 552 (1997) as the law of Alabama in cases involving negligent misrepresentation. *Fischer,* 772 So. 2d at 461. Liability for negligent misrepresentation in Alabama is "predicated upon the existence of a duty." *Id.,* at 463, (citing *Colonial Bank of Alabama v. Ridley & Schweigert,* 551

So.2d 390, 395 (Ala. 1989). Employees of a corporation can be liable for negligent acts of the corporation *only* where the employee was a participant in the wrongful act. *Crigler v. Salac*, 438 So.2d 1375, 1380 (Ala. 1983) (quoting *Fletcher's Cyclopedia of Corporations* s 1137 at 208 (1975)); *see also Turner v. Hayes*, 719 So.2d 1184, 1188 (Ala. Civ. App. 1997) ("[C]orporate employees are liable personally for the wrongful act of the company or its other employees only if they personally participate in the tort.").

Here, Plaintiff's allegations fail to allege the essential elements of fraud and misrepresentation. Plaintiff alleges in his Complaint that "the Sales Representatives … presented fraudulent information regarding the safety and efficacy of Celebrex and its harmful side effects and/or fraudulently suppressed material information regarding the safety and efficacy of Celebrex…." (Complaint at ¶ 17). The Complaint fails to specify time, place, content or speaker of <u>any</u> particular representations by <u>any</u> of the Resident Defendants. Moreover, Plaintiff's fraud-based claims also necessarily involve an allegation that the sales representatives had specialized knowledge of the dangerous side effects of Celebrex®, but withheld the truth to mislead Plaintiff. Here too, Plaintiff fails to allege a factual basis for this assertion. Rather, Plaintiff alleges throughout his Complaint that Corporate Defendants concealed and misrepresented information about the alleged dangerous side effects of Celebrex®, including, presumably, the sales representatives. Such general allegations fail to meet the requirements of Rule 9(b).

## IV. CONCLUSION

Plaintiff has fraudulently joined the Resident Defendants in an attempt to preclude the Corporate Defendants from exercising their right of removal. The fraudulent joinder standards are not disputed by either side and support Defendants' removal. Therefore, the Corporate

19

Defendants assert that Plaintiff's Motion to Remand should be denied and accordingly, for the

same reasons, Plaintiff's Motion for Sanctions should also be denied.

Respectfully submitted,

Lawrence B. Clark    (CLA-012)
Gilbert C. Steindorff, IV (STE-173)
Michael L. Wade, Jr.  (WAD-020)
*Counsel for the Corporate Defendants*

OF COUNSEL:
ADAMS & REESE LLP
2100 3rd Avenue North, Suite 1100
Birmingham, AL 35203
205.250.5000
205.250.5034 (fax)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 14th day of November, 2005, I caused the foregoing to be filed via the CM/ECF system, which will automatically provide electronic notice to the following counsel of record:

Navan Ward, Jr.
Andy D. Birchfield, Jr.
Paul Sizemore
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103

Grady A. Reeves
Cervera, Ralph & Butts
P.O. Box 325
Troy, Alabama 36081-0325

Larry Shane Seaborn
Penn & Seaborn, LLC
P.O. Box 688
Clayton, Alabama 36016

Lynn W. Jinks, III
Jinks Daniel & Crow LLC
P.O. Box 350
Union Springs, Alabama 36089-0350

OF COUNSEL