IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **WILLIAM RANDOLPH HALL, SR.,** | * | |
| **individually, and as Administrator of the** | * | |
| **Estate of WILLIAM RANDOLPH** | * | |
| **HALL, JR.** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **Civil Action No.: 2:05 cv 0941 F** |
| | * | |
| | * | |
| **PFIZER INC., et al.,** | * | |
| | * | |
| | * | |
| | * | |
| **Defendants.** | * | |

## PLAINTIFF'S REPLY BRIEF
## IN SUPPORT OF MOTION TO REMAND

Because the Court does not have subject matter jurisdiction, Plaintiff respectfully

urges the Court to grant the Motion to Remand this action to the Circuit Court of Bullock

County, Alabama. 28 U.S.C. § 1447(c).

Plaintiff asserts valid claims under Alabama's Extended Manufacturer's Liability

Doctrine (AEMLD), negligence, strict products liability, defect design and failure to

warn, breach of express warranty, breach of implied warranty, fraud and negligent

misrepresentation against each defendant – resident and non-resident alike. Each party to

this action is properly joined. The citizenship of the parties is not diverse as required by

28 U.S.C. § 1332. Plaintiff is a resident of Alabama. (Compl. ¶ 2.) Defendant G.D.

Searle, LLC is an Illinois corporation with its principal place of business in Illinois.

(Compl. ¶ 3.) Defendant Pharmacia Corporation is a Delaware corporation with its

1

principle places of business in New Jersey. (Compl. ¶ 4.) Monsanto Company is a Delaware Corporation with its principle place of business in Missouri. (Compl. ¶ 5.) Defendant Pfizer, Inc. is a Delaware corporation with its principle place of business in New York. (Compl. ¶ 6.) Defendants Robert Vandelune, Samuel Klement, Jamie Peacock, Ben McClurkin, Rod McWhorter, and Tiffany Guckenbery (hereinafter "Alabama Sales Representative Defendants") the sales representatvies for G.D. Searle, LLC, Pharmacia Corporation, Monsanto Company, and Pfizer Inc., are residents of Alabama. (Compl. ¶¶ 7-12.)

## ARGUMENT

### I.  Defendants Have Failed To Meet the Heavy Burden of Proving Fraudulent Joinder

Defendants contend that Plaintiff has fraudulently joined the Alabama Sales Representative Defendants. However, Plaintiff stands on his recitation that Defendants failed to meet their heavy burden of proving fraudulent joinder according to Eleventh Circuit law.

The Court's recitation of the law in *Faulk v. SmithKline Beecham Corp., et al* supports Plaintiff's conclusion:

> A removing defendant bears the burden of proving fraudulent joinder. *See Crowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997) (citation omitted). This burden on the defendants is a heavy one. It requires the court to evaluate the parties' factual allegations in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff. *See id.* If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to state court. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).[1] **In other words, a motion to remand**

---

[1] It is important to note that the Court should determine its jurisdiction over the case "based upon the plaintiff's pleadings at the time of removal," *Coker*, 709 F.2d 1433, 1440 (11th Cir. 1983), supplemented by any affidavits or deposition transcripts filed by the parties. "While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment

**should be denied only if the court is convinced that there is "no possibility that the plaintiff can establish any cause of action against the resident defendant."** *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

*Faulk v. Smith Kline Beecham Corp., et al.*, no. 2:05-cv-85-F (M.D. Ala. Sept. 7, 2005)(Fuller, J.). (*See* Exhibit "A"). Similarly, the Court's recitation of the law in

*Thomas v. Jim Walter Homes, Inc.* also supports Plaintiff's conclusion:

> The burden of proving fraudulent joinder rests with the removing party. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). The Eleventh Circuit prescribes a two-fold test for determining whether a defendant has been fraudulently joined: the removing party must show either (1) **that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court** or 2) that the plaintiff fraudulently pleaded jurisdictional fact. *Id.* at 1440. These determinations should be made based upon the plaintiff's pleadings at the time of removal. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). When considering the issue of fraudulent joinder, "the district court should resolve all questions of fact and controlling law in favor of the plaintiff and can consider any submitted affidavits and/or deposition transcripts."

*Thomas v. Jim Walter Homes, Inc.*, 918 F. Supp. 1498, 1501 (M.D. Ala. 1996) (Albritton, J) (emphasis added). The Court very recently affirmed the correctness of this standard in

*Shields v. Washington National Ins. Co.*, 2005 WL 1523556 (M.D. Ala. June 28, 2005) (Albritton, J.):

> In *Parks v. New York Times* 308 F.2d 474, 478 (5th Cir. 1962), the court explained that **there can be no fraudulent joinder unless it [is] clear that there can be no recovery under the law of the state on the cause alleged,** or on the facts in view of the law as they exist when the petition to remand is heard. One or the other at least would be required before it could be said that there was no intention to get a joint judgment, and that there was no colorable ground for so claiming.

---

under Fed. R. Civ. P. 56(b),' the jurisdictional inquiry 'must not subsume substantive determination'... When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted).

*Shields,* 2005 WL 1523556, at 3 (citing *Parks v. New York Times,* 308 F.2d 474, 478 (5th

Cir. 1962) (emphasis added).

The law in the Eleventh Circuit is not whether there is a reasonable basis for

Plaintiff's claims (though Plaintiff believes he meets this standard as well), but whether

there is a possibility that Plaintiff can establish a cause of action against the resident

defendants in state court. To prevail, Defendant must show that there is no possibility

that Plaintiff can recover under any claim contained in the complaint:

> If there is even a possibility that a state court would find that the
> Complaint states a cause of action against any one of the resident
> defendants, the federal court must find that the joinder was proper and
> remand the case to state court. The plaintiff need not have a winning case
> against the allegedly fraudulent defendant; **he need only have a
> possibility of stating a valid cause of action in order for the joinder to
> be legitimate.**

*Triggs,* 154 F.3d at 1287 (citations omitted); *see Bobby Jones Garden Apts. v. Suleski,*

391 F.2d 172, 177 (5th Cir. 1968) (emphasis added).

Defendants contend that Plaintiff joined the Alabama Sales Representative

Defendants solely for the purpose of defeating diversity jurisdiction and that Plaintiff

does not make specific factual allegations against the Alabama Sales Representative

Defendants. The Defendants contentions are extremely misguided. Plaintiff's complaint

is replete with specific factual allegations against all defendants, which include the

Alabama Sales Representative Defendants. As Plaintiff stated in Paragraph 16 of his

complaint, Defendants were specifically alleged to have: (1) marketed and distributed

Celebrex directly to the consuming public; (2) encouraged the use of Celebrex in

improper customers; (3) misrepresented the safety and effectiveness of Celebrex; (4)

concealed and/or understated Celebrex's dangerous side effects. All Defendants,

including the Alabama Sales Representative Defendants, breached their duty of care and were negligent in the marketing, promotion, sale, supply, and/or distribution among other actions, concerning Celebrex. (Compl. ¶ 30.) All Defendants, including the Alabama Sales Representative Defendants, were engaged in the business of marketing, promoting, selling, supplying, and/or distributing, among other actions, the drug Celebrex, which is defective and unreasonable dangerous to user and/or consumers of Celebrex, including Plaintiff's Decedent. (Compl. ¶ 32.) Additionally, Plaintiff has stated several other instances of specific factual allegations against the Alabama Sales Representative Defendants, including but not limited to, failure to warn allegations (Compl. ¶ 45.), breach of warranty allegations (Compl. ¶ 57), fraud claims (Compl. ¶ 58), and negligent misrepresentation claims (Compl. ¶ 68.)

Plaintiff's complaint clearly states case specific facts supporting a claim against the Alabama Sales Representative Defendants. Consequently, complete diversity of citizenship is lacking in this case. (*See e.g. Faulk,* no. 2:05-cv-85-F (Fuller, J.)(Concluding from the complaint that it appears that there is not complete diversity of citizenship in this case because Defendants Letner and Robinson [Alabama Sales Representatives] and Plaintiff are all residents of Alabama.)

The removing party bears the heavy burden of proving that the joinder of the resident defendant was fraudulent. *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir. 1983); *see Frontier Air Lines, Inc. v. United Air Lines, Inc.,* 758 F. Supp. 1399, 1404 (D. Colo. 1989) (quoting *Chesapeake & Ohio Railway Co. v. Cockrell,* 232 U.S. 146, 152 (1914)). Moreover, as the Court noted in *Thomas* and *Faulk,* in the Eleventh Circuit

there is a "strong policy . . . resolving any doubts in favor of deference to the state court."

*Thomas,* 918 F. Supp. at 1504 (Albritton, J.); *Faulk,* no. 2:05-cv-85-F, (Fuller, J.)

Defendants have failed to meet their heavy burden of proving fraudulent joinder

of the Defendants. Viewing the Complaint's allegations in a light most favorable to

Plaintiff, Plaintiff has stated valid claims against the Alabama Sales Representative

Defendants. Federal diversity jurisdiction is not present.

## II.    Plaintiff Has Stated Valid Product Liability (AEMLD) Claims Against The Alabama Sales Representative Defendants

Under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), one

who sells a product in a defective, unreasonably dangerous condition may be held liable

by a plaintiff even though the seller exercised all possible care. *Casrell v. Altec Indus.,*

*Inc.,* 335 So. 2d 128, 132-33 (Ala. 1976); *Atkins v. American Motors Corp.,* 335 So. 2d

134, 141 (Ala. 1976); *see also Judson v. Nissan Motor Co.,* 52 F.Supp.2d 1352, 1360

(M.D.Ala. 1999) (De Ment, J.). The Supreme Court of Alabama in *First National Bank*

*of Mobile v. Cessna Aircraft Co.,* 365 So. 2d 966 (Ala. 1978), illuminated a principle

underlying AEMLD – that liability attaches to sellers solely because they have exposed

an expected user of a product not reasonably safe to unreasonable risks:

> On whatever theory, the justification for the strict liability has been said to
> be that the seller, [b]y marketing his product for use and consumption, **has**
> **undertaken and assumed a special responsibility toward any member**
> **of the consuming public who may be injured by it; that the public has**
> **the right to and does expect, in the case of products which it needs and**
> **for which it is forced to rely upon the seller, that reputable sellers will**
> **stand behind their goods . . . The burden of accidental injuries caused**
> **by products intended for consumption [sic] be placed upon those who**
> **market them,** . . . and that the consumer of such products is entitled to the
> maximum of protection at the hands of someone, and the proper persons to
> afford it are those who market the products.

*First Bank of Mobile,* 365 So. 2d at 967 (quoting Restatment (Second) of Torts § 402A, Comment C) (emphasis added).

Defendants argue that the Alabama Sales Representative Defendants cannot be held liable under AEMLD for the product liability claims because they are not "sellers." Alabama Sales Representative Defendants, as sales representatives, may properly be held liable for their participation in the marketing of Celebrex. *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.,* 496 So. 2d 774, 775 (Ala. 1986). As Plaintiff stated in his Motion to Remand, the Alabama Sales Representative Defendants, as sales representatives, presented Celebrex to the medical, pharmaceutical, and/or scientific communities with false and misleading information regarding the safety and efficacy of Celebrex and suppressed material information regarding the safety and efficacy of Celebrex and its harmful side effects, and placed Celebrex in the stream of commerce. (Compl. ¶ 75.)

Defendants, in communications to physicians, compared the efficacy of Celebrex to other existing pain relievers, including other COX-2 inhibitors, sought to distinguish Celebrex from other pain relievers already on the market, and worked to persuade physicians to prescribe Celebrex to their patients. The Alabama Sales Representative Defendants provided physicians with Celebrex product information and samples. Throughout these activities, the Alabama Sales Representative Defendants worked to increase sales of Celebrex.

Plaintiff has alleged claims against the Alabama Sales Representative Defendants in that they marketed, advertised, sold, and/or otherwise distributed Celebrex. Celebrex

is defective and unreasonably dangerous as designed, is unreasonably dangerous due to inadequate testing, and is defective in marketing due to inadequate warnings or instructions. The Alabama Sales Representative Defendants inadequately warned or instructed physicians of the dangers of Celebrex, or, alternatively, failed to provide timely and adequate post-marketing warnings or instructions after becoming aware of the risk of injury from taking Celebrex. As a direct and proximate consequence, Plaintiff's Decedent was prescribed Celebrex and suffered physical injuries as a result of its use. These allegations suffice to state a cause of action against the Alabama Sales Representative Defendants.

In working to increase sales, the Alabama Sales Representative Defendants acted as "sellers" under AEMLD. A finding of individual liability under AEMLD against an Alabama Sales Representative would be consistent with the rule under Alabama law that "officers and **employees** of a corporation are liable for torts in which they have personally participated, irrespective of whether they were acting in a corporate capacity." *Ex parte Charles Bell Pontiac*, 496 So. 2d at 775 (citing *Candy H. v. Redemption Ranch, Inc.*, 563 F. Supp. 505, 513 (M.D. Ala. 1983)) (emphasis added); *see Chandler v. Hunter*, 340 So. 2d 818, 822 (Ala. Civ. App. 1976).

Defendants cite *In re Rezulin Prod. Liab. Litig.*, 133 F. Supp.2d 272, 287 (S.D.N.Y. 2001), in support of their argument. With all due respect to the United States District Court for the Southern District of New York, Plaintiff asserts that Judge Kaplan's decision is contrary to the settled law of Alabama. Plaintiff once again turns the Court's attention to previous decisions made by this Court, along with various federal courts, which have rejected the argument that employees of manufacturers who distribute

8

unreasonably dangerous products cannot be held liable under the AEMLD for design defects, failure to warn and/or similar product liability doctrines. *E.g., Seaborn v. R.J. Reynolds Tobacco Co.*, 1996 WL 943621 (M.D.Ala. Dec. 30, 1996) (Thompson, J.); *Jenkins v. R.J. Reynolds Tobacco Co.*, no. 96-T-1489-N (M.D.Ala. Dec. 30, 1996) (Thompson, J.); *Acton v. R.J. Reynolds Tobacco Co.*, no. 96-C-2737-W (N.D.Ala. Oct. 23, 1996) (Clemon, J.); *Clay*, 77 F.Supp.2d at 1224 (De Ment, J.).

In each of these cases, the defendant tobacco companies claimed the plaintiff's joinder of the manufacturer's sales representative was fraudulent. Relying on the general principle noted above that officers or employees of a corporation are liable for torts in which they have personally participated, *e.g., Ex parte Charles Bell Pontiac*, 496 So.2d at 775, each court noted that, to the extent the manufacturer defendant allegedly violated the AEMLD, "it acted through its employees; the company does not employ ghosts." *E.g., Clay*, 77 F.Supp.2d at 1224; *Seaborn*, 1996 WL 943621, *3. Accordingly, each court allowed plaintiffs to pursue the employee sales representatives individually -- even in the absence of any personal contact with the plaintiffs -- and to substitute new individual defendants in the event the plaintiffs had named the wrong individuals at the outset. *Id.*

Similarly, in *Acton*, Judge Clemon entered an order of remand under circumstances nearly identical to those in *Seaborn*, finding the plaintiff's complaint against non-resident cigarette manufacturers and resident retailers of the manufacturers' cigarettes improvidently removed. *Action,* no. 96-T-1489-N(Clemon, J.)

Recently, this and various other courts in the Middle District of Alabama have ruled that resident sales representative defendants were proper instate defendants and have granted the plaintiff's motions to remand. *See Ware v. Pfizer, Inc.*, no. 2:05-cv-659-

T (M.D. Ala. August 26, 2005)(Thompson, J.); *Faulk*, no. 2:05-cv-85-F (Fuller, J.). Both

of these pharmaceutical drug cases are identical to the present case, where Alabama Sales

Representative Defendants were named in the complaints where identical causes of

action were plead. In fact, the *Ware* case involved a Plaintiff's action against the same

foreign Defendants and one of the current Alabama Sales Representative Defendants.

The Court ruled that there is a possibility that the Plaintiff could establish at least one of

her causes of action against at least one of the resident defendants. *Id*. Likewise, there is

clearly a possibility for Plaintiff Hall to prove that one of the multiple causes of action

exists against at least one of the multiple Alabama Sales Representative Defendants

named in his complaint.

Moreover, Pfizer's own website displaces any contention by Defendants that the

Alabama Sales Representatives are not "sellers" of Celebrex and other products. For

example, under the "Careers with Pfizer Pharmaceutical Sales" section of the website,

employees will work "to develop strategies to *increase sales* and better serve [Pfizer's]

customers[2]. Also, Pfizer's applicants are told they "[will] be *selling* to one of the highest

paid, best educated groups of professionals in all of the United States[3]." Finally, during

training to become a sales representative for Pfizer, trainees learn how to "refine [their]

*selling* skills" and will be required to "demonstrate some of [their] newly-acquired *selling*

skills in front of a group[4]."

Despite their apparent ability to engage in games of semantics, Defendants have

failed to demonstrate to this court that they are not "sellers" of Celebrex under Alabama

Law. Moreover, the Defendants cannot show the impossibility of Plaintiff stating one of

---

[2] See http://www.pfizer.com/pfizer/subsites/pharmsales/working/index.jsp (attached as Exhibit "B").
[3] See http://www.pfizer.com/pfizer/subsites/pharmsales/working/mn_average.jsp (attached as Exhibit "C")
[4] See http://www.pfizer.com/pfizer/subsites/pharmsales/working/mn_training.jsp (attached as Exhibit "D")

his claims against the Alabama Sales Representative Defendants.  The Alabama Sales Representative Defendants are properly joined party to this action.   Therefore, federal diversity jurisdiction is not present and the case should be remanded back to state court.

### III.    Plaintiff Has Alleged Valid Claims of Express and Implied Breach of Warranty Claims Against The Alabama Sales Representative Defendants

Defendants further contend that Plaintiff cannot proceed in prosecuting his claims for breach of warranty against the Alabama Sales Representative Defendants because they are not "sellers" of Celebrex.  As established in the discussion regarding Plaintiff's claims for product liability, the Alabama Sales Representatives were indeed acting as "sellers" under Alabama law.  *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.*, 496 So. 2d 774, 775 (Ala. 1986).

The absence of a direct or contractual relationship between the Alabama Sales Representative Defendants and Plaintiff does not bar a breach of warranty claim. *See e.g.,* *Bishop v. Faroy Sales*, 336 So. 2d 1340, 1345 (Ala. 1976) (involving breach of warranty where the Court noted that a "seller" under the Uniform Commercial Code is "a person who sells or contracts to sell goods").  Under Alabama law, claims are available against agents of corporations for breach of warranty.

Plaintiff has stated valid claims against the Alabama Sales Representative Defendants for breach of express and implied warranty. Consequently, each Defendant is properly joined to this action and this matter should be remanded back to state court.

### IV.    Plaintiff Has Stated Valid Claims of Fraud and Negligent Misrepresentation Claims Against the Alabama Sales Representative Defendants

11

Plaintiff has asserted viable fraud, and negligent misrepresentation claims against the Alabama Sales Representative Defendants. Defendants argue that Plaintiff failed to plead allegations of fraud and negligent misrepresentation with the specificity required by Rule 9, *Ala. R. Civ. P.* (Defendants Memorandum in Opposition to Remand, pg. 17.) Plaintiff clearly alleged in the Complaint facts sufficient to satisfy the requirements of Rule 9 against all Defendants. For instance, Plaintiff alleged that all Defendants, including the Alabama Sales Representative Defendants, misrepresented to and actively concealed from the medical communities and consumers, such as Plaintiff's Decedent and his physician concerning: (1) insufficient studies regarding the safety and efficacy of Celebrex; (2) that Celebrex was fully and adequately tested despite knowledge of insufficient testing; (3) knowledge of prior studies linking Celebrex to adverse cardiovascular events; (4) knowledge of reports showing an increase of heart attacks associated with the use of Celebrex; and (5) downplaying the risk of Celebrex concerning increased heart attacks. (Compl. ¶ 63).

Additionally, Rule 9(b) only applies to fraud, mistake, and condition of mind; not negligent misrepresentation as the Defendants attempt to argue. Rule 9(b) requires that "the circumstances constituting the fraud be plead, it does not require that each element of fraud be delineated." *Spry Funeral Homes, Inc. v. Deaton,* 363 So. 2d 786 (Ala. 1978). The committee comments state, "(the) special requirement(s) as to fraud... (do) not require every element... To be stated with particularity..." (Emphasis supplied.) *Id.* When, as here, the defendant is reasonably apprised that the claim against him is one for fraud, and the claim is more than a generalized or conclusory statement of the fraud complained of, the pleading satisfies the rule's requirements.

V.    **The Learned Intermediary Doctrine Does Not Insulate the Resident Defendants From Liability For Their Fraudulent Representations.**

Under the learned intermediary doctrine, the duty of the drug manufacturer to warn of potential dangers from use of a prescription drug generally extends only to the physician; not to the lay consumer of the drug. *See Stone v. Smith, Kline & French Lab.,* 447 So.2d 1301, 1305 (Ala. 1984). Where that doctrine is applicable, the drug manufacturer escapes liability for failing to warn the patient if the manufacturer has provided *adequate* and *reasonable* warnings to the physician. If there is no physician in the role of learned intermediary, then the drug manufacturer has a duty to adequately warn the consumer. *Wyeth Laboratories, Inc. v. Fortenberry,* 530 So.2d 688, 691 (Miss. 1988), (citing *Swayze v. McNeil Laboratories, Inc.,* 807 F.2d 464 (5th Cir. 1987)); *see also, e.g., Reyes v. Wyeth Laboratories,* 498 F.2d 1264, 1277 (5th Cir. 1974).

However, the physician can only perform the function of the "learned intermediary" between the manufacturer and the consumer where the manufacturer has provided an *adequate* warning. *Pitman v. Upjohn Company,* 890 S.W.2d 425, 429 (Tenn. 1994); *Amore v. G.D. Searle & Co.,* 748 F. Supp. 845, 850 (S.D. Fla. 1990). Furthermore, the adequacy of the warning is measured by its effect on the physician and not by its effect on the patient. *E.g., Toole v. McClintock,* 999 F.2d 1430, 1433 (11th Cir. 1993); *see Stone,* 447 So.2d at 1304-05. The adequacy of the warning is a question of fact for the jury. *E.g., Toole,* 999 F.2d at 1433; *see also, e.g., Timm v. Upjohn Co.,* 624 F.2d 536, 539 (5th Cir. 1980).

Plaintiff has alleged that the Resident Defendants advertised, promoted, sold and/or marketed Celebrex to Plaintiff's Decedent's physician utilizing known, fraudulent

13

information and by failing to disclose material information regarding the dangers of Celebrex and the adverse events associated with Celebrex. Assuming arguendo that the learned intermediary doctrine would apply to an individual defendant - which the Alabama Supreme Court has never addressed – Defendants cannot show that the learned intermediary doctrine eliminates any possibility that Plaintiff can state a claim against them. In other words, the learned intermediary doctrine cannot establish that the Resident Defendants were fraudulently joined.

## CONCLUSION

For the reasons outlined here and in the Motion to Remand, this Court lacks subject matter jurisdiction. The parties to this action are not diverse as required by 28 U.S.C. § 1332. Each party is properly joined to this action. Therefore, Plaintiff respectfully urges the Court to remand this action in its entirety to the Circuit Court of Barbour County, Alabama.

/s/ Navan Ward, Jr.
Jere L. Beasley
Andy D. Birchfield, Jr.
J. Paul Sizemore, Jr.
Gerald B. Taylor, Jr.
Navan Ward, Jr.
Attorneys for Plaintiffs

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36103-4160

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the parties as listed below by filing via the CM/ECF electronic filing system on this the 21st day of November, 2005.


Gilbert C. Steindorff, IV
Michael Wade
Lawrence B. Clark
ADAMS REESE/LANGE SIMPSON
2100 3rd Avenue North, Suite 1100
Birmingham, Alabama 35203

Charles Q. Socha
K. Michele Anderson
Su-Lyn Combs
SOCHA, PERCZACK, SETTER & ANDERSON, P.C.
1775 Sherman Street, Suite 1925
Denver, Colorado 80203
September, 2005.


/s/ Navan Ward, Jr.
Of Counsel